IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC., an Arizona corporation, d/b/a "RIPOFFREPORT.COM;" ED MAGEDSON, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>    Defendants. | No: CV07-00954 PHX NVW<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER SETTING PRELIMINARY INJUNCTION HEARING** |

Before this Court is Plaintiff Xcentric Ventures, LLC, an Arizona corporation, d/b/a ("Xcentric") and Ed Magedson's Application for Temporary Restraining Order with Notice and Application for Preliminary Injunction. The Court

having considered the Application and pleadings on file with the Court, and being otherwise advised, **FINDS** that:

(1) Defendants have engaged and are continuing to engage in harassment and threats against Plaintiffs;

(2) Defendants have engaged and are continuing to engage in harassment and threats against Plaintiffs' internet service providers and, specifically, have threatened that if these service providers continue to serve Plaintiffs, Defendants will put them and their clients out of business;

(3) Defendants have threatened and harassed businesses who advertise on Plaintiffs' website threatening them that if they continue to advertise on the website, they will be the subject of "protest" sites which would rank high on search engines;

(4) Defendants have spammed hundreds of people who work for companies who do business with Xcentric and urged them to stop doing business with Plaintiff, and called their payments for services "extortion payments;"

(5) Defendants have launched attacks on Plaintiffs' law firm, posting hate sites and stating that Plaintiffs' attorneys are unethical, extortionists, and "partners in slime" with Plaintiff Magedson and threatening that such activity will continue;

(6) Absent a court order, this conduct will continue;

(7) There is a strong likelihood of success on the merits;

(8) There is a likelihood of irreparable injury to Plaintiff if this Order is not entered;

(9) A balance of hardships strongly favors Plaintiff; and

(10) Public policy favors the injunction.

IT IS THEREFORE ORDERED that the Application for Temporary Restraining Order is **GRANTED** and Defendants and their officers, agents, employees, independent contractors, or other persons acting under their supervision and control or at their request are temporarily enjoined from:

1. Knowingly sending or causing to be sent any threatening communications (other than threats to engage in lawful activity) to any company that provides Internet or hosting services to Xcentric;

2. Knowingly sending or causing to be sent any false or misleading communications to any company that provides Internet or hosting services to Xcentric that attempts to convince that company to discontinue providing hosting or Internet services to Xcentric;

3. Knowingly sending spam emails falsely disparaging any company that Defendants know provides services to Xcentric;

4. Knowingly sending or causing to be sent any threatening communications (other than threats to engage in lawful activity) to any company that advertises or has advertised on Rip-off Report;

5. Knowingly sending or causing to be sent any threatening communications (other than threats to engage in lawful activity) to any customer of Xcentric;

IT IS FURTHER ORDERED that Defendants shall take affirmative steps to ensure that all of their officers, agents, members, employees, independent contractors, or other persons acting under their supervision and control or at their request receive a copy of this temporary restraining order and are appropriately advised as to its terms and conditions, and shall file an advice or certification of counsel or other appropriate notice with the Court confirming that this has been completed by May 16, 2007.

IT IS FURTHER ORDERED that Defendants shall not delete or destroy any evidence, including but not limited to computer reproduced or saved data or any other form of evidence pertaining to Xcentric, Magedson, or Rip-off Report.

IT IS FURTHER ORDERED that this order shall become effective upon Plaintiffs' posting of security in the amount of $5000.00 pursuant to Rule 65(c), Fed. R. Civ. P.

IT IS FURTHER ORDERED that this Order shall expire on May 17, 2007, at 5:00 p.m. unless the Order, for good cause shown, is extended, or unless the Parties consent to the Order being extended for a longer period.

IT IS FURTHER ORDERED that Defendants appear before the Court on the **17th day of May, 2007, at 1:30 p.m**. and show cause why a preliminary injunction should not issue extending during the pendency of this action the temporary orders set forth above and adding additional relief as sought in Plaintiffs' Application for Preliminary Injunction.

IT IS FURTHER ORDERED that Plaintiffs will provide a copy of this order to each Defendant as soon as possible but not later than May 14, 2007.

Dated this 11th day of May 2007.

_____
Neil V. Wake
United States District Judge