# EXHIBIT A

Dockets.Justia.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC., an Arizona corporation, d/b/a "RIPOFFREPORT.COM;" ED MAGEDSON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association; <br><br> Defendants. | Case No: <br><br> **PRELIMINARY INJUNCTION** |

1997205.1

Before this Court is the Application for a Preliminary Injunction (the "Application") filed by Plaintiff Xcentric Ventures, LLC, an Arizona corporation, d/b/a ("Xcentric") and Ed Magedson. Plaintiffs have posted a bond in the amount of $5,000. The Court conducted an evidentiary hearing on the Application on May 17, 2007. Defendants Robert Russo, QED Media Group, LLC, and Internet Defamation League appeared through counsel and opposed the entry of the Preliminary Injunction. The remaining Defendants, who were provided with and acknowledged actual notice of the hearing, did not appear.

Having considered the verified pleadings, the written Application, the exhibits received into evidence, and the testimony introduced at the hearing, the Court makes the following findings of fact, conclusions of law and rulings in this matter.

## FINDINGS OF FACT

1. Plaintiff Xcentric operates a consumer information and advocacy website at www.ripoffreport.com ("ROR"), where consumers and other visitors to the website can post complaints regarding companies.

2. On or about January 29, 2007, William Stanley emailed Prolexic, a company that was providing Plaintiff with internet services, and threatened that "our membership will be calling and writing you and your upstream on a daily basis…we are going to make it as hard for you to do business as ED has made it for us to do business on the Internet." The email was signed "William Stanley, Internet Defamation League Membership."

3. On or about January 30, 2007, Prolexic terminated its contract with Xcentric.

4. On or about February 2, 2007, Defendant Stanley wrote to UltraDNS stating that by hosting ROR it is hosting "one of the most notorious and prolific extortionists on the Internet today."

5. On or about February 3, 2007, Defendant Russo and Plaintiff Magedson had numerous telephone conversations which were tape recorded by Magedson. During one of these conversations, Russo told Magedson that

I'm saying, that when we ask you to remove a report, you remove a report.

Russo told Magedson that if he did not do so,

the membership will bring down your website. They will call your hosting company, they will call your Akamai.net, the people that provide your ads for your website, they will call every single day, they will never stop until everyone dumps you and in the end, you're gonna run out of places to go.

In a later conversation, Russo stated:

Ok, this is what we're proposing Ed. Actually, you may find this more appealing. Basically I called Bill and basically what we think that could happen here is to (sic) you not to remove any reports only to put the ones that we would suggest to you that you put into a different folder on your server... only difference they won't be displayed on the search engines.

Magedson asked if he did that "then you guys wouldn't harass my hosting companies?" and Russo answered, "Absolutely not, as a matter of fact, if you need hosting, we own a 16,000 sq ft data center with hundreds of servers, if you need hosting."

During the conversations, the following exchange occurred:

Magedson: How am I going to be guaranteed that you're not going to do this again?

Russo: Cuz you're going to privatize reports when we ask you, at anytime when we ask you.

Magedson: Otherwise, the harassment starts again?

Russo: No, otherwise we need to take efforts to put your website out of business. Is what we need to do.

6. On or about February 5, 2007, Defendant Stanley called Magedson and told him that he had one hour to comply and that if he did not comply, he would be out of business. Stanley threatened that he and 2300 other people were going to call ROR's host over and over and that the only thing Magedson understood was a "sledge hammer."

///

- 3 -

7.      On or about February 13, 2007, Magedson received two letters at his residential property that stated, in part, that his "life is in danger," that he "will soon be beaten to a pulp and pounced into the ground six feet under with a baseball bat and sleg (sic) hammer," and "we will find you kill your dog and remove parts of your body one by one until your site is completely shut down." The authors of these letters stated "[w]e are contacting your advertisers." The authors also maintained they would make good on these threats if Magedson failed to remove specific companies from ROR.

8.      In February of 2007, the Defamation Action League posted "protest" websites regarding ROR's internet service providers, including Gigenet, Bryan Vincent Associates, Internap, PMGI and Tiscali. These websites refer to Magedson as a "scumbag," and "internet extortionist" in addition to stating that he is a "wanted criminal that extorts individuals."

