1   Michael K. Dana (State Bar No. 019047)
    Teresa K. Anderson (State Bar No. 024919)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 E. Van Buren
    Phoenix, AZ 85004-2202
4   Telephone: (602) 382-6000
    Attorneys for Defendants Robert Russo, QED Media Group,
5   L.L.C., and Internet Defamation League, L.L.C.

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8
    XCENTRIC VENTURES, LLC, an Arizona
9   corporation, d/b/a                              Case No. CV07-00954 PHX NVW
    "RIPOFFREPORT.COM"; ED
10  MAGEDSON, an individual,                        **FIRST AMENDED ANSWER
                                                    AND COUNTERCLAIM OF
11                 Plaintiff,                       DEFENDANTS ROBERT RUSSO,
                                                    QED MEDIA GROUP, L.L.C.,
12  v.                                              AND INTERNET DEFAMATION
                                                    LEAGUE, L.L.C.**
13  WILLIAM "BILL" STANLEY, an
    individual; WILLIAM "BILL" STANLEY
14  d/b/a DEFAMATION ACTION.COM;
    WILLIAM "BILL" STANLEY d/b/a
15  COMPLAINTREMOVER.COM;
    WILLIAM "BILL" STANLEY aka JIM
16  RICKSON; WILLIAM "BILL" STANLEY
    aka MATT JOHNSON; ROBERT RUSSO,
17  an individual; ROBERT RUSSO d/b/a
    COMPLAINTREMOVER.COM;
18  ROBERT RUSSO d/b/a
    DEFENDMYNAME.COM; ROBERT
19  RUSSO d/b/a QED MEDIA GROUP,
    L.L.C.; QED MEDIA GROUP, L.L.C.;
20  QED MEDIA GROUP, L.L.C. d/b/a
    DEFENDMYNAME.COM; QED MEDIA
21  GROUP, L.L.C. d/b/a
    COMPLAINTREMOVER.COM;
22  DEFAMATION ACTION LEAGUE, an
    unincorporated association; and
23  INTERNET DEFAMATION LEAGUE, an
    unincorporated association,
24
                   Defendants.
25

26  / / /

27  / / /

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Dockets.Justia.com

For their First Amended Answer to Plaintiffs' Complaint, Defendants QED Media Group, LLC ("QED Media Group"), Internet Defamation League, LLC ("IDL"), and Robert Russo ("Russo") (collectively, the "QED Defendants") admit, deny, and allege as follows:

1. The QED Defendants admit the allegation in paragraph 1.

2. The QED Defendants admit the allegations in paragraph 2.

3. The QED Defendants admit the allegations in paragraph 3.

4. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 4 and therefore deny the same.

5. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 5 and therefore deny the same.

6. Answering paragraph 6, Defendant Russo admits that he is a resident of the State of Maine. The QED Defendants deny the remaining allegations in paragraph 6.

7. Answering paragraph 7, the QED Defendants state that Defendant Russo is the CEO and owner of QED Media Group, and that defendmyname.com is a brand name of QED Media Group. The QED Defendants deny the remaining allegations in paragraph 7.

8. The QED Defendants admit the allegation in paragraph 8.

9. Answering paragraph 9, the QED Defendants state that QED Media Group is a Maine Limited Liability Company.

10. The QED Defendants deny the allegations in paragraph 10.

11. The QED Defendants deny the allegations in paragraph 11.

12. Answering paragraph 12, the QED Defendants admit that Plaintiffs have alleged RICO violations, but deny that the QED Defendants have committed any RICO violations. The QED Defendants further state that the legal conclusions asserted in paragraph 12 require no response.

/ / /

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer

—— L.L.P. ——

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1      13.     Answering paragraph 13, the QED Defendants admit that the Court has

2   subject matter jurisdiction in this case and state that the legal conclusions asserted in

3   paragraph 13 require no response.

4      14.     Answering paragraph 14, the QED Defendants admit that Plaintiffs have

5   alleged a claim for Declaratory Judgment under Rule 57, Federal Rules of Civil

6   Procedure, but deny that Plaintiffs are entitled to the declaratory relief sought against the

7   QED Defendants.

8      15.     Answering paragraph 15, the QED Defendants deny that they have engaged

9   or participated in any events or omissions giving rise to any of the claims asserted in the

10   Complaint.  The QED Defendants lack sufficient knowledge or information on which to

11   form a belief as to the truth of the remaining allegations in paragraph 15 and therefore

12   deny the same.

