1   Michael K. Dana (State Bar No. 019047)
    Teresa K. Anderson (State Bar No. 024919)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 E. Van Buren
    Phoenix, AZ 85004-2202
4   Telephone: (602) 382-6000
    Attorneys for Robert Russo, QED Media Group, L.L.C., and
5   Internet Defamation League L.L.C.

6                   IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8
    XCENTRIC VENTURES, LLC, an Arizona
9   corporation, d/b/a                          Case No. CV07-00954 PHX NVW
    "RIPOFFREPORT.COM"; ED
10  MAGEDSON, an individual,                     **SECOND AMENDED ANSWER
                                                 AND COUNTERCLAIM OF
11                        Plaintiff,             DEFENDANTS ROBERT RUSSO,
                                                 QED MEDIA GROUP, L.L.C.,
12  v.                                           AND INTERNET DEFAMATION
                                                 LEAGUE, L.L.C.**
13  WILLIAM "BILL" STANLEY, an
    individual; WILLIAM "BILL" STANLEY
14  d/b/a DEFAMATION ACTION.COM;
    WILLIAM "BILL" STANLEY d/b/a
15  COMPLAINTREMOVER.COM;
    WILLIAM "BILL" STANLEY aka JIM
16  RICKSON; WILLIAM "BILL" STANLEY
    aka MATT JOHNSON; ROBERT RUSSO,
17  an individual; ROBERT RUSSO d/b/a
    COMPLAINTREMOVER.COM;
18  ROBERT RUSSO d/b/a
    DEFENDMYNAME.COM; ROBERT
19  RUSSO d/b/a QED MEDIA GROUP,
    L.L.C.; QED MEDIA GROUP, L.L.C.;
20  QED MEDIA GROUP, L.L.C. d/b/a
    DEFENDMYNAME.COM; QED MEDIA
21  GROUP, L.L.C. d/b/a
    COMPLAINTREMOVER.COM;
22  DEFAMATION ACTION LEAGUE, an
    unincorporated association; and
23  INTERNET DEFAMATION LEAGUE, an
    unincorporated association,
24
                          Defendants.
25

26

27

28

2012042.1

Dockets.Justia.com

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

ROBERT RUSSO, an individual; and QED MEDIA GROUP, L.L.C.,

                    Counterclaimants,

v.

XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual,

                    Counterdefendants.

For their Second Amended Answer to Plaintiffs' Complaint, Defendants QED Media Group, LLC ("QED Media Group"), Internet Defamation League, LLC ("IDL"), and Robert Russo ("Russo") (collectively, the "QED Defendants") admit, deny, and allege as follows:

1.      The QED Defendants admit the allegation in paragraph 1.

2.      The QED Defendants admit the allegations in paragraph 2.

3.      The QED Defendants admit the allegations in paragraph 3.

4.      The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 4 and therefore deny the same.

5.      The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 5 and therefore deny the same.

6.      Answering paragraph 6, Defendant Russo admits that he is a resident of the State of Maine.  The QED Defendants deny the remaining allegations in paragraph 6.

7.      Answering paragraph 7, the QED Defendants state that Defendant Russo is the CEO and owner of QED Media Group, and that defendmyname.com is a brand name of QED Media Group.  The QED Defendants deny the remaining allegations in paragraph 7.

8.      The QED Defendants admit the allegation in paragraph 8.

2012042.1

1      9.      Answering paragraph 9, the QED Defendants state that QED Media Group

2  is a Maine Limited Liability Company.

3      10.      The QED Defendants deny the allegations in paragraph 10.

4      11.      The QED Defendants deny the allegations in paragraph 11.

5      12.      Answering paragraph 12, the QED Defendants admit that Plaintiffs have

6  alleged RICO violations, but deny that the QED Defendants have committed any RICO

7  violations. The QED Defendants further state that the legal conclusions asserted in

8  paragraph 12 require no response.

9      13.      Answering paragraph 13, the QED Defendants admit that the Court has

10  subject matter jurisdiction in this case and state that the legal conclusions asserted in

11  paragraph 13 require no response.

12      14.      Answering paragraph 14, the QED Defendants admit that Plaintiffs have

13  alleged a claim for Declaratory Judgment under Rule 57, Federal Rules of Civil

14  Procedure, but deny that Plaintiffs are entitled to the declaratory relief sought against the

15  QED Defendants.

16      15.      Answering paragraph 15, the QED Defendants deny that they have

17  engaged or participated in any events or omissions giving rise to any of the claims

18  asserted in the Complaint. The QED Defendants lack sufficient knowledge or

19  information on which to form a belief as to the truth of the remaining allegations in

20  paragraph 15 and therefore deny the same.

21                                       **FACTS**

22      16.      Paragraph 16 requires no response.

23      17.      The QED Defendants lack sufficient knowledge or information on which

24  to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny the

25  same.

26      18.      The QED Defendants lack sufficient knowledge or information on which

27  to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the

28  same.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    19.    The QED Defendants deny the allegations in paragraph 19 to the extent
2    that those allegations are made against the QED Defendants. The QED Defendants lack
3    sufficient knowledge or information on which to form a belief as to the truth of the
4    remaining allegations in Paragraph 19 and therefore deny the same.

5    20.    The QED Defendants lack sufficient knowledge or information on which
6    to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny the
7    same.

8    21.    The QED Defendants deny the allegations in paragraph 21 to the extent
9    that those allegations are made against the QED Defendants. The QED Defendants lack
10   sufficient knowledge or information on which to form a belief as to the truth of the
11   remaining allegations in Paragraph 21 and therefore deny the same.

