Maria Crimi Speth, #012574
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>Defendants. | Case No: 2:07-cv-00954-NVW<br><br>**RESPONSE TO MOTION TO DISQUALIFY** |

10297-1/MCS/MCS/597332_v1

|   |   |
|---|---|
| 1 | ROBERT RUSSO, an individual; QED MEDIA GROUP, L.L.C., a Maine limited liability corporation, |
| 2 | |
| 3 | Counterclaimants, |
| 4 | v. |
| 5 | ED MAGEDSON, an individual, |
| 6 | Counterdefendant. |

Plaintiffs respectfully request that the Court deny The QED Defendants' Motion to Disqualify Plaintiffs' counsel. The QED Defendants' do not have standing to raise the issue and the continued representation does not violate the Rules of Professional Conduct.

## I. INTRODUCTION

This motion is an ironic attempt to use the Court to accomplish what Defendants' tortious conduct has not – interference with Plaintiffs' relationship with their attorneys. Defendants have announced to the world that their goal is to cause all of Xcentric's service providers to refuse to do business with Xcentric. Without service providers, Xcentric can not survive in business. Unfortunately, Defendants' tactics have succeeded in alienating numerous internet service providers. Fortunately, Defendants' tactics have not succeeded in alienating Plaintiffs' counsel. Yet, Defendants are once again attempting to interfere with Xcentric's relationship with its counsel.

## II. MS. SPETH'S STATUS AS A WITNESS DOES NOT REQUIRE WITHDRAWAL

Arizona ethics rule, ER 3.7 provides as follows:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by ER 1.7 or ER 1.9.

Nothing in Rule 3.7 prohibits a lawyer from acting as counsel for pre-trial proceedings and Rule 3.7 expressly permits other lawyers in the firm to act as advocates even if one member of the firm is a witness. Moreover, the entire rule contains an exception where disqualification would work substantial hardship on the client.

Rule 3.7 is designed to avoid confusion by the trier of fact during an actual trial. The comment to Rule 3.7 explains:

> The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Plaintiffs do not dispute that there is a potential that Ms. Speth may testify at trial. That can be determined by the parties and the Court shortly before trial. If it appears that she will actually be called as a witness, Plaintiffs will determine whether they believe they will suffer substantial hardship if another attorney in her firm acts as an advocate. If so, Plaintiffs will seek leave pursuant to ER 3.7 (a)(3) for her to proceed in both capacities. Those issues need not be determined until shortly before trial. Importantly, regardless of the outcome of those decisions, the law firm of Jaburg & Wilk, P.C. may ethically

3

continue to represent Plaintiffs whether or not Ms. Speth herself acts as an advocate at trial.

There is no support for Defendants' position that ER 3.7 requires disqualification of the entire law firm or that ER 3.7 applies to pre-trial proceedings.

## III. CONFLICT OF INTEREST

### a. Defendants Do Not Have Standing

It is incredibly disingenuous for Defendants to purport to be looking out for Plaintiffs' best interests. If Defendants truly thought that representation by Jaburg & Wilk, P.C. was detrimental to Plaintiffs' best interests, they would not incur legal fees to sever that representation. Rather, they would quietly cheer.

Defendants seek disqualification solely because Defendants seek a tactical advantage and hope to force Plaintiffs to incur substantial costs in educating a new firm. Defendants also seek a weaker target that will cave to their threats and reputational assault rather than remain loyal to its client.

Defendants cite ER 1.7(a)(2) and ER 1.8(i) – two ethic rules designed to protect clients, not opposing parties. Ed Magedson, in his own words, has submitted a declaration demonstrating that he does not feel the need to be protected from his counsel. (Exhibit "A").

The Preamble to the Arizona Rules of Professional Conduct "warns that 'the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons.' Pmbl. ¶ 20, Ariz. R. Prof'l Conduct. Thus, the rules of professional responsibility are for ethical enforcement and are not designed to be used as a means to disqualify counsel." *Amparano v. ASARCO, Inc.* 208 Ariz. 370, *376, 93 P.3d 1086, **1092 (Ariz.App. Div. 2,2004)

4

"Only in extreme circumstances should a party to a lawsuit be allowed to interfere with the attorney-client relationship of his opponent." *Alexander v. Superior Court In and For Maricopa County,* 685 P.2d 1309, 1313 (Ariz.1984).

Arizona courts have also advised reviewing courts to "view with suspicion" motions by opposing counsel to disqualify an attorney based upon a purported conflict of interest. *Villalpando v. Reagan,* 121 P.3d 172, 175 (Ariz.App.2005) (quoting *Gomez v. Superior Court,* 717 P .2d 902, 905 (Ariz.1986)).

