Maria Crimi Speth, #012574
Laura Rogal, #025159
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual;  ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>Defendants. | Case No: 2:07-cv-00954-NVW<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANTS ROBERT RUSSO, QED MEDIA GROUP, L.L.C., AND INTERNET DEFAMATION LEAGUE, L.L.C.** |

ROBERT RUSSO, an individual; QED MEDIA GROUP, L.L.C., a Maine limited liability corporation,

Counterclaimants,

v.

ED MAGEDSON, an individual,

Counterdefendant.

Plaintiff/Counterdefendant Ed Magedson ("Magedson")[1] hereby moves this Court for an Order dismissing Counts One and Two of the First Amended Counterclaim of Defendants/Counterclaimants Robert Russo and QED Media Group, L.L.C. (collectively, "Counterclaimants") pursuant to Fed. R. Civ. P. 12(b)(6). As explained both in Magedson's original Motion to Dismiss, as well as below, Counterclaimants have failed to state a claim upon which relief may be granted as to Counts One and Two. Despite a verbatim recitation of the First Amended Counterclaim for the Court, the Counterclaimants have utterly failed to provide even a single determinable instance of either defamation or false light by Magedson, and therefore Counts One and Two of the First Amended Counterclaim must be dismissed.

## I. INTRODUCTION

Magedson does not dispute the standard vaguely articulated by Counterclaimants that a well-pled complaint may defeat a motion to dismiss. *See Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090 (9th Cir. 2004) (In considering a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation". *Papasan v. Allain,* 478

---

[1] Despite the change of caption by Counterclaimants, Xcentric Ventures, LLC is not a Counterdefendant in this action. Counterclaimants have filed a Motion for Leave to File Second Amended Counterclaim, which would purport to include Xcentric as a Counterdefendant, but to date, that Motion has not been granted. Therefore, the Motion to Dismiss applies to the only Counterdefendant identified in the First Amended Complaint, which is the complaint requesting to be dismissed here.

2

U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g.*, *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The purpose of a Motion to Dismiss pursuant to Rule 12(b)(6) should not involve any discussion of the merits of a claim; instead, the complaint must be reviewed to determine if the facts, as alleged, can sustain the claims presented. All rhetoric aside, the Counterclaim simply does not put forth any claim upon which relief may be granted.

## II. NO SUSTAINABLE CLAIMS HAVE BEEN IDENTIFIED

For Counterclaimants to survive Magedson's Motion to Dismiss, they are required to not only establish that the statements about which they complain are "reasonably capable of sustaining a defamatory meaning," *Cochran v. NYP Holdings, Inc.*, 58 F.Supp.2d 1113, 1121 (C.D.Cal.1998), *aff'd and reasoning adopted*, 210 F.3d 1036, 1038 (9th Cir.2000), they must also show that they are not mere "comment within the ambit of the First Amendment." *Id.* This Court can resolve both questions as a matter of law. *Id.* at 1120; *Dodds v. Am. Broad. Co.*, 145 F.3d 1053, 1065-68 (9th Cir.1998) (dismissing action for failure to state a claim because statements were non-actionable opinion); *Dworkin v. Hustler Magazine, Inc.*, 668 F.Supp. 1408, 1415 (C.D.Cal.1987) ("It is for the court to decide [whether a statement is actionable defamation] in the first instance as a matter of law."), aff'd, 867 F.2d 1188, 1193-94 (9th Cir.1989).

