Michael K. Dana (State Bar No. 019047)
Teresa K. Anderson (State Bar No. 024919)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Attorneys for Robert Russo, QED Media Group, L.L.C., and
Internet Defamation League, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association,<br><br>Defendants. | Case No. CV07-00954 PHX NVW<br><br>**DEFENDANTS/ COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY** |

| | |
|---|---|
| 1 | ROBERT RUSSO, an individual; and QED MEDIA GROUP, L.L.C., |
| 2 | |
| 3 | Counterclaimants, |
| 4 | v. |
| 5 | XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual, |
| 6 | |
| 7 | Counterdefendants. |

Plaintiffs do not offer any legitimate basis supporting their claim that their current counsel should continue representing Plaintiffs in this lawsuit.

Plaintiffs admit that Ms. Speth may be required testify as a witness at trial. Suspending that determination until "shortly before trial" is unfair to the QED Parties because it puts them in the position of having to plan and execute their discovery strategy without knowing the status of Ms. Speth's role in the case. Moreover, the longer Ms. Speth remains as counsel of record (she is the only counsel of record for Plaintiffs), the greater the risk that removing her as counsel will create a hardship for her client. Plaintiffs and their counsel should not be permitted to remain as counsel through the duration of this lawsuit, thereby creating the very "substantial hardship" that Plaintiffs will use to argue the need for Ms. Speth to occupy a dual advocate/witness role in this case. The determination of whether Ms. Speth will be a witness should be made now without further delay. Based on her participation at the preliminary injunction hearing, that determination has already been made – she is clearly a critical witness in this case who will likely be examined by both sides.

Counsel for the QED Parties have standing to raise the ethical issues supporting the disqualification of Plaintiffs' counsel. *See Dr. Jamieson v. Slater*, 2006 WL 3421788, *5 (D. Ariz. 2006). Plaintiffs acknowledge that this Court in *Jamieson* recently recognized the standing of opposing counsel to seek disqualification based on conflict-of-interest grounds. The same rationale applied by the court in *Jamieson* to establish the standing of

counsel for the plaintiffs in that case applies here. First, a dual advocacy/witness role by Ms. Speth would clearly have a negative impact on the QED Parties' ability to have a just and lawful determination of the claims in this case (1) because such a role would permit Ms. Speth to argue her own credibility *(see Sellers v. Superior Court*, 14 Ariz. 281, 288, 742 P.2d 292, 299 (App. 1987)) and (2) because the course of discovery may reveal that the interests of Plaintiffs' counsel require their participation as parties in order to assure a final adjudication of all the claims and issues in this case. Second, counsel for the QED Parties have the exact same obligation as counsel for plaintiffs in the *Jamieson* case to report potential ethical violations to the Court. *See Jamieson*, 2006 WL at *5. Third, "[t]here is no evidence that [the QED Parties] Motion to Disqualify has been filed for tactical reasons." *Id.* The QED Parties' legitimate reasons for seeking disqualification are clearly set forth in the Motion. Moreover, the QED Parties minimized any disruption to Plaintiffs by filing this Motion near the commencement of this action, and the QED Parties will accommodate any extensions necessary for Plaintiffs to obtain new counsel.

Plaintiffs' suggestion that their interests are "aligned" with those of their counsel is of no moment. This case involves numerous claims based on numerous factual allegations of purported wrongful conduct by multiple defendants. The proprietary interests of Plaintiffs' counsel are limited to their own copyrights and reputational interests. During the course of this lawsuit, Plaintiffs' counsel will likely be faced with numerous decisions that will benefit certain litigation goals at the expense of others. A final judgment conceivably could be rendered that favors certain of Plaintiffs' interests but not those of Plaintiffs' counsel, and vise versa.

For each of the reasons set forth in the QED Parties' Motion and this reply, Plaintiffs' counsel should be disqualified from representing Plaintiffs in this case.

///
///
///
///

DATED this 16th day of July, 2007.

SNELL & WILMER L.L.P.


By /s/ Michael K. Dana
    Michael K. Dana
    Teresa K. Anderson
    One Arizona Center
    400 E. Van Buren
    Phoenix, AZ 85004-2202
   Attorneys for Robert Russo, QED Media Group,
   L.L.C. and Internet Defamation League, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2007 I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing to the following CM/ECF participant:

    Maria Crimi Speth
    Jaburg & Wilk
    3200 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012
    Attorneys for Plaintiffs
    mcs@jaburgwilk.com

I further certify that on July 16, 2007, I served a courtesy copy of the aforementioned document and transmittal of a Notice of Electronic Filing by mail on the following:

    The Honorable Neil V. Wake
    United States District Court
    401 West Washington Street,
    Phoenix, Arizona 85003

/s/ E. E. Szafranski
53008.0001\DANAM\PHX\2022353