9.      In February of 2007, the Defamation Action League posted statements on its own website located at www.defamationaction.com: (1) announcing that Carpathia was providing services to ROR and encouraging harassment of that company; (2) referring to Akamai, which had been hosting for ROR, as a "deep pocket" and encouraging lawsuits against Akamai; (3) bragging that he had successfully interfered with ROR's relationship with Net Access Nac.net, Integra online.com, Akamai Technologies, Sterling Network, Carpathia, Prolexic, Gigenet, BVA Inc., TecServ, Omniseek and Getnet; and (4) bragging of "constant protest and complaining to ISPs and putting unrelenting pressure" on ROR's internet service providers.

10.     On or about February 20, 2007, a person using an email address matching Stanley's email address sent spam email to all of Xcentric's customers asking them to stop doing business with Xcentric.

11.     On or about February 20, 2007, a person using an email address matching Stanley's email address sent spam email to all of Xcentric's advertisers threatening that if they continue to advertise on ROR they will be harassed and negative information will be posted against them on the internet.

12. The Court finds that it is a reasonable inference to believe that those emails were sent by Defendant Stanley.

13. On or about May 3, 2007, Plaintiffs' counsel had a telephone conversation with Robert Russo wherein she asked him where he could be served with a summons and complaint.

14. On or about May 4, 2007, Defendants Stanley and Defamation Action League posted websites at www.mariaspeth.com, www.mariacrimispeth.com and www.jaburgwilksucks.com. These websites contain egregiously false and defamatory statements about Plaintiffs' counsel.

15. The name server IP address listed for these three websites on Whois records is NS1.XTRASUPPLY.COM. When ns1.xtrasupply.com is entered as an internet URL, it connects to a website with a copyright notice of Interactive Video Systems, a division of QED Media Group, LLC.

16. The websites posted by the Defamation Action League on May 4, 2007 include copyright protected photographs of the attorneys who work at the law firm of Jaburg & Wilk. Jaburg & Wilk has not given Defendants permission or authorization to copy the photographs.

17. On or about May 4, 2007, Defendants sent an email to Plaintiffs' counsel which email included over 14,000 email addresses, including clients of Jaburg & Wilk and including other lawyers. The email threatened to post on blogs, message boards and press releases concerning Jaburg & Wilk and stated that the websites would come down if Plaintiffs' counsel stopped "making threats."

18. The evidence presented at the preliminary injunction hearing is sufficient to establish that Defendant Stanley and Defendant Russo are acting in concert in furtherance of a common plan with respect to at least some of the actions alleged by Plaintiffs. This evidence includes: (1) Stanley signed the email to Prolexic as William Stanley, Internet Defamation League; (2) the day after Plaintiffs' counsel spoke with Mr. Russo, the Defamation Action league sent threatening emails to her firm and posted defamatory

statements about her and her firm; (3) the websites attributed to the Defamation Action League have IP addresses that trace to QED Media Group, LLC; (4) the website defendmyname.com, which Mr. Russo admitted to owning, is identical in content to the website complaintremover.com, which Mr. Russo states is owned by Mr. Stanley; and (5) Mr. Russo made numerous statements in his conversation with Mr. Magedson indicating that he was speaking on behalf of himself and Mr. Stanley.

19. The Defendants have jointly engaged in an ongoing pattern to call, spam and/or threaten ROR's web service providers who supply hosting and other internet related services until those service providers refuse to provide services to ROR.

20. Defendants have jointly engaged in and are continuing to engage in harassment and wrongful threats against Plaintiffs.

21. Defendants have jointly engaged and are continuing to engage in harassment and threats against Plaintiffs' internet service providers and, specifically, have threatened that if these service providers continue to serve Plaintiffs, Defendants will put them and their clients out of business.

22. Defendants have threatened and harassed businesses who advertise on Plaintiffs' website threatening them that if they continue to advertise on the website, they will be the subject of "protest" sites which would rank high on search engines.

23. Defendants have spammed hundreds if not thousands of people who work for companies who do business with Xcentric and urged them to stop doing business with Plaintiffs and called their payments for services "extortion payments."

24. Defendant Stanley has launched attacks on Plaintiffs' law firm, posting hate sites and stating that Plaintiffs' attorneys are unethical, extortionists, and "partners in slime" with Plaintiff Magedson and threatening that such activity will continue.

## CONCLUSIONS OF LAW

26. Absent a court order, this conduct will continue.

27. Plaintiffs have a strong likelihood of success on the merits as to their causes of action for defamation, wrongful interference with contract, extortion, and RICO.