13                              **FACTS**

14      16.     Paragraph 16 requires no response.

15      17.     The QED Defendants lack sufficient knowledge or information on which

16   to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny the

17   same.

18      18.     The QED Defendants lack sufficient knowledge or information on which

19   to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the

20   same.

21      19.     The QED Defendants deny the allegations in paragraph 19 to the extent

22   that those allegations are made against the QED Defendants.  The QED Defendants lack

23   sufficient knowledge or information on which to form a belief as to the truth of the

24   remaining allegations in Paragraph 19 and therefore deny the same.

25      20.     The QED Defendants lack sufficient knowledge or information on which

26   to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny the

27   same.

28   / / /

53008.0001\DANAM\PHX\2000730

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    21.    The QED Defendants deny the allegations in paragraph 21 to the extent

2  that those allegations are made against the QED Defendants.  The QED Defendants lack

3  sufficient knowledge or information on which to form a belief as to the truth of the

4  remaining allegations in Paragraph 21 and therefore deny the same.

5    22.    The QED Defendants deny the allegations in paragraph 22 to the extent

6  that those allegations are made against the QED Defendants.  The QED Defendants lack

7  sufficient knowledge or information on which to form a belief as to the truth of the

8  remaining allegations in Paragraph 22 and therefore deny the same.

9    23.    The QED Defendants deny the allegations in paragraph 23 to the extent

10  that those allegations are made against the QED Defendants.  The QED Defendants lack

11  sufficient knowledge or information on which to form a belief as to the truth of the

12  remaining allegations in Paragraph 23 and therefore deny the same.

13    24.    The QED Defendants deny the allegations in paragraph 24 to the extent

14  that those allegations are made against the QED Defendants.  The QED Defendants lack

15  sufficient knowledge or information on which to form a belief as to the truth of the

16  remaining allegations in Paragraph 24 and therefore deny the same.

17    25.    The QED Defendants deny the allegations in paragraph 25 to the extent

18  that those allegations are made against the QED Defendants.  The QED Defendants lack

19  sufficient knowledge or information on which to form a belief as to the truth of the

20  remaining allegations in Paragraph 25 and therefore deny the same.

21    26.    The QED Defendants deny the allegations in paragraph 26 to the extent

22  that those allegations are made against the QED Defendants.  The QED Defendants lack

23  sufficient knowledge or information on which to form a belief as to the truth of the

24  remaining allegations in Paragraph 26 and therefore deny the same.

25    27.    The QED Defendants lack sufficient knowledge or information on which

26  to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny the

27  same.

28  / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

28.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny the same.

29.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny the same.

30.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny the same.

31.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny the same.

32.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny the same.

33.     Answering paragraph 33, the QED Defendants admit that on or about February 3, 2007, Defendant Russo had a telephone conversation with Plaintiff Magedson but denies threatening that his members would "harass ROR's service providers."

34.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny the same.

35.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny the same.

36.     The QED Defendants deny the allegations in paragraph 36.

37.     Answering paragraph 37, the QED Defendants state that the contents of the "letters" attached to the Complaint as Exhibit "A" speak for themselves.  The QED

/ / /

Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore deny the same.

38.     Answering paragraph 38, the QED Defendants state that the contents of the "letters" attached to the Complaint as Exhibit "A" speak for themselves.

39.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny the same.

40.     The QED Defendants deny the allegations in paragraph 40 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore deny the same.

41.     The legal conclusions asserted in paragraph 41 require no response.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore deny the same.

42.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 42 and therefore deny the same.

43.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny the same.

44.     The QED Defendants deny the allegations in paragraph 44.

45.     The QED Defendants deny the allegations in paragraph 45 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore deny the same.

46.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny the same.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

47.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny the same.

48.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny the same.

49.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny the same.

50.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny the same.

51.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny the same.

52.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny the same.

53.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny the same.

54.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny the same.

55.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 55 and therefore deny the same.

///

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

56.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 56 and therefore deny the same.

57.     The QED Defendants admit the allegations in paragraph 57.

58.     Answering paragraph 58, the QED Defendants deny that mariaspeth.com, mariacrimispeth.com, and jaburgwilksucks.com "trace back to QED Media Group, LLC. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore deny the same.

59.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny the same.

60.     The QED Defendants deny the allegations in paragraph 60 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 60 and therefore deny the same.

61.     The QED Defendants deny the allegations in paragraph 61 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 61 and therefore deny the same.