12   22.    The QED Defendants deny the allegations in paragraph 22 to the extent
13   that those allegations are made against the QED Defendants. The QED Defendants lack
14   sufficient knowledge or information on which to form a belief as to the truth of the
15   remaining allegations in Paragraph 22 and therefore deny the same.

16   23.    The QED Defendants deny the allegations in paragraph 23 to the extent
17   that those allegations are made against the QED Defendants. The QED Defendants lack
18   sufficient knowledge or information on which to form a belief as to the truth of the
19   remaining allegations in Paragraph 23 and therefore deny the same.

20   24.    The QED Defendants deny the allegations in paragraph 24 to the extent
21   that those allegations are made against the QED Defendants. The QED Defendants lack
22   sufficient knowledge or information on which to form a belief as to the truth of the
23   remaining allegations in Paragraph 24 and therefore deny the same.

24   25.    The QED Defendants deny the allegations in paragraph 25 to the extent
25   that those allegations are made against the QED Defendants. The QED Defendants lack
26   sufficient knowledge or information on which to form a belief as to the truth of the
27   remaining allegations in Paragraph 25 and therefore deny the same.

28   / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

2012042.1

26.    The QED Defendants deny the allegations in paragraph 26 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore deny the same.

27.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny the same.

28.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny the same.

29.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny the same.

30.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny the same.

31.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny the same.

32.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny the same.

33.    Answering paragraph 33, the QED Defendants admit that on or about February 3, 2007, Defendant Russo had a telephone conversation with Plaintiff Magedson but denies threatening that his members would "harass ROR's service providers."

/ / /

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    34.    The QED Defendants lack sufficient knowledge or information on which
2    to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny the
3    same.

4    35.    The QED Defendants lack sufficient knowledge or information on which
5    to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny the
6    same.

7    36.    The QED Defendants deny the allegations in paragraph 36.

8    37.    Answering paragraph 37, the QED Defendants state that the contents of
9    the "letters" attached to the Complaint as Exhibit "A" speak for themselves. The QED
10   Defendants lack sufficient knowledge or information on which to form a belief as to the
11   truth of the remaining allegations in Paragraph 37 and therefore deny the same.

12   38.    Answering paragraph 38, the QED Defendants state that the contents of the
13   "letters" attached to the Complaint as Exhibit "A" speak for themselves.

14   39.    The QED Defendants lack sufficient knowledge or information on which
15   to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny the
16   same.

17   40.    The QED Defendants deny the allegations in paragraph 40 to the extent
18   that those allegations are made against the QED Defendants. The QED Defendants lack
19   sufficient knowledge or information on which to form a belief as to the truth of the
20   remaining allegations in Paragraph 40 and therefore deny the same.

21   41.    The legal conclusions asserted in paragraph 41 require no response. The
22   QED Defendants lack sufficient knowledge or information on which to form a belief as
23   to the truth of the remaining allegations in Paragraph 41 and therefore deny the same.

24   42.    The QED Defendants lack sufficient knowledge or information on which
25   to form a belief as to the truth of the allegations in Paragraph 42 and therefore deny the
26   same.

27   / / /

28   / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

43.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny the same.

44.     The QED Defendants deny the allegations in paragraph 44.

45.     The QED Defendants deny the allegations in paragraph 45 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore deny the same.

46.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny the same.

47.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny the same.

48.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny the same.

49.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny the same.

50.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny the same.

51.     The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny the same.

/ / /

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

2012042.1

52.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny the same.

53.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny the same.

54.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny the same.

55.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 55 and therefore deny the same.

56.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 56 and therefore deny the same.

57.    The QED Defendants admit the allegations in paragraph 57.

58.    Answering paragraph 58, the QED Defendants deny that mariaspeth.com, mariacrimispeth.com, and jaburgwilksucks.com "trace back to QED Media Group, LLC. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore deny the same.

59.    The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny the same.

60.    The QED Defendants deny the allegations in paragraph 60 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 60 and therefore deny the same.

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    61.    The QED Defendants deny the allegations in paragraph 61 to the extent

2  that those allegations are made against the QED Defendants.  The QED Defendants lack

3  sufficient knowledge or information on which to form a belief as to the truth of the

4  remaining allegations in Paragraph 61 and therefore deny the same.

5    62.    The QED Defendants deny the allegations in paragraph 62 to the extent

6  that those allegations are made against the QED Defendants.  The QED Defendants lack

7  sufficient knowledge or information on which to form a belief as to the truth of the

8  remaining allegations in Paragraph 62 and therefore deny the same.

9    63.    The QED Defendants deny the allegations in paragraph 63 to the extent

10  that those allegations are made against the QED Defendants.  The QED Defendants lack

11  sufficient knowledge or information on which to form a belief as to the truth of the

12  remaining allegations in Paragraph 63 and therefore deny the same.

13    64.    Answering paragraph 64, the QED Defendants admit that they promote

14  multiple lawful services for improving a client's internet search profile, including

15  services aimed at repositioning or removing negative information about a client.  The

16  QED Defendants deny any other allegations in paragraph 64 to the extent that those

17  allegations are made against the QED Defendants.  The QED Defendants lack sufficient

18  knowledge or information on which to form a belief as to the truth of the remaining

19  allegations in Paragraph 64 and therefore deny the same.