This Court has recognized that it is the minority rule that even allows a non-client party to move to disqualify the opposing party's counsel on the grounds of conflict of interest and that neither the neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has addressed whether the standing doctrine precludes a non-client party from moving to disqualify the opposing party's counsel on the grounds of a conflict of interest. *Jamieson v. Slater,* 2006 WL 3421788, *5 (D.Ariz.,2006). In *Jamieson*, this Court followed the minority rule, but only because it determined that the Plaintiff had established a personal stake in her Motion to Disqualify that provided her with standing to request the disqualification. In *Jamieson,* the lawyer that was disqualified had been named as an actual co-defendant in the case before he undertook the representation. Moreover, the Court made a finding that the motion was not filed for tactical reasons. *Jamieson v. Slater,* 2006 WL 3421788, *5 (D.Ariz.,2006)

Here, the Motion to Disqualify is clearly filed for tactical reasons. Defendants have not and can not establish any personal stake that would give them standing to raise the purported conflict of interest.

### b. There is no Conflict When the Law Firm and Client's Interests Are Aligned

As set forth in the declaration of Ed Magedson attached hereto as Exhibit "A," there is no conflict of interest.

5

Contrary to Defendants' assertion, Plaintiffs' counsel has not acquired a proprietary interest in the cause of action or subject matter of the litigation in violation of ER 1.8. "Proprietary" is defined by Dictionary.com as pertaining to property or ownership. *Dictionary.com Unabridged (v 1.1).* Retrieved July 06, 2007, from Dictionary.com website: http://dictionary.reference.com/browse/proprietary*Dictionary.com.*

Plaintiffs do not disagree that Plaintiffs' counsel would benefit from compliance with the preliminary injunction issued in this matter. Similarly, Plaintiffs do not disagree that Plaintiffs' counsel is harmed by the attack on its reputation launched by Defendants. This does not, however, constitute a proprietary interest in the matter. Plaintiffs seek their own monetary damages in this case, and not the damages that have been suffered by their numerous service providers. The gravaman of Plaintiffs' claims is the injury to their reputation and damage to their relationships with their service providers. The fact that one of those service providers is Plaintiffs' counsel does not give Plaintiffs' counsel a proprietary or ownership interest in the claims.

If a "proprietary" interest were created as a result of Defendants making defamatory statements about Plaintiffs' counsel, Defendants would easily succeed in depriving Xcentric of the ability to defend this litigation. Defendants continue to violate this Court's order. (See Exhibit "B," a July 5, 2007 email from Stanley bragging that he posted on another website the same content that he has been ordered to take down). If this Court were to grant this motion, there is every reason to believe that Stanley will post false information about whichever firm appears as counsel. Based on Defendants' definition of a proprietary interest, the new counsel would have to be disqualified as well, as would all subsequent attorneys who become the subject of Defendants' wrath. Since Xcentric is a corporation, it could not appear pro se.

Of course, this absurd result is not contemplated by the rules because being attacked by the opposing party does not create a proprietary interest in a claim.

Likewise, there is no risk that the representation will be materially limited by a personal interest of the lawyer. Jaburg & Wilk's interest in protecting their reputation is

6

10297-1/MCS/MCS/597332_v1
Case 2:07-cv-00954-NVW   Document 39   Filed 07/06/2007   Page 6 of 8

1  in complete alignment and not contrary to the interests of Xcentric and Magedson to protect their own reputations, the reputations of their service providers, and their relationship with their service providers. Moreover, Jaburg & Wilk has provided and reasonably believes that it will be able to continue to provide competent and diligent representation to Plaintiffs. Thus, the representation does not violate ER 1.7.

IV. **CONCLUSION**

For all of the foregoing reasons, Plaintiffs request that the Court deny The QED Defendants' Motion to Disqualify Plaintiffs' Counsel.

DATED this 6th day of July, 2007.

**JABURG & WILK, P.C.**


s/ Maria Crimi Speth
Maria Crimi Speth
Attorneys for Plaintiffs


**Certificate of Service**

I hereby certify that on July 6, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Teresa Kay Anderson
Snell & Wilmer LLP
One Arizona Center
400 E Van Buren
Phoenix, AZ 85004

Michael Kent Dana
Snell & Wilmer LLP
400 E Van Buren
Phoenix, AZ 85004-0001

Attorneys for Defendants Robert Russo,
QED Media Group, LLC and Internet
Defamation League

With a COPY of the foregoing emailed on the 6th day of July, 2007, to:

William "Bill" Stanley
defamationaction@gmail.com
geographicalseo@gmail.com

With a COPY of the foregoing hand delivered on the 9th day of July, 2007, to:

Honorable Neil V Wake
United States District Court
District of Arizona

s/Debra Gower

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012