Although Counterclaimants insist they have set forth "an abundance of clear specific defamatory statements," the latent ambiguity of their allegations is demonstrated impressively in their own Response. Magedson, in his Motion to Dismiss, refuted two separate apparent allegations of defamation and false light addressed in the First Amended Counterclaim. First, Magedson explained that his reporting to the Mesa police department

3

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

is privileged. Next, Magedson explained that all statements made in his underlying Complaint are privileged as well. Both of these absolutely correct defenses were premised on the idea that these allegations were made as part and parcel of Counterclaimants' Counterclaim. As "clarified" in Counterclaimants' Response, both of those allegations "do not comprise the factual basis" for Counts One or Two of the First Amended Counterclaim, and were included "for purposes other than to identify particular defamatory statements." Since the statements made to the Mesa police, as well as the statements made in the underlying Complaint, were the most specifically defined statements in the entire First Amended Counterclaim, Magedson was justified in presuming that those allegations were meant to be included in the underlying claim. This lack of specificity is evidence of Counterclaimants' total failure to plead any claim under which relief can be granted. Through their explanation in the Response that these allegations are not actually defamation and/or false light claims, Counterclaimants have conceded to the two main points which Magedson attempted to make in his Motion to Dismiss – that reports to the police, as well as statements made in a legal proceeding, are privileged and not subject to claims for defamation.

Counterclaimants insist on improperly referencing their allegations of defamation as "statements." As defined by Merriam-Webster's Dictionary, a "statement" is "a single declaration or remark." Yet as used by Counterclaimants, the "statements" they have identified do not include any declarations or remarks actually made by Magedson. Indeed, despite Counterclaimants' use of parenthesis to imply that the words and phrases were Magedson's own, Counterclaimants do not identify a single attributable defamatory statement to Magedson in the First Amended Counterclaim. The Court is not required to take as true any statements pled by Counterclaimants "upon information and belief." Allegations which utilize this qualifier are mere conclusions made by Counterclaimants, not facts, and need not be taken by the Court as factual assertions that must be accepted as true.

4

10297-1/LAR/LAR/598271_v1
Case 2:07-cv-00954-NVW   Document 43   Filed 07/16/2007   Page 4 of 6

A claim for defamation cannot be premised entirely on inadmissible hearsay. *See Wallace v. Casa Grande Union High School Dist. No. 82 Bd. of Governors*, 184 Ariz. 419, 425, 909 P.2d 486, 492 (Ariz.App. Div. 2,1995). Counterclaimants have actually attempted to mislead the Court in their Response by newly representing that the content from the emails attached to the First Amended Counterclaim as Exhibit A were actually statements made by Magedson.[2] This assertion takes an allegation that was pled "upon information and belief", which was not made as a conclusive statement in the First Amended Counterclaim, and tries to parlay that assertion into a "fact" for purposes of the Response. Such hyperbole cannot and should not be taken as truth by this Court.

## III. CONCLUSION

As demonstrated above, Counterclaimants have failed to state a claim for either defamation or false light, and therefore the Counts One and Two of the First Amended Counterclaim must be dismissed in their entirety. Similarly, as also demonstrated above, no material facts remain as to Count Three of the First Amended Counterclaim, and judgment must be entered against Counterclaimants as a matter of law.

DATED this 16th day of July, 2007

**JABURG & WILK, P.C.**

s/ Laura Rogal
Maria Crimi Speth
Laura Rogal
Attorneys for Plaintiffs

---

[2] Magedson appreciates Counterclaimants' referral to Rule 11, Federal Rules of Civil Procedure, in Footnote 4 of the Response. Counterclaimants are reminded to take heed of the language of Rule 11 before proceeding any further with the above-captioned Counterclaims.

5

**Certificate of Service**

I hereby certify that on July 16, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Teresa Kay Anderson
Snell & Wilmer LLP
One Arizona Center
400 E Van Buren
Phoenix, AZ 85004

Michael Kent Dana
Snell & Wilmer LLP
400 E Van Buren
Phoenix, AZ 85004-0001

Attorneys for Defendants Robert Russo, QED Media Group, LLC and Internet Defamation League

With a COPY of the foregoing emailed on the 17th day of July, 2007, to:

William "Bill" Stanley
defamationaction@gmail.com
geographicalseo@gmail.com

With a COPY of the foregoing hand delivered on the 17th day of July, 2007, to:

Honorable Neil V Wake
United States District Court
District of Arizona

s/Debra Gower