1997205.1

28. There is a likelihood of irreparable injury to Plaintiffs if this Order is not entered.

29. A balance of the hardships tips strongly in favor of Plaintiffs. In fashioning this Order, the Court has carefully considered and carefully balanced: (1) the First Amendment rights of ROR and the users of ROR who are provided a forum for their grievances against companies; (2) the frustration and concerns of those who are the subject of complaints on ROR, which complaints are often posted anonymously and are sometimes false and defamatory; (3) the rights of ROR to conduct legitimate business; (4) the First Amendment rights of Defendants to legitimately and truthfully protest ROR; and (5) the rights of Defendants to conduct legitimate business. A balance of each of these factors weighs heavily in favor of the entry of this preliminary injunction.

30. Public policy also favors the entry of a preliminary injunction in the form set forth below.

## ORDER

Based on the foregoing, it is therefore **ORDERED** that the **APPLICATION** for a Preliminary Injunction is **GRANTED** and Defendants and their officers, agents, employees, independent contractors, or other persons acting under their supervision and control or at their request are preliminarily enjoined from:

1. wrongfully or tortiously interfering or attempting to interfere with Plaintiffs' business relationship with any entity that provides internet related services to Plaintiff ("Plaintiffs' ISPs"); this includes but is not limited to:
    a. threatening bodily harm, physical injury or property damage to Plaintiffs' ISPs if they continue to do business with Plaintiffs;
    b. sending communications to Plaintiffs' ISPs that contain false and defamatory statements about Plaintiffs;
    c. sending communications to Plaintiffs' ISPs that threaten to repeatedly call and write the ISP or its service providers or customers;

d. posting on internet websites encouraging others to repeatedly call and write to Plaintiffs' ISPs or its service providers or customers;

e. making false and defamatory statements about Plaintiffs' ISPs;

f. creating, posting, hosting, or transmitting over the internet any website that contains false or defamatory statements about Plaintiffs' ISPs;

g. creating, posting, hosting, or transmitting over the internet any private and/or personal information about Plaintiffs' ISPs;

h. sending spam (unsolicited e-mail) to Plaintiffs' ISPs;

i. sending any communication to Plaintiffs' ISPs purporting to be Magedson or an agent or representative of Xcentric;

j. sending any communication or broadcasting any information over the internet purporting to be Plaintiffs' ISPs;

k. coordinating, instituting or causing a distributed denial of service (DDOS) attack against Plaintiffs' ISPs;

l. utilizing an auto-dialer or any other mechanical or technical device to make multiple telephone calls or multiple contacts with Plaintiffs' ISPs for the purpose of disrupting their business;

m. hacking or accessing the computer network of Plaintiffs' ISPs without authorization;

2. wrongfully or tortiously interfering or attempting to interfere with Plaintiffs' business relationship with companies who advertise on ROR ("ROR Advertisers"); this includes but is not limited to:

a. threatening bodily harm, physical injury or property damage to an ROR Advertiser if they continue to do business with Plaintiffs;

b. sending communications to an ROR Advertiser that contain false and defamatory statements about Plaintiffs;

///

1997205.1

- 8 -

Case 2:07-cv-00954-NVW   Document 21-2   Filed 05/23/2007   Page 9 of 15

c. sending communications to an ROR Advertiser that threaten to repeatedly call and write an ROR Advertiser or its customers;

d. posting on internet websites encouraging others to repeatedly call and write to an ROR Advertiser or its customers;

e. making false and defamatory statements about an ROR Advertiser;

f. creating, posting, hosting, or transmitting over the internet any website that contains false or defamatory statements about an ROR Advertiser or Plaintiffs;

g. creating, posting, hosting, or transmitting over the internet any private and/or personal information about an ROR Advertiser;

h. sending spam (unsolicited e-mail) to an ROR Advertiser;

i. sending any communication to an ROR Advertiser purporting to be Magedson or an agent or representative of Xcentric;

j. sending any communication or broadcasting any information over the internet purporting to be an ROR Advertiser;

k. coordinating, instituting or causing a distributed denial of service (DDOS) attack against an ROR Advertiser;

l. utilizing an auto-dialer or any other mechanical or technical device to make multiple telephone calls or multiple contacts with an ROR Advertiser for the purpose of disrupting their business;

m. hacking or accessing the computer network of an ROR Advertiser without authorization;

3. [OMITTED]