62.     The QED Defendants deny the allegations in paragraph 62 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore deny the same.

63.     The QED Defendants deny the allegations in paragraph 63 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 63 and therefore deny the same.

/ / /

64.     Answering paragraph 64, the QED Defendants admit that they promote multiple lawful services for improving a client's internet search profile, including services aimed at repositioning or removing negative information about a client.  The QED Defendants deny any other allegations in paragraph 64 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 64 and therefore deny the same.

65.     The QED Defendants object to paragraph 65 as ambiguous and misleading with respect to the phrase "removed a Rip-off Report or caused a Rip-off Report to be removed," and on that basis, Defendants deny the allegations in that paragraph to the extent that they are made against the QED Defendants.  Subject to this objection, the QED Defendants state that they do not claim the ability to "remove" Rip-off Reports from the ripoffreport.com website.

66.     The QED Defendants object to paragraph 66 as ambiguous and misleading in that the QED Defendants do not claim the ability to remove Rip-off Reports from the ripoffreport.com website.  The QED Defendants deny that they have made false representations regarding their services.

## COUNT ONE
### (Defamation)

67.     Paragraph 67 requires no response.

68.     The QED Defendants deny the allegations in paragraph 68 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 68 and therefore deny the same.

69.     The QED Defendants deny the allegations in paragraph 69 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 69 and therefore deny the same.

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

70.     The QED Defendants deny the allegations in paragraph 70 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore deny the same.

71.     The QED Defendants deny the allegations in paragraph 71 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore deny the same.

72.     The QED Defendants deny the allegations in paragraph 72 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 72 and therefore deny the same.

73.     The QED Defendants deny the allegations in paragraph 73 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 73 and therefore deny the same.

74.     The QED Defendants deny the allegations in paragraph 74 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 74 and therefore deny the same.

75.     The QED Defendants deny the allegations in paragraph 75 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 75 and therefore deny the same.

76.     The QED Defendants deny the allegations in paragraph 76 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 76 and therefore deny the same.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

## COUNT TWO
### (False Light)

77.     Paragraph 77 requires no response.

78.     The QED Defendants deny the allegations in paragraph 78 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 78 and therefore deny the same.

79.     The QED Defendants deny the allegations in paragraph 79 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 79 and therefore deny the same.

80.     The QED Defendants deny the allegations in paragraph 80 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 80 and therefore deny the same.

81.     Answering paragraph 81, the QED Defendants deny that they have caused any damages to Plaintiffs.

## COUNT THREE
### (Declaratory Judgment)

82.     Paragraph 82 requires no response.

83.     The QED Defendants object to paragraph 83 as vague and ambiguous, and on that basis, the QED Defendants deny the allegations in paragraph 83 to the extent that they are asserted against the QED Defendants.

84.     Answering paragraph 84, the QED Defendants deny that they made any false statements as alleged by Plaintiffs.  The QED Defendants further deny that Plaintiffs are entitled to any declaratory judgment based on Plaintiffs' false allegations of false statements against the QED Defendants.  The QED Defendants lack sufficient knowledge

/ / /

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

or information on which to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore deny the same.

85.     Answering paragraph 85, the QED Defendants deny that they committed any acts that caused or risk causing irreparable injury to Plaintiffs.  The QED Defendants further deny that Plaintiffs are entitled to any declaratory judgment based on Plaintiffs' allegations of irreparable injury.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 85 and therefore deny the same.

86.     The allegation in paragraph 86 is a legal conclusion that requires no response.

87.     Answering paragraph 87, the QED Defendants deny that Plaintiffs are entitled to attorneys' fees and costs based on any allegations against the QED Defendants.

## COUNT FOUR
### (Conspiracy)

88.     Paragraph 88 requires no response.

89.     The QED Defendants deny the allegations in paragraph 89 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 89 and therefore deny the same.

## COUNT FIVE
### (Wrongful Intentional Interference with Contract)

90.     Paragraph 90 requires no response.

91.     The QED Defendants deny the allegations in paragraph 91 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 91 and therefore deny the same.

92.     The QED Defendants deny the allegations in paragraph 92 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack

///

53008.0001\DANAM\PHX\2000730

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer

——— L.L.P. ———

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   sufficient knowledge or information on which to form a belief as to the truth of the

2   remaining allegations in Paragraph 92 and therefore deny the same.