20    65.    The QED Defendants object to paragraph 65 as ambiguous and misleading

21  with respect to the phrase "removed a Rip-off Report or caused a Rip-off Report to be

22  removed," and on that basis, Defendants deny the allegations in that paragraph to the

23  extent that they are made against the QED Defendants.  Subject to this objection, the

24  QED Defendants state that they do not claim the ability to "remove" Rip-off Reports

25  from the ripoffreport.com website.

26    66.    The QED Defendants object to paragraph 66 as ambiguous and misleading

27  in that the QED Defendants do not claim the ability to remove Rip-off Reports from the

28  / / /

ripoffreport.com website. The QED Defendants deny that they have made false representations regarding their services.

**COUNT ONE**
**(Defamation)**

67. Paragraph 67 requires no response.

68. The QED Defendants deny the allegations in paragraph 68 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 68 and therefore deny the same.

69. The QED Defendants deny the allegations in paragraph 69 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 69 and therefore deny the same.

70. The QED Defendants deny the allegations in paragraph 70 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 70 and therefore deny the same.

71. The QED Defendants deny the allegations in paragraph 71 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore deny the same.

72. The QED Defendants deny the allegations in paragraph 72 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 72 and therefore deny the same.

73. The QED Defendants deny the allegations in paragraph 73 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    sufficient knowledge or information on which to form a belief as to the truth of the
2    remaining allegations in Paragraph 73 and therefore deny the same.

3        74.    The QED Defendants deny the allegations in paragraph 74 to the extent
4    that those allegations are made against the QED Defendants.  The QED Defendants lack
5    sufficient knowledge or information on which to form a belief as to the truth of the
6    remaining allegations in Paragraph 74 and therefore deny the same.

7        75.    The QED Defendants deny the allegations in paragraph 75 to the extent
8    that those allegations are made against the QED Defendants.  The QED Defendants lack
9    sufficient knowledge or information on which to form a belief as to the truth of the
10   remaining allegations in Paragraph 75 and therefore deny the same.

11       76.    The QED Defendants deny the allegations in paragraph 76 to the extent
12   that those allegations are made against the QED Defendants.  The QED Defendants lack
13   sufficient knowledge or information on which to form a belief as to the truth of the
14   remaining allegations in Paragraph 76 and therefore deny the same.

15                              **COUNT TWO**
16                              **(False Light)**

17       77.    Paragraph 77 requires no response.

18       78.    The QED Defendants deny the allegations in paragraph 78 to the extent
19   that those allegations are made against the QED Defendants.  The QED Defendants lack
20   sufficient knowledge or information on which to form a belief as to the truth of the
21   remaining allegations in Paragraph 78 and therefore deny the same.

22       79.    The QED Defendants deny the allegations in paragraph 79 to the extent
23   that those allegations are made against the QED Defendants.  The QED Defendants lack
24   sufficient knowledge or information on which to form a belief as to the truth of the
25   remaining allegations in Paragraph 79 and therefore deny the same.

26       80.    The QED Defendants deny the allegations in paragraph 80 to the extent
27   that those allegations are made against the QED Defendants.  The QED Defendants lack
28   / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  sufficient knowledge or information on which to form a belief as to the truth of the

2  remaining allegations in Paragraph 80 and therefore deny the same.

3         81.    Answering paragraph 81, the QED Defendants deny that they have caused

4  any damages to Plaintiffs.

### COUNT THREE
### (Declaratory Judgment)

7         82.    Paragraph 82 requires no response.

8         83.    The QED Defendants object to paragraph 83 as vague and ambiguous, and

9  on that basis, the QED Defendants deny the allegations in paragraph 83 to the extent that

10  they are asserted against the QED Defendants.

11         84.    Answering paragraph 84, the QED Defendants deny that they made any

12  false statements as alleged by Plaintiffs.  The QED Defendants further deny that

13  Plaintiffs are entitled to any declaratory judgment based on Plaintiffs' false allegations of

14  false statements against the QED Defendants.  The QED Defendants lack sufficient

15  knowledge or information on which to form a belief as to the truth of the remaining

16  allegations in Paragraph 84 and therefore deny the same.

17         85.    Answering paragraph 85, the QED Defendants deny that they committed

18  any acts that caused or risk causing irreparable injury to Plaintiffs.  The QED Defendants

19  further deny that Plaintiffs are entitled to any declaratory judgment based on Plaintiffs'

20  allegations of irreparable injury.  The QED Defendants lack sufficient knowledge or

21  information on which to form a belief as to the truth of the remaining allegations in

22  Paragraph 85 and therefore deny the same.

23         86.    The allegation in paragraph 86 is a legal conclusion that requires no

24  response.

25         87.    Answering paragraph 87, the QED Defendants deny that Plaintiffs are

26  entitled to attorneys' fees and costs based on any allegations against the QED

27  Defendants.

28  / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

## COUNT FOUR
### (Conspiracy)

88.     Paragraph 88 requires no response.

89.     The QED Defendants deny the allegations in paragraph 89 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 89 and therefore deny the same.

## COUNT FIVE
### (Wrongful Intentional Interference with Contract)

90.     Paragraph 90 requires no response.

91.     The QED Defendants deny the allegations in paragraph 91 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 91 and therefore deny the same.

92.     The QED Defendants deny the allegations in paragraph 92 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 92 and therefore deny the same.

93.     The QED Defendants deny the allegations in paragraph 93 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 93 and therefore deny the same.

## COUNT SIX
### (Violation of A.R.S. § 13-1804)

94.     Paragraph 94 requires no response.

95.     The QED Defendants deny the allegations in paragraph 95 to the extent that those allegations are made against the QED Defendants. The QED Defendants lack

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    sufficient knowledge or information on which to form a belief as to the truth of the

2    remaining allegations in Paragraph 95 and therefore deny the same.