4. wrongfully or tortiously interfering or attempting to interfere with Plaintiffs' business relationship with Plaintiffs' attorneys ("ROR Attorney"); this includes but is not limited to:

a. threatening bodily harm, physical injury or property damage to a ROR Attorney if they continue to do business with Plaintiffs;

b. sending communications to a ROR Attorney that contain false and defamatory statements about Plaintiffs;

c. sending communications to a ROR Attorney that threaten to repeatedly call and write the ROR Attorney or the Attorney's clients;

d. posting on internet websites encouraging others to repeatedly call and write to a ROR Attorney or the Attorneys' clients;

e. making false and defamatory statements about a ROR Attorney;

f. creating, posting, hosting, or transmitting over the internet any website that contains false or defamatory statements about a ROR Attorney;

g. creating, posting, hosting, or transmitting over the internet any private and/or personal information about a ROR Attorney;

h. sending spam (unsolicited e-mail) to a ROR Attorney (emails regarding this litigation are not considered unsolicited);

i. sending any communication to a ROR Attorney purporting to be Magedson or an agent or representative of Xcentric;

j. sending any communication or broadcasting any information over the internet purporting to be a ROR Attorney;

k. coordinating, instituting or causing a distributed denial of service (DDOS) attack against a ROR Attorney;

l. utilizing an auto-dialer or any other mechanical or technical device to make multiple telephone calls or multiple contacts with a ROR Attorney for the purpose of disrupting their business;

m. hacking or accessing the computer network of a ROR Attorney without authorization;

5. threatening bodily harm or physical injury to Plaintiffs;

///

///

1997205.1

Case 2:07-cv-00954-NVW    Document 21-2    - 10 -    Filed 05/23/2007    Page 11 of 15

6. hosting, creating, developing, or broadcasting over the internet any website that contains false and defamatory statements regarding Rip-off Report, Magedson or Xcentric;

7. coordinating, instituting or causing a distributed denial of service (DDOS) attack against ROR;

8. utilizing an auto-dialer or any other mechanical or technical device to make multiple telephone calls or multiple contacts with Plaintiffs for the purpose of disrupting their business;

9. hacking or accessing the computer network of Plaintiffs;

10. taking any action designed to prevent the Rip-off Report website from being broadcast on the internet;

It is further **ORDERED** that any Defendants who control and/or own any of the following websites must remove the content posted on the particular websites controlled and/or owned by such Defendants:

        a. bryanvincentassociates.com

        b. Pmgisucks.com

        c. Tiscaliwatch.com

        d. Jaburgwilksucks.com

        e. Mariaspeth.com

        f. Mariacrimispeth.com

It is further **ORDERED** that any Defendants who control and/or own any of the following websites must transfer ownership of the domain names to the subjects of those websites controlled and/or owned by such Defendants:

        a. bryanvincentassociates.com

        b. Pmgisucks.com

        c. Tiscaliwatch.com

        d. Jaburgwilksucks.com

        e. Mariaspeth.com

1997205.1

11

Case 2:07-cv-00954-NVW   Document 21-2   Filed 05/23/2007   Page 12 of 15

f. Mariacrimispeth.com

It is further **ORDERED** that any Defendants who have posted false or defamatory material on the following websites must make reasonable efforts, including a request, to remove the false and defamatory content posted by such Defendants:

members.greenpeace.org/gpblog/xmlsrv/rss2.php?blog=10169

my.opera.com/mariaspeth/blog/

mariaspeth.blogspirit.com/

members.greenpeace.org/blog/maria_speth

mariaspeth.blogspirit.com/atom.xml

maria-speth.blog-city.com/read_about_maria_speth_here.htm

http://forums.treemedia.com/fb/archive/index.php/t-634.html

claimid.com/speth-maria

mariaspeth.alkablog.com/archive.html

http://express-press-release.com/16/RIPOFF%20REPORT%20VICTIMS-%20ARE%20YOU%20A%20VICTIM%20OF%20THE%20RIPOFF%20REPORT%20AND%20ED%20MAGEDSON.php

http://www.sta.gov.ua/forum/viewtopic.php?p=3156&sid=59c099781a21bd17ac49887a6f7c3f0e

http://www.cchc.org/cchcforums/viewtopic.php?t=8251&sid=4e70b4c46e59b8651532e9ef42ff7b7f

http://kinja.com/user/beasiswa/default/all

http://www.kommersant.comch.ru/forum/viewtopic.php?p=5995&sid=89876dfc2ec09a95f8e972031a10d9f0

http://elec.chandra.ac.th/forum/viewtopic.php?t=2314

http://www.habib.myfreebb.com/viewtopic.php?p=900&sid=494a2df12b48a1e8fdca8ae0e7bfb752

http://www.digg.com/view/world_business/upcoming/page144
http://harrypotterworld.myfreebb.com/viewtopic.php?p=1693&sid=494a2df12b48a1e8fdca8ae0e7bfb752