3       93.     The QED Defendants deny the allegations in paragraph 93 to the extent

4   that those allegations are made against the QED Defendants.  The QED Defendants lack

5   knowledge or information on which to form a belief as to the truth of the remaining

6   allegations in Paragraph 93 and therefore deny the same.

7

8                        **COUNT SIX**
                **(Violation of A.R.S. § 13-1804)**

9       94.     Paragraph 94 requires no response.

10      95.     The QED Defendants deny the allegations in paragraph 95 to the extent

11  that those allegations are made against the QED Defendants.  The QED Defendants lack

12  sufficient knowledge or information on which to form a belief as to the truth of the

13  remaining allegations in Paragraph 95 and therefore deny the same.

14      96.     The QED Defendants deny the allegations in paragraph 96 to the extent

15  that those allegations are made against the QED Defendants.  The QED Defendants lack

16  sufficient knowledge or information on which to form a belief as to the truth of the

17  remaining allegations in Paragraph 96 and therefore deny the same.

18      97.     The QED Defendants deny the allegations in paragraph 97 to the extent

19  that those allegations are made against the QED Defendants.  The QED Defendants lack

20  sufficient knowledge or information on which to form a belief as to the truth of the

21  remaining allegations in Paragraph 97 and therefore deny the same.

22      98.     The QED Defendants deny the allegations in paragraph 98 to the extent

23  that those allegations are made against the QED Defendants.  The QED Defendants lack

24  sufficient knowledge or information on which to form a belief as to the truth of the

25  remaining allegations in Paragraph 98 and therefore deny the same.

26      99.     The QED Defendants deny the allegations in paragraph 99 to the extent

27  that those allegations are made against the QED Defendants.  The QED Defendants lack

28  / / /

sufficient knowledge or information on which to form a belief as to the truth of the
remaining allegations in Paragraph 99 and therefore deny the same.

## COUNT SEVEN
### (Violation of 18 U.S.C. § 1961 et. seq)

100.    Paragraph 100 requires no response.

101.    The QED Defendants lack sufficient knowledge or information on which
to form a belief as to the truth of the allegations in Paragraph 101 and therefore deny the
same.

102.    The QED Defendants lack sufficient knowledge or information on which
to form a belief as to the truth of the allegations in Paragraph 102 and therefore deny the
same.

103.    The QED Defendants deny the allegations in paragraph 103.

104.    The allegations in paragraph 104 constitute legal conclusions that require
no response.

105.    The allegations in paragraph 105 constitute legal conclusions that require
no response.

106.    The QED Defendants deny the allegations in paragraph 106 to the extent
that those allegations are made against the QED Defendants.  The QED Defendants lack
sufficient knowledge or information on which to form a belief as to the truth of the
remaining allegations in Paragraph 106 and therefore deny the same.

107.    The QED Defendants object to paragraph 107 as vague and ambiguous, and
on that basis, Defendants deny the allegations in that paragraph to the extent that they are
made against the QED Defendants.

108.    The QED Defendants object to paragraph 108 as vague and ambiguous, and
on that basis, Defendants deny the allegations in that paragraph to the extent that they are
made against the QED Defendants.

109.    The allegations in paragraph 109 constitute legal conclusions that require
no response.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

110.    The QED Defendants object to paragraph 110 as vague and ambiguous with respect to the term "associated," and on that basis, Defendants deny the allegations in that paragraph to the extent that they are made against the QED Defendants.

111.    The QED Defendants deny the allegations in paragraph 111 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 111 and therefore deny the same.

112.    The QED Defendants deny the allegations in paragraph 112 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 112 and therefore deny the same.

113.    The QED Defendants deny the allegations in paragraph 113 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 113 and therefore deny the same.

114.    The QED Defendants deny the allegations in paragraph 114 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 114 and therefore deny the same.

115.    The QED Defendants deny the allegations in paragraph 115 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 115 and therefore deny the same.

116.    The QED Defendants deny the allegations in paragraph 116 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 116 and therefore deny the same.

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   117.   The QED Defendants deny the allegations in paragraph 117 to the extent

2   that those allegations are made against the QED Defendants.  The QED Defendants lack

3   sufficient knowledge or information on which to form a belief as to the truth of the

4   remaining allegations in Paragraph 117 and therefore deny the same.

5   118.   The QED Defendants deny the allegations in paragraph 118 to the extent

6   that those allegations are made against the QED Defendants.  The QED Defendants lack

7   sufficient knowledge or information on which to form a belief as to the truth of the

8   remaining allegations in Paragraph 118 and therefore deny the same.