3           96.    The QED Defendants deny the allegations in paragraph 96 to the extent

4    that those allegations are made against the QED Defendants.  The QED Defendants lack

5    sufficient knowledge or information on which to form a belief as to the truth of the

6    remaining allegations in Paragraph 96 and therefore deny the same.

7           97.    The QED Defendants deny the allegations in paragraph 97 to the extent

8    that those allegations are made against the QED Defendants.  The QED Defendants lack

9    sufficient knowledge or information on which to form a belief as to the truth of the

10   remaining allegations in Paragraph 97 and therefore deny the same.

11          98.    The QED Defendants deny the allegations in paragraph 98 to the extent

12   that those allegations are made against the QED Defendants.  The QED Defendants lack

13   sufficient knowledge or information on which to form a belief as to the truth of the

14   remaining allegations in Paragraph 98 and therefore deny the same.

15          99.    The QED Defendants deny the allegations in paragraph 99 to the extent

16   that those allegations are made against the QED Defendants.  The QED Defendants lack

17   sufficient knowledge or information on which to form a belief as to the truth of the

18   remaining allegations in Paragraph 99 and therefore deny the same.

19                              **COUNT SEVEN**
                        **(Violation of 18 U.S.C. § 1961 et. seq)**
20

21          100.   Paragraph 100 requires no response.

22          101.   The QED Defendants lack sufficient knowledge or information on which

23   to form a belief as to the truth of the allegations in Paragraph 101 and therefore deny the

24   same.

25          102.   The QED Defendants lack sufficient knowledge or information on which

26   to form a belief as to the truth of the allegations in Paragraph 102 and therefore deny the

27   same.

28   / / /

2012042.1

1   103.   The QED Defendants deny the allegations in paragraph 103.

2   104.   The allegations in paragraph 104 constitute legal conclusions that require
3   no response.

4   105.   The allegations in paragraph 105 constitute legal conclusions that require
5   no response.

6   106.   The QED Defendants deny the allegations in paragraph 106 to the extent
7   that those allegations are made against the QED Defendants.  The QED Defendants lack
8   sufficient knowledge or information on which to form a belief as to the truth of the
9   remaining allegations in Paragraph 106 and therefore deny the same.

10   107.   The QED Defendants object to paragraph 107 as vague and ambiguous,
11   and on that basis, Defendants deny the allegations in that paragraph to the extent that
12   they are made against the QED Defendants.

13   108.   The QED Defendants object to paragraph 108 as vague and ambiguous,
14   and on that basis, Defendants deny the allegations in that paragraph to the extent that
15   they are made against the QED Defendants.

16   109.   The allegations in paragraph 109 constitute legal conclusions that require
17   no response.

18   110.   The QED Defendants object to paragraph 110 as vague and ambiguous
19   with respect to the term "associated," and on that basis, Defendants deny the allegations
20   in that paragraph to the extent that they are made against the QED Defendants.

21   111.   The QED Defendants deny the allegations in paragraph 111 to the extent
22   that those allegations are made against the QED Defendants.  The QED Defendants lack
23   sufficient knowledge or information on which to form a belief as to the truth of the
24   remaining allegations in Paragraph 111 and therefore deny the same.

25   112.   The QED Defendants deny the allegations in paragraph 112 to the extent
26   that those allegations are made against the QED Defendants.  The QED Defendants lack
27   sufficient knowledge or information on which to form a belief as to the truth of the
28   remaining allegations in Paragraph 112 and therefore deny the same.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

113.     The QED Defendants deny the allegations in paragraph 113 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 113 and therefore deny the same.

114.     The QED Defendants deny the allegations in paragraph 114 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 114 and therefore deny the same.

115.     The QED Defendants deny the allegations in paragraph 115 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 115 and therefore deny the same.

116.     The QED Defendants deny the allegations in paragraph 116 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 116 and therefore deny the same.

117.     The QED Defendants deny the allegations in paragraph 117 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 117 and therefore deny the same.

118.     The QED Defendants deny the allegations in paragraph 118 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 118 and therefore deny the same.

119.     The QED Defendants deny the allegations in paragraph 119 to the extent that those allegations are made against the QED Defendants.  The QED Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the remaining allegations in Paragraph 119 and therefore deny the same.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    120.    The QED Defendants deny the allegations in paragraph 120 to the extent

2    that those allegations are made against the QED Defendants.  The QED Defendants lack

3    sufficient knowledge or information on which to form a belief as to the truth of the

4    remaining allegations in Paragraph 120 and therefore deny the same.

5    121.    Answering paragraph 121, the QED Defendants deny that Plaintiffs are

6    entitled to any damages from the QED Defendants.

## COUNT EIGHT
### (Rico Conspiracy)

9    122.    Paragraph 122 requires no response.

10    123.    The QED Defendants deny the allegations in paragraph 123 to the extent

11    that those allegations are made against the QED Defendants.  The QED Defendants lack

12    sufficient knowledge or information on which to form a belief as to the truth of the

13    remaining allegations in Paragraph 123 and therefore deny the same.

14    124.    Answering paragraph 124, the QED Defendants deny that Plaintiffs are

15    entitled to any damages from the QED Defendants.

## COUNT NINE
### (Arizona RICO)

18    125.    Paragraph 125 requires no response.

19    126.    The QED Defendants deny the allegations in paragraph 126 to the extent

20    that those allegations are made against the QED Defendants.  The QED Defendants lack

21    sufficient knowledge or information on which to form a belief as to the truth of the

22    remaining allegations in Paragraph 126 and therefore deny the same.