1997205.1

-12-

Case 2:07-cv-00954-NVW    Document 21-2    Filed 05/23/2007    Page 13 of 15

f. Mariacrimispeth.com

It is further **ORDERED** that any Defendants who have posted false or defamatory material on the following websites must make reasonable efforts, including a request, to remove the false and defamatory content posted by such Defendants:

members.greenpeace.org/gpblog/xmlsrv/rss2.php?blog=10169

my.opera.com/mariaspeth/blog/

mariaspeth.blogspirit.com/

members.greenpeace.org/blog/maria_speth

mariaspeth.blogspirit.com/atom.xml

maria-speth.blog-city.com/read_about_maria_speth_here.htm

http://forums.treemedia.com/fb/archive/index.php/t-634.html

claimid.com/speth-maria

mariaspeth.alkablog.com/archive.html

http://express-press-release.com/16/RIPOFF%20REPORT%20VICTIMS-%20ARE%20YOU%20A%20VICTIM%20OF%20THE%20RIPOFF%20REPORT%20AND%20ED%20MAGEDSON.php

http://www.sta.gov.ua/forum/viewtopic.php?p=3156&sid=59c099781a21bd17ac49887a6f7c3f0e

http://www.cchc.org/cchcforums/viewtopic.php?t=8251&sid=4e70b4c46e59b8651532e9ef42ff7b7f

http://kinja.com/user/beasiswa/default/all

http://www.kommersant.comch.ru/forum/viewtopic.php?p=5995&sid=89876dfc2ec09a95f8e972031a10d9f0

http://elec.chandra.ac.th/forum/viewtopic.php?t=2314

http://www.habib.myfreebb.com/viewtopic.php?p=900&sid=494a2df12b48a1e8fdca8ae0e7bfb752

http://www.digg.com/view/world_business/upcoming/page144
http://harrypotterworld.myfreebb.com/viewtopic.php?p=1693&sid=494a2df12b48a1e8fdca8ae0e7bfb752

| | |
|---|---|
| 1 | http://www.alkablog.com/profil_mariaspeth.html |
| 2 | http://bloop.org/board/viewforum.php?f=1&sid=de117ba3612a98bd04b7882b1f7c508d |
| 3 | |
| 4 | http://www.changsdomain.net/forum/search.php?search_id=unanswered&sid=720766454895e6a007993bf05a032d56 |
| 5 | http://warning-thievesatfastbucks.com/ |
| 6 | http://www.alkablog.com/annuaire_business_5_0.html |
| 7 | |
| 8 | http://www.sta.gov.ua/forum/search.php?search_author=additional2&sid=c2cd4dcb555cff8f6cbb41ec5332675a |
| 9 | http://clearblogs.com/spethmaria/ |
| 10 | http://digg.com/business_finance/Maria_Speth |
| 11 | http://design.netscape.com/story/2007/05/12/maria-speth |
| 12 | http://maria-speth.blog-city.com/ |
| 13 | http://claimid.com/mariaspeth |
| 14 | http://maria-speth.blog-city.com/index.cfm?d=12&m=5&y=2007 |
| 15 | http://digg.com/business_finance/Maria_Speth_2 |
| 16 | http://20six.co.uk/maria-speth/contact |
| 17 | http://members.greenpeace.org/gpblog/?pview=recent&limit=more |
| 18 | http://mariaspeth.bloggerteam.com/ |
| 19 | http://mariaspeth.alkablog.com/ |
| 20 | https://secureusa.greenpeace.org/gpblog/ |
| 21 | http://forums.treemedia.com/fb/showthread.php?goto=newpost&t=3299 |
| 22 | http://kinja.com/user/beasiswa/default/all |
| 23 | http://www.alkablog.com/profil_mariaspeth.html |
| 24 | http://www.voyblogs.com/default.asp |

It is further **ORDERED** that Defendants shall take affirmative steps to ensure that all of their officers, agents, members, employees, independent contractors, or other persons acting under their supervision and control or at their request receive a copy of this Preliminary Injunction and are appropriately advised as to its terms and conditions, and

shall file an advice or certification of counsel or other appropriate notice with the Court confirming that this has been completed within thirty (30) days of the date of this order.

It is further **ORDERED** that Defendants shall not delete or destroy any evidence, including but not limited to computer reproduced or saved data or any other form of evidence pertaining to Xcentric, Magedson, or Rip-off Report.

It is further **ORDERED** that Plaintiffs will provide a copy of this order to each Defendant who has not appeared in this case as soon as possible.