9   119.   The QED Defendants deny the allegations in paragraph 119 to the extent

10  that those allegations are made against the QED Defendants.  The QED Defendants lack

11  sufficient knowledge or information on which to form a belief as to the truth of the

12  remaining allegations in Paragraph 119 and therefore deny the same.

13  120.   The QED Defendants deny the allegations in paragraph 120 to the extent

14  that those allegations are made against the QED Defendants.  The QED Defendants lack

15  sufficient knowledge or information on which to form a belief as to the truth of the

16  remaining allegations in Paragraph 120 and therefore deny the same.

17  121.   Answering paragraph 121, the QED Defendants deny that Plaintiffs are

18  entitled to any damages from the QED Defendants.

19  ## COUNT EIGHT
    ### (Rico Conspiracy)

20

21  122.   Paragraph 122 requires no response.

22  123.   The QED Defendants deny the allegations in paragraph 123 to the extent

23  that those allegations are made against the QED Defendants.  The QED Defendants lack

24  sufficient knowledge or information on which to form a belief as to the truth of the

25  remaining allegations in Paragraph 123 and therefore deny the same.

26  124.   Answering paragraph 124, the QED Defendants deny that Plaintiffs are

27  entitled to any damages from the QED Defendants.

28  / / /

53008.0001\DANAM\PHX\2000730

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

## COUNT NINE
### (Arizona RICO)

125.    Paragraph 125 requires no response.

126.    The QED Defendants deny the allegations in paragraph 126 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 126 and therefore deny the same.

127.    The QED Defendants deny the allegations in paragraph 127 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 127 and therefore deny the same.

128.    Answering paragraph 128, the QED Defendants deny that they have committed any violations of A.R.S. § 12-2310 and further deny that Plaintiffs have been damaged as a result of any actions by the QED Defendants.

## COUNT TEN
### (Punitive Damages)

129.    Paragraph 129 requires no response.

130.    The QED Defendants deny the allegations in paragraph 130 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 130 and therefore deny the same.

131.    The QED Defendants deny the allegations in paragraph 131 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 131 and therefore deny the same.

132.    Answering paragraph 132, the QED Defendants deny that Plaintiffs are entitled to punitive damages for any actions by the QED Defendants.

/ / /

133.	The QED Defendants deny each and every allegation in Plaintiffs' Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

A.	Plaintiffs' Complaint fails to state a claim upon which relief may be granted;

B.	Plaintiffs' Complaint is barred by the statute of limitations;

C.	Plaintiffs' Complaint is barred by the doctrines of laches, waiver, and estoppel;

D.	The QED Defendants reserve the right to assert any additional affirmative defenses, including those identified in Rule 8, Fed. R. Civ P., as those defenses come to light during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, the QED Defendants respectfully request the following relief;

A.	That the Court enter judgment in favor of the QED Defendants, and against Plaintiffs;

B.	For the QED Defendants' costs and attorneys' fees incurred defending this Complaint;

C.	For such other and further relief as may be just under the circumstances.

## COUNTERCLAIM

For their Counterclaim, Russo and QED Media Group (collectively "Counterclaimants") allege as follows:

### Parties, Jurisdiction, and Venue

1.	Counterclaimant QED Media Group is a Maine Limited Liability Company with its principal place of business in Cumberland County, Maine.

2.	Counterclaimant Russo is a single man residing in Cumberland County, Maine, and is the CEO and owner of QED Media Group.

3.	Counterdefendant Ed Magedson ("Magedson") is a single man residing in Maricopa County, Arizona.

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer

— L.L.P. —

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

4. The amount in controversy in this counterclaim exceeds $75,000, exclusive of interest and costs, and this Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1332(a);

5. Subject matter jurisdiction over this counterclaim is also conferred by 28 U.S.C. § 1367, based on Plaintiffs' allegations in their Complaint.

6. Magedson has committed acts within the District of Arizona that give rise to this counterclaim and that have damaged Counterclaimants. Venue is proper under 28 U.S.C. § 1391.

### Background Facts

7. QED Media Group is an internet service provider with offices in the United States, South America, Canada, the UK, and Central Europe.

8. QED Media Group provides its clients with an array of services, including software design, website design, front office support, internet marketing, and public relations.

9. As part of its public relations services, QED Media Group uses a host of lawful reputation management strategies to protect its clients' reputations from the publication and dissemination of defamatory information about those clients on the internet. QED Media Group's services and strategies are widely used and accepted in the online industry.