23    127.    The QED Defendants deny the allegations in paragraph 127 to the extent

24    that those allegations are made against the QED Defendants.  The QED Defendants lack

25    sufficient knowledge or information on which to form a belief as to the truth of the

26    remaining allegations in Paragraph 127 and therefore deny the same.

27    ///

28    ///

2012042.1

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    128.    Answering paragraph 128, the QED Defendants deny that they have

2    committed any violations of A.R.S. § 12-2310 and further deny that Plaintiffs have been

3    damaged as a result of any actions by the QED Defendants.

4                                    **COUNT TEN**
                                    **(Punitive Damages)**
5

6    129.    Paragraph 129 requires no response.

7    130.    The QED Defendants deny the allegations in paragraph 130 to the extent

8    that those allegations are made against the QED Defendants.  The QED Defendants lack

9    sufficient knowledge or information on which to form a belief as to the truth of the

10    remaining allegations in Paragraph 130 and therefore deny the same.

11    131.    The QED Defendants deny the allegations in paragraph 131 to the extent

12    that those allegations are made against the QED Defendants.  The QED Defendants lack

13    sufficient knowledge or information on which to form a belief as to the truth of the

14    remaining allegations in Paragraph 131 and therefore deny the same.

15    132.    Answering paragraph 132, the QED Defendants deny that Plaintiffs are

16    entitled to punitive damages for any actions by the QED Defendants.

17    133.    The QED Defendants deny each and every allegation in Plaintiffs'

18    Complaint not expressly admitted herein.

19                              **AFFIRMATIVE DEFENSES**

20    A.    Plaintiffs' Complaint fails to state a claim upon which relief may be

21    granted;

22    B.    Plaintiffs' Complaint is barred by the statute of limitations;

23    C.    Plaintiffs' Complaint is barred by the doctrines of laches, waiver, and

24    estoppel;

25    D.    Plaintiffs' Complaint is barred by unclean hands;

26    E.    The QED Defendants reserve the right to assert any additional affirmative

27    defenses, including those identified in Rule 8, Fed. R. Civ P., as those defenses come to

28    light during the course of this litigation.

2012042.1

**PRAYER FOR RELIEF**

WHEREFORE, the QED Defendants respectfully request the following relief;

A.      That the Court enter judgment in favor of the QED Defendants, and against Plaintiffs;

B.      For the QED Defendants' costs and attorneys' fees incurred defending this Complaint;

C.      For such other and further relief as may be just under the circumstances.

**COUNTERCLAIM**

For their Counterclaim, Russo and QED Media Group (collectively "Counterclaimants") allege as follows:

**Parties, Jurisdiction, and Venue**

1.      Counterclaimant QED Media Group is a Maine Limited Liability Company with its principal place of business in Cumberland County, Maine.

2.      Counterclaimant Russo is a single man residing in Cumberland County, Maine, and is the CEO and owner of QED Media Group.

3.      Counterdefendant Xcentric Ventures, LLC ("Xcentric") is a limited liability company organized under the laws of the State of Arizona. Counterdefendant Ed Magedson ("Magedson") is a single man residing in Maricopa County, Arizona, and the Manager of Xcentric. Magedson's actions giving rise to this Counterclaim were committed in his personal capacity and in his capacity as an agent of Xcentric.

4.      The amount in controversy in this counterclaim exceeds $75,000, exclusive of interest and costs, and this Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1332(a);

5.      Subject matter jurisdiction over this counterclaim is also conferred by 28 U.S.C. § 1367, based on Plaintiffs' allegations in their Complaint.

6.      Magedson and Xcentric have committed acts within the District of Arizona that give rise to this counterclaim and that have damaged Counterclaimants. Venue is proper under 28 U.S.C. § 1391.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

2012042.1

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

**Background Facts**

7.     QED Media Group is an internet service provider with offices in the United States, South America, Canada, the UK, and Central Europe.

8.     QED Media Group provides its clients with an array of services, including software design, website design, front office support, internet marketing, and public relations.

9.     As part of its public relations services, QED Media Group uses a host of lawful reputation management strategies to protect its clients' reputations from the publication and dissemination of defamatory information about those clients on the internet. QED Media Group's services and strategies are widely used and accepted in the online industry.

10.     QED Media Group's reputation management strategies are aimed at removing defamatory information about QED Media Group's clients from the internet or minimizing the ability to access such misinformation through internet searches.

11.     Among these strategies, QED Media Group communicates directly with website operators about revising or removing defamatory information. In addition, QED Media Group employs various techniques and technologies that optimize the search engine profiles of its clients by lowering the ranking of search results that contain defamatory content.

12.     QED Media Group's reputation management strategies assist clients with combating the destructive impact of defamatory content easily accessible by anyone with an internet connection from anywhere in the world.

13.     QED Media Group gets many of its clients through referral sources. Defendant William Stanley ("Stanley") is one of many such referral sources.

14.     Russo has never personally met Stanley. Other than the referral agreement between QED Media Group and Stanley, neither Russo nor QED Media Group has a relationship, business or otherwise, with Stanley.

/ / /

Snell & Wilmer

L.L.P.

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

15.     An inordinate number of calls to QED Media Group for its services come from clients who have been defamed by content on Magedson's and Xcentric's website, ripoffreport.com.

16.     Magedson and Xcentric operate ripoffreport.com, which is also accessible through the web address badbusinessbureau.com.

17.     On his website, Magedson encourages users to anonymously post disparaging information about companies and individuals believed by ripoffreport.com users to "ripoff consumers."