10. QED Media Group's reputation management strategies are aimed at removing defamatory information about QED Media Group's clients from the internet or minimizing the ability to access such misinformation through internet searches.

11. Among these strategies, QED Media Group communicates directly with website operators about revising or removing defamatory information. In addition, QED Media Group employs various techniques and technologies that optimize the search engine profiles of its clients by lowering the ranking of search results that contain defamatory content.

/ / /

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1       12.    QED Media Group's reputation management strategies assist clients with

2  combating the destructive impact of defamatory content easily accessible by anyone with

3  an internet connection from anywhere in the world.

4       13.    QED Media Group gets many of its clients through referral sources.

5  Defendant William Stanley ("Stanley") is one of many such referral sources.

6       14.    Russo has never personally met Stanley.  Other than the referral agreement

7  between QED Media Group and Stanley, neither Russo nor QED Media Group has a

8  relationship, business or otherwise, with Stanley.

9       15.    An inordinate number of calls to QED Media Group for its services come

10  from clients who have been defamed by content on Counterdefendant Magedson's

11  website, ripoffreport.com.

12       16.    Magedson and his company, Xcentric Ventures, operate ripoffreport.com,

13  which is also accessible through the web address badbusinessbureau.com.

14       17.    On his website, Magedson encourages users to anonymously post

15  disparaging information about companies and individuals believed by ripoffreport.com

16  users to "ripoff consumers."

17       18.    Once these ripoff "reports" are published, they quickly climb to prominent

18  positions in web search engine results.  Often, a ripoff report will be ranked at or near the

19  very top of search results, even above the victim's own company website.

20       19.    Magedson has admitted on his own ripoffreport.com website that he changes

21  "report titles" to "enhance" the reports' "ability to be found on search engines."

22       20.    Magedson and his company take great care to conceal the identity of users

23  of his ripoffreport.com website who post anonymous disparaging comments about

24  companies and individuals.  For example, Magedson and his other "editors" review

25  reports before they are published and remove personally identifying information about

26  the users.

27  / / /

28  / / /

53008.0001\DANAM\PHX\2000730

- 20 -

Snell & Wilmer
— L.L.P. —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1         21.    Conversely, Magedson offers no such protection to the disparaged victims

2   of those reports.  Many of these published ripoff "reports" contain photographs, addresses,

3   and phone numbers of the victims.

4         22.    Nor does Magedson make any attempt to verify the accuracy of disparaging

5   information posted by users before that information is published and accessible to internet

6   users all over the world.  Magedson even boasts that he has a policy of never removing

7   any report, even if a report is proven to be defamatory.

8         23.    Magedson flaunts this policy to never remove reports while hiding behind

9   the "safe harbor" provision of the Federal Communications Decency Act (the "CDA"),

10  which Magedson believes gives him absolute immunity from liability for his actions.

11        24.    Magedson then uses the power of his ripoffreport.com website and his

12  interpretation of the CDA as tools for extorting victims of these widely-published ripoff

13  "reports."  Specifically, Magedson offers to accept exorbitant sums of money to "update"

14  disparaging ripoff reports as part of Magedson's so-called "Corporate Advocacy and

15  Remediation Program."

16        25.    Victims of Magedson's disparaging reports are thus faced with the dilemma

17  of three unsatisfactory choices:  (1) live with the worldwide publication of defamatory

18  misinformation about the particular victim, (2) accede to Magedson's extortive money

19  demands, or (3) initiate an expensive lawsuit against Magedson (who has a history of

20  evading service of process).

21        26.    In or around February 2006, Russo contacted Magedson on behalf of certain

22  clients regarding certain defamatory ripoffreport.com reports about QED Media Group's

23  clients that ranked at or near the top of search engine results.

24        27.    In several telephone conversations with Magedson, Russo attempted to

25  negotiate with Magedson about possible options for removing such defamatory reports,

26  or "privatizing" such reports so that they did not appear in web search results.

27        28.    Magedson was often sarcastic, angry, and rude, refusing to negotiate

28  reasonably with Russo.

29.     Secretly, Magedson never intended to negotiate in good faith with Russo regarding Russo's legitimate concerns.  Instead, Magedson's sole purpose for even communicating with Russo was to trap Russo into admitting a concerted effort with Defendant Stanley (that did not exist) to commit wrongful acts against Magedson and Xcentric.  Magedson secretly recorded all of these telephone calls.