18.     Once these ripoff "reports" are published, they quickly climb to prominent positions in web search engine results.  Often, a ripoff report will be ranked at or near the very top of search results, even above the victim's own company website.

19.     Magedson has admitted on his own ripoffreport.com website that he changes "report titles" to "enhance" the reports' "ability to be found on search engines."

20.     Magedson and Xcentric take great care to conceal the identity of users of their ripoffreport.com website who post anonymous disparaging comments about companies and individuals.  For example, Magedson and his other "editors" review reports before they are published and remove personally identifying information about the users.

21.     Conversely, Magedson and Xcentric offer no such protection to the disparaged victims of those reports.  Many of these published ripoff "reports" contain photographs, addresses, and phone numbers of the victims.

22.     Nor do Magedson or Xcentric make any attempt to verify the accuracy of disparaging information posted by users before that information is published and accessible to internet users all over the world.  Magedson even boasts that he has a policy of never removing any report, even if a report is proven to be defamatory.

23.     Magedson and Xcentric flaunt this policy to never remove reports while hiding behind the "safe harbor" provision of the Federal Communications Decency Act

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    (the "CDA"), which Magedson and Xcentric believe gives them absolute immunity from

2    liability for their actions.

3        24.    Magedson and Xcentric then use the power of their ripoffreport.com

4    website and their interpretation of the CDA as tools for extorting victims of these

5    widely-published ripoff "reports." Specifically, Magedson and Xcentric offer to accept

6    exorbitant sums of money to "update" disparaging ripoff reports as part of their so-called

7    "Corporate Advocacy Program."

8        25.    Victims of Magedson's and Xcentric's disparaging reports are thus faced

9    with the dilemma of three unsatisfactory choices: (1) live with the worldwide

10   publication of defamatory misinformation about the particular victim, (2) accede to

11   Magedson's extortive money demands, or (3) initiate an expensive lawsuit against

12   Magedson and Xcentric (who has a history of evading service of process).

13       26.    In or around February 2006, Russo contacted Magedson on behalf of

14   certain clients regarding certain defamatory ripoffreport.com reports about QED Media

15   Group's clients that ranked at or near the top of search engine results.

16       27.    In several telephone conversations with Magedson, Russo attempted to

17   negotiate with Magedson about possible options for removing such defamatory reports,

18   or "privatizing" such reports so that they did not appear in web search results.

19       28.    Magedson was often sarcastic, angry, and rude, refusing to negotiate

20   reasonably with Russo.

21       29.    Secretly, Magedson never intended to negotiate in good faith with Russo

22   regarding Russo's legitimate concerns. Instead, Magedson had other purposes for

23   communicating with Russo. First, Magedson attempted to trap Russo into admitting a

24   concerted effort with Defendant Stanley (that did not exist) to commit wrongful acts

25   against Magedson and Xcentric. Second, Magedson sought to obtain from Russo the

26   names of QED Media Group's customers under the guise of cooperating with Russo's

27   efforts to seek relief for his customers from the negative content on Magedson's

28   ripoffreport.com website. In truth, Magedson was gathering the names of these

2012042.1

customers to contact them and defame Russo and QED Media Group. Magedson

secretly recorded all of these telephone calls.

30.     Magedson's plan to fabricate a concerted effort between Russo and Stanley to commit wrongful acts failed. Throughout the course of these telephone conversations, Russo repeatedly made clear that even though both Russo and Stanley share concerns about the harmful nature of Magedson's ripoffreport.com website, Russo and Stanley represent separate interests and address their concerns in different ways.

31.     Because attempts to negotiate directly with Magedson were unsuccessful, QED Media Group relied on its other reputation management strategies to assist those clients who had become victims of Magedson's and Xcentric's defamatory ripoff reports. As a result, the web search engine results for QED Media Group's clients improved, and the rankings of defamatory ripoff reports about those clients fell from the first page of search results.

32.     In retaliation for QED Media Group's services that minimize the need for ripoffreport.com victims to accede to Magedson's extortive "Corporate Advocacy Program," Magedson and Xcentric devised a scheme to defame the reputations of Russo and QED Media Group.

33.     In February, 2007, Magedson publicized defamatory remarks about Russo and QED Media Group to numerous members of the professional media.

34.     Specifically, Magedson sent an email to numerous reporters that identified Russo's affiliation with QED Media Group and that accused Russo of being an "internet terrorist" and a member of an "internet terrorist organization."

35.     Magedson's email falsely suggests that Russo participated in sending Magedson two anonymous "letters" containing violent personal threats against Magedson, his family, and his dog. Those letters were attached to the email. (*See* Exhibit A.)

36.     Magedson has a history of accusing victims of his website who attempt to defend themselves with making death threats against Magedson. On information and

belief, Magedson wrote the letters attached as Exhibit A himself as part of his scheme to defame the reputations of Russo and QED Media Group.

37. On March 3, 2007, Magedson filed a report with the Mesa Police Department in which he accused Russo of sending the threatening letters. (*See* Exhibit B.)

38. Magedson also gave the Mesa Police Department copies of audio recordings that Magedson considered "evidence" of Russo's involvement.

39. Magedson told the Mesa Police Department that he did not want to give his address to the Department because he feared that the Mesa police officers would "assault" Magedson.

40. The Mesa Police Department listened to the tapes provided by Magedson and found no personal threats against Magedson. All of the conversations pertained to "shutting down" Magedson's ripoffreport.com website.