30.     Magedson's plan failed.  Throughout the course of these telephone conversations, Russo repeatedly made clear that even though both Russo and Stanley share concerns about the harmful nature of Magedson's ripoffreport.com website, Russo and Stanley represent separate interests and address their concerns in different ways.

31.     Because attempts to negotiate directly with Magedson were unsuccessful, QED Media Group relied on its other reputation management strategies to assist those clients who had become victims of Magedson's defamatory ripoff reports.  As a result, the web search engine results for QED Media Group's clients improved, and the rankings of defamatory ripoff reports about those clients fell from the first page of search results.

32.     In retaliation for QED Media Group's assistance to its clients, Magedson devised a scheme to defame the reputations of Russo and QED Media Group.

33.     In February, 2007, Magedson publicized defamatory remarks about Russo and QED Media Group to numerous members of the professional media.

34.     Specifically, Magedson sent an email to numerous reporters that identified Russo's affiliation with QED Media Group and that accused Russo of being an "internet terrorist" and a member of an "internet terrorist organization."

35.     Magedson's email falsely suggests that Russo participated in sending Magedson two anonymous "letters" containing violent personal threats against Magedson, his family, and his dog.  Those letters were attached to the email.  (*See* Exhibit A.)

36.     Magedson has a history of accusing victims of his website who attempt to defend themselves with making death threats against Magedson.  On information and belief, Magedson wrote the letters attached as Exhibit A himself as part of his scheme to defame the reputations of Russo and QED Media Group.

Snell & Wilmer

——— L.L.P. ———

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

37.     On March 3, 2007, Magedson filed a report with the Mesa Police Department in which he accused Russo of sending the threatening letters. (*See* Exhibit B.)

38.     Magedson also gave the Mesa Police Department copies of audio recordings that Magedson considered "evidence" of Russo's involvement.

39.     Magedson told the Mesa Police Department that he did not want to give his address to the Department because he feared that the Mesa police officers would "assault" Magedson.

40.     The Mesa Police Department listened to the tapes provided by Magedson and found no personal threats against Magedson. All of the conversations pertained to "shutting down" Magedson's ripoffreport.com website.

41.     The Mesa Police Department also confirmed that the identity of the anonymous letters is not known.

42.     Magedson publicized and continues to publicize, in many forums, his false defamatory accusations that Russo and QED Media Group are internet terrorists who make violent personal threats. On information and belief, these forums include face-to-face meetings, telephone conversations, written correspondence, emails, and internet message boards.

43.     Magedson publicized his defamatory accusations against Russo and QED Media in telephone conversations with many of QED Media Group's clients. One such client is Prosper Learning, who hired QED Media Group to improve its search engine profile.

44.     Magedson called Devon from Prosper Learning and attempted to bait Devon into suggesting that QED Media Group promised rip-off report removal services that QED Media Group did not provide. As Magedson often does, he secretly recorded his telephone conversation without Devon's knowledge.

45.     Devon rejected Magedson's false suggestion and explained QED Media Group's services exactly as offered by QED Media Group.

/ / /

53008.0001\DANAM\PHX\2000730

Snell & Wilmer

———— L.L.P. ————

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

46.     Magedson pressed Devon, promising him that he "will not give [Devon] up, meaning [Magedson] will not let them know that [he was] talking with [Devon]."

47.     Magedson then falsely told Devon that Russo "committed terrorist acts" and "threatened" Russo's life.

48.     Magedson then assured Devon that if for some reason Russo called Magedson, he would lie to Russo saying that he never spoke to Devon.

49.     Magedson then begged Devon to "[g]et really what [Devon] can on [Russo and Williams]," saying he needed "whatever information [Devon had] on them." Magedson then strongly reassured Devon that their conversation would be kept strictly confidential, saying to Devon, "There is no way I would give you guys up for anything. There's no way.  Because that's my . . . you know . . . our deal.  I'm never going to do anything to harm you guys."

50.     Shortly after Magedson's telephone conversation with Devon, Magedson had the recording of the conversation transcribed, and his attorneys introduced the transcript as an exhibit in the preliminary injunction hearing in this case, making public the entire conversation that Magedson had promised Devon to keep confidential.

51.     As a result of Magedson's conversation with Devon, QED Media Group lost its contract with Prosper Learning.

52.     Magedson's scheme continued on May 10, 2007, when Magedson filed this lawsuit repeating his false defamatory accusations about Russo and QED Media Group and asserted additional false allegations of defamation, conspiracy, and racketeering.