41. The Mesa Police Department also confirmed that the identity of the anonymous letters is not known.

42. Magedson publicized and continues to publicize, in many forums, his false defamatory accusations that Russo and QED Media Group are internet terrorists who make violent personal threats. On information and belief, these forums include face-to-face meetings, telephone conversations, written correspondence, emails, and internet message boards.

43. Magedson publicized his defamatory accusations against Russo and QED Media in telephone conversations with many of QED Media Group's clients that Magedson tricked Russo into identifying under the guise of cooperating with Russo's efforts to seek relief for his customers from the negative content on Magedson's ripoffreport.com website. One such client is Prosper Learning, who hired QED Media Group to improve its search engine profile.

44. Magedson called "Devon" from Prosper Learning and attempted to bait Devon into suggesting that QED Media Group promised rip-off report removal services

24

1 that QED Media Group did not provide. As Magedson often does, he secretly recorded
2 his telephone conversation without Devon's knowledge.

3     45.    Devon rejected Magedson's false suggestion and explained QED Media
4 Group's services exactly as offered by QED Media Group.

5     46.    Magedson pressed Devon, promising him that he "will not give [Devon]
6 up, meaning [Magedson] will not let them know that [he was] talking with [Devon]."

7     47.    Magedson then falsely told Devon that Russo "committed terrorist acts"
8 and that Russo "threatened" Magedson's life.

9     48.    Magedson then assured Devon that if for some reason Russo called
10 Magedson, he would lie to Russo saying that he never spoke to Devon.

11     49.    Magedson then begged Devon to "[g]et really what [Devon] can on [Russo
12 and Williams]," saying he needed "whatever information [Devon had] on them."
13 Magedson then strongly reassured Devon that their conversation would be kept strictly
14 confidential, saying to Devon, "There is no way I would give you guys up for anything.
15 There's no way. Because that's my . . . you know . . . our deal. I'm never going to do
16 anything to harm you guys."

17     50.    Shortly after Magedson's telephone conversation with Devon, Magedson
18 had the recording of the conversation transcribed, and his attorneys introduced the
19 transcript as an exhibit in the preliminary injunction hearing in this case, making public
20 the entire conversation that Magedson had promised Devon to keep confidential.

21     51.    As a result of Magedson's conversation with Devon, QED Media Group
22 lost its contract with Prosper Learning.

23     52.    Magedson's scheme continued on May 10, 2007, when Magedson filed
24 this lawsuit repeating his false defamatory accusations about Russo and QED Media
25 Group and asserted additional false allegations of defamation, conspiracy, and
26 racketeering.

27     53.    Almost immediately after this lawsuit was filed, a web page announcing
28 the lawsuit, the QED Defendants as "Defendants," and the nature of the lawsuit as

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

2012042.1

1    "Racketeer Influenced and Corrupt Organizations" began appearing as the number one

2    ranked search engine result for the Google.com search "Robert Russo QED." That

3    number one search ranking remains today.

4          54.    Within two weeks after the QED Defendants filed their Counterclaim,

5    defamatory statements about QED Media Group's website, Defendmyname.com, began

6    appearing on numerous internet blogs under the name "mario capalini." These

7    defamatory statements falsely accusing Defendmyname.com of being an "EXTORTION

8    SCAM FRAUD." QED Media Group has never had a customer named Mario Capalini.

9    On information and belief, these defamatory statements were posted by Magedson

10    and/or Xcentric. (*See* Exhibit C.)

11          55.    Prior to the posting of those defamatory comments (which, again, took

12    place within two weeks after the Counterclaim was filed), neither Defendmyname.com,

13    nor QED Media Group, nor Robert Russo had been the victim of such defamatory

14    comments on the internet.

15          56.    On June 15, 2007, a defamatory report about Russo, QED Media Group,

16    and defendmyname.com, under the name "Robert" from "Valhalla, Alabama," appeared

17    on Magedson's and Xcentric's ripoffreport.com website. (*See* Exhibit D.)

18          57.    That report falsely accused Russo and QED Media Group of engaging in

19    "FALSE PROMISES, LIES AND EXTORTION," participating in a "dirty con game,"

20    and using technology tools that are "phony" and that "do not exist."

21          58.    That report identified QED Media Group's rate of "$1000.00" per month

22    for its services, which coincidentally had just been announced in a Wall Street Journal

23    article about QED Media Group published only two days before the report was posted.

24    (Exhibit E.)

25          59.    QED Media Group has never had a customer or client named "Robert"

26    from "Valhalla, Alabama." On information and belief, Magedson and Xcentric authored

27    or edited the June 15, 2007 defamatory report about Russo and QED Media Group.

28    / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

60.     On June 25, 2007, an "update" to the June 15, 2007 ripoff report, appeared on the ripoffreport.com website under the alias "Damien" from "Billings, Montana." That report falsely accused Russo and QED Media Group of being "Shysters" who "stole $15,000." That report also called Defendmyname a "scam" That update also touted Magedson's and Xcentric's "Corporate Advocacy Plan." (Exhibit F.)

61.     QED Media Group has never had a customer or client named "Damien" from "Billings, Montana." On information and belief, Magedson and Xcentric authored or edited the June 15, 2007 defamatory report about Russo and QED Media Group.

62.     Prior to the posting of the June 15, 2007 ripoff report or the June 25, 2007 update, none of the QED Defendants had ever been the subject of any report on ripoffreport.com.

63.     None of QED Media Group's customers has ever complained to Russo or QED Media Group about the quality of QED Media Group's reputation management services other than minor, routine concerns typical of any service business.

64.     The defamatory reports about QED Media Group and Russo remain on Magedson's ripoffreport.com website today and are accessible through search engines.