53.     Almost immediately after this lawsuit was filed, a web page announcing the lawsuit, the QED Defendants as "Defendants," and the nature of the lawsuit as "Racketeer Influenced and Corrupt Organizations" began appearing as the number one ranked search engine result for the Google.com search "Robert Russo QED."  That number one search ranking remains today.

/ / /

/ / /

53008.0001\DANAM\PHX\2000730

**Count One**
**(Defamation)**

54.     Counterclaimants re-allege and incorporate by reference all paragraphs of this Complaint as though fully set forth in Count One.

55.     Magedson has made false, disparaging, derogatory, and misleading statements about Russo and QED Media Group.

56.     Magedson made these statements knowing of their falsity, or in reckless disregard for their truth.

57.     Such false statements were made by Magedson to third parties, including members of the professional media.

58.     Such false statements have caused and continue to cause injury to Russo's and QED Media Group's reputations.

59.     As a direct and proximate result of Magedson's defamation, Russo and QED Media Group have been damaged in an amount to be proven at trial.

60.     In addition, Magedson's defamatory statements are actionable per se.

61.     Magedson's wrongful actions were committed with the requisite evil mind under Arizona law to warrant the imposition of punitive damages.

**Count Two**
**(False Light)**

62.     Counterclaimants re-allege and incorporate by reference all paragraphs of this Complaint as though fully set forth in Count Two.

63.     Magedson's statements and actions have placed Russo and QED Media Group in a false light.

64.     The false light in which Russo and QED Media Group have been placed as a result of Magedson's statements and actions would be highly offensive to a reasonable person.

/ / /

/ / /

Snell & Wilmer
— L.L.P. —
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

65.     Magedson knew that the statements and impressions created by his actions were false, or Magedson acted in reckless disregard for the truth or falsity of those statements and impressions.

66.     As a direct and proximate result of Magedson's wrongful statements and actions, Russo and QED Media Group have been damaged in an amount to be proven at trial.

67.     Magedson's wrongful actions were committed with the requisite evil mind under Arizona law to warrant the imposition of punitive damages.

**Count Three**
**(Tortious Interference with Contract and other Business Expectancies)**

68.     Counterclaimants re-allege and incorporate by reference all paragraphs of this Complaint as though fully set forth in Count Two.

69.     Counterclaimants had and continue to have valuable contracts and business expectancies with its clients and potential clients.

70.     Magedson knew, when falsely and publicly making defamatory statements about Counterclaimants, including accusing them of being terrorists and committing terrorist acts, that Counterclaimants had these valuable contracts and business expectancies.

71.     Magedson's false defamatory allegations against Counterclaimants have interfered with their contracts and other business expectancies.

72.     Magedson intended or knew with a substantial certainty that his actions would adversely affect Counterclaimants' relationships with their customers.

73.     Magedson's motive and means in interfering with Counterclaimants' valuable contracts and other business expectancies were improper.

74.     Magedson's wrongful actions caused Counterclaimants to suffer damages in an amount to be proven at trial.

75.     Magedson's wrongful actions were committed with the requisite evil mind under Arizona law to warrant the imposition of punitive damages.

WHEREFORE, Counterclaimants Russo and QED Media Group pray for relief as follows:

A.     Direct, incidental, and consequential damages in an amount to be proven at trial;

B.     Punitive damages;

C.     Injunctive relief prohibiting Magedson from repeating defamatory statements against Russo and QED Media Group;

D.     Attorneys' fees and costs; and

E.     Any further relief that this Court deems just and appropriate.

**Jury Demand**

Counterclaimants hereby demand a trial by jury.

DATED this 6th day of June, 2007.

SNELL & WILMER L.L.P.


By   /s/ Michael K. Dana
     Michael K. Dana
     Teresa K. Anderson
     One Arizona Center
     400 E. Van Buren
     Phoenix, AZ 85004-2202
Attorneys for Defendants Robert Russo, QED Media Group, L.L.C., and Internet Defamation League, L.L.C.


**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2007 I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing to the following CM/ECF participant:

Maria Crimi Speth
Jaburg & Wilk
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
Attorneys for Plaintiffs

53008.0001\DANAM\PHX\2000730

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    I further certify that on June 6, 2007, I served a courtesy copy of the

2  aforementioned document and transmittal of a Notice of Electronic Filing by mail on

3  the following:

4                          The Honorable Neil V. Wake
                          United States District Court
5                          401 West Washington Street,
                          Phoenix, AZ  85003
6

7

8    /s/ E. E. Szafranski                   -