65.     Magedson and Xcentric exercise editorial control over the content of their ripoffreport.com website in a variety of ways:

    a.  Once complaints from consumers are received, Magedson and Xcentric review them and select which complaints to publish.

    b.  In their selection process, Magedson and Xcentric include negative comments but omit positive comments.

    c.  Magedson and Xcentric edit and rewrite complaints themselves.

    d.  Magedson and Xcentric author negative headlines that accompany the purported consumer complaints, prominently featuring words like "scam" and "ripoff."

/ / /

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

e.  Magedson and Xcentric select certain reports to prominently feature on sections of their ripoffreport.com website entitled "Top Rip-off Reports" and "Newest Rip-Off Reports."

f.  Ripoffreport.com contains an "editorial" section authored by Magedson and links to other sites and content generated by Magedson.

g.  Magedson and Xcentric assure that they have sole control over all reports once posted by prohibiting even the users who posted reports from removing those reports. If a user has second thoughts about having posted defamatory content and decides to have that content removed, Magedson and Xcentric will prohibit the removal of that defamatory content.

## Count One
### (Defamation)

66.  Counterclaimants re-allege and incorporate by reference all paragraphs of this Complaint as though fully set forth in Count One.

67.  Magedson and Xcentric made false, disparaging, derogatory, and misleading statements about Russo and QED Media Group.

68.  Magedson and Xcentric made these statements knowing of their falsity, or in reckless disregard for their truth.

69.  Such false statements were made by Magedson and Xcentric to third parties, including members of the professional media and QED Media Group's customers.

70.  Such false statements have caused and continue to cause injury to Russo's and QED Media Group's reputations.

71.  As a direct and proximate result of Magedson's and Xcentric's defamation, Russo and QED Media Group have been damaged in an amount to be proven at trial.

72.  In addition, Magedson's and Xcentric's defamatory statements are actionable per se.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

73. Magedson's and Xcentric's wrongful actions were committed with the requisite evil mind under Arizona law to warrant the imposition of punitive damages.

## Count Two
### (False Light)

74. Counterclaimants re-allege and incorporate by reference all paragraphs of this Complaint as though fully set forth in Count Two.

75. Magedson's and Xcentric's statements and actions have placed Russo and QED Media Group in a false light.

76. The false light in which Russo and QED Media Group have been placed as a result of Magedson's and Xcentric's statements and actions would be highly offensive to a reasonable person.

77. Magedson and Xcentric knew that the statements and impressions created by their actions were false, or Magedson and Xcentric acted in reckless disregard for the truth or falsity of those statements and impressions.

78. As a direct and proximate result of Magedson's and Xcentric's wrongful statements and actions, Russo and QED Media Group have been damaged in an amount to be proven at trial.

79. Magedson's and Xcentric's wrongful actions were committed with the requisite evil mind under Arizona law to warrant the imposition of punitive damages.

## Count Three
### (Tortious Interference with Contract and other Business Expectancies)

80. Counterclaimants re-allege and incorporate by reference all paragraphs of this Complaint as though fully set forth in Count Two.

81. Counterclaimants had and continue to have valuable contracts and business expectancies with its clients and potential clients.

82. Magedson and Xcentric knew, when falsely and publicly making defamatory statements about Counterclaimants, including accusing them of being

/ / /

2012042.1

terrorists and committing terrorist acts, that Counterclaimants had these valuable contracts and business expectancies.

83. Magedson's and Xcentric's false defamatory allegations against Counterclaimants have interfered with their contracts and other business expectancies.

84. Magedson and Xcentric intended or knew with a substantial certainty that their actions would adversely affect Counterclaimants' relationships with their customers.

85. Magedson's and Xcentric's motive and means in interfering with Counterclaimants' valuable contracts and other business expectancies were improper.

86. Magedson's and Xcentric's wrongful actions caused Counterclaimants to suffer damages in an amount to be proven at trial.

87. Magedson's and Xcentric's wrongful actions were committed with the requisite evil mind under Arizona law to warrant the imposition of punitive damages.

WHEREFORE, Counterclaimants Russo and QED Media Group pray for relief as follows:

A. Direct, incidental, and consequential damages in an amount to be proven at trial;

B. Punitive damages;

C. Injunctive relief prohibiting Magedson and Xcentric from repeating defamatory statements against Russo and QED Media Group;

D. Attorneys' fees and costs; and

E. Any further relief that this Court deems just and appropriate.

### Jury Demand

Counterclaimants hereby demand a trial by jury.

/ / /

/ / /

/ / /

DATED this 26th day of June, 2007.

SNELL & WILMER L.L.P.


By   /s/ Michael K. Dana
    Michael K. Dana
    Teresa K. Anderson
    One Arizona Center
    400 E. Van Buren
    Phoenix, AZ  85004-2202
    Attorneys for Robert Russo, QED Media Group,
    L.L.C., and Internet Defamation League, L.L.C.


## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2007 I electronically transmitted the foregoing

to the Clerk's Office using the CM/ECF System for filing to the following CM/ECF

participant:

        Maria Crimi Speth
        Jaburg & Wilk
        3200 North Central Avenue
        Suite 2000
        Phoenix, Arizona 85012
        Attorneys for Plaintiffs
        mcs@jaburgwilk.com

I further certify that on June 26, 2007, I served a courtesy copy of the

aforementioned document and transmittal of a Notice of Electronic Filing by mail on

the following:

        The Honorable Neil V. Wake
        United States District Court
        401 West Washington Street,
        Phoenix, AZ  85003



 /s/ E. E. Szafranski                -

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000