Maria Crimi Speth, #012574
Laura Rogal, #025159
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>Defendants. | Case No: 2:07-cv-00954-NVW<br><br>**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITIONS OF ED MAGEDSON AND THE 30(B)(6) REPRESENTATIVE** |

| | |
|---|---|
| 1 | ROBERT RUSSO, an individual; QED MEDIA GROUP, L.L.C., a Maine limited liability corporation, |
| 2 | |
| 3 | |
| 4 | Counterclaimants, |
| 5 | v. |
| 6 | ED MAGEDSON, an individual, |
| 7 | Counterdefendant. |

Plaintiffs Ed Magedson ("Magedson") and Xcentric Ventures, LLC ("Xcentric") (collectively, "Plaintiffs") hereby move this Court for the entry of a protective order regarding depositions noticed by Defendants Robert Russo, QED Media Group, L.L.C., and Internet Defamation League, LLC (collectively, "QED Defendants"). This Motion is prompted by the refusal of the QED Defendants to stipulate to reasonable protective measures for the depositions of both Magedson and a "corporate representative" of Xcentric. The Protective Order is necessary to ensure the continued safety of Magedson, as well as to prevent disclosure or publication of the videotaped depositions. A copy of Plaintiffs' Proposed Protective Order is filed contemporaneously herewith.

## I. INTRODUCTION

This Court is well aware of the serious misconduct by the Defendants in this case. Despite the existence of the Preliminary Injunction, entered by this Court on June 21, 2007, numerous individuals, including the QED Defendants, continue to threaten and harass Plaintiffs.[1] On July 11, 2007, the QED Defendants provided Plaintiffs with two separate Amended Notices of Depositions. These Amended Notices, submitted one day after the original Notice of Deposition, require that Magedson submit to a videotaped deposition at the offices of QED Defendants' counsel. In addition, the QED Defendants have requested a 30(b)(6) videotaped deposition for Xcentric. As they currently stand, the videotape depositions provide no protection for Plaintiffs' safety and security, and,

---

[1] Plaintiff will be separately filing a motion for contempt.

2

1  QED Media's counsel has refused to agree that the videotapes will not be posted on the
2  Internet.

## II. A PROTECTIVE ORDER IS NECESSARY

### A. Plaintiffs' Attempts To Obtain A Stipulated Protective Order Have Been Rejected By The QED Defendants.

Plaintiffs' counsel has communicated to counsel for the QED Defendants the necessity of a protective order for the Depositions. The requests to counsel for the QED Defendants were reasonable – Plaintiffs request that (1) the videotapes from the depositions remain in the possession of counsel for QED Defendants, and (2) the location for the depositions be changed to a confidential location. *See* Exhibit "A", Email from Maria Speth to Mike Dana dated July 16, 2007. Counsel for QED Defendants responded by refusing to consider either request. *See* Exhibit "A", Email from Mike Dana to Maria Speth dated July 17, 2007.

Counsel for Plaintiffs requested that the QED Defendants reconsider their position about the protective order, noting that there is an issue about the physical safety of Magedson, as well as the likelihood that the videotaped deposition will be used inappropriately by Defendants. *See* Exhibit "A", Email from Maria Speth to Mike Dana dated July 17, 2007. Again, counsel for QED Defendants refused to entertain the idea of a stipulated protective order. *See* Exhibit "A", Email from Mike Dana to Maria Speth dated July 17, 2007.

It is likely that counsel for QED Defendants will argue that he has been "accommodating" and has "offered" to agree to a stipulated protective order with "reasonable provisions." However, QED Defendants have and continue to refuse to grant Plaintiffs the protection they legitimately need before any depositions, and especially videotaped depositions, are taken.

### B. The Location For The Depositions Must Be Kept Secret.

This Court has already determined that the life of Magedson has been threatened by William Stanley. *See* Findings of Fact & Conclusions of Law, entered June 21, 2007.

3

10297-1/LAR/LAR/600017_v1

Those threats have not dissipated over time and, have gotten more likely to come to fruition as this case continues.

On February 5, 2007, Defendant Stanley called Magedson and threatened harm to him if reports were not removed. Defendant Stanley stated:

> **Stanley**: One hour Mother Fucker…I ain't no nice guy mother fucker. I am going to wipe your ass out. You got that? You decide what you wanna do, you can be in business or you can be out of business…. You mother fucker, one fucking hour. If I click on that thing in one hour, and it fucking works, your fucking ass is toast. You got that?
>
> **Magedson:** I don't understand, what are you going to do?
>
> **Stanley:** I'm gonna call Akamai and 23 hundred other Mother Fuckers are going to the (unintelligible) and they're gonna call Fucking net.net over and over and over again and your going to be fucking toast. And the next host you go to, I'm gonna fuck that host. You are not going to survive this…no fucking way.
> …the only thing you fucking understand is a sledge hammer, you know, you don't understand anything else… One fucking hour, Mother Fucker.

*See* Complaint, p. 5.

On or about February 5, 2007 Defendant Robert Russo threatened that he was putting ROR out of business within 48 hours. He also continued to threaten Magedson and told him to "check his mailbox." Magedson received two threatening letters in February, 2007, where an intent to commit unlawful acts of violence against Magedson were communicated. *See* Findings of Fact, p. 5. Unfortunately, this specific threat is typical of the frequent threats Magedson receives.

The letters described in the Findings of Fact not only threaten Magedson individually, but threaten Magedson's family and people he works with as well. "Because of you innocent people will die. Your tenants, family members and those that work with you. . . . Those you do business with will be in danger . . . We will find you kill your dog." These threats against others justify security precautions for Rule 30(b)(6) designees other than Magedson.

4

1  The only reasonable course in light of frequent threats is to take precautions. One of the necessary and sensible precautions is to protect the location of any deposition locale as confidential. However, a traditional notice of deposition pins down Magedson's location to a fixed place at a specific time, and does it in a manner so that many people know well in advance exactly where Magedson is going to be during the deposition.

To avoid that, Plaintiffs request a protective order allowing Plaintiffs' counsel to select a secure location for the video depositions, and to take additional precautions to keep the location and exact time of the deposition secret until shortly before the commencement of the deposition. QED Defendants called for depositions in Phoenix, Arizona at 9:00 a.m., August 22, 2007, and 9:00 a.m., August 24, 2007, at the office of counsel for QED Defendatns. (See Exhibit B, "Amended Notice of Rule 30(b)(6) Deposition of Xcentric Ventures, LLC-Videotaped" and "Amended Notice of Deposition – Videotape") These notices are a typical example of notices designating fixed time and place.

Plaintiffs request an order directing that QED Defendants' counsel, QED Defendants, and the videographer would meet at Plaintiffs' counsel's Phoenix offices at a designated time on a single deposition day agreed by the parties. Within an hour, a car and driver provided by Plaintiffs' counsel (at Plaintiffs' expense) would transport those participants to a secure and appropriate location for the deposition. In the alternative, the deposition could be taken by telephone. With these simple precautions, Magedson's location can remain secret from people who wish to do violence.

Also, as an additional precaution, Plaintiffs request that QED Defendants be ordered not to disclose the deposition date to anyone, and QED Defendants' counsel be ordered not to disclose the deposition date to anyone other than the videographer, attorneys and law-firm staff who work on the case and need to know.

For Magedson's long-term safety, the Court should order that, in the deposition, counsel should not ask for personal or professional location information, and Magedson does not need to disclose any location information about his whereabouts at any time in

the recent past, or about where he lives or works, or any information that might be used to identify those locations.

The Federal Rules of Civil Procedure provide guidelines upon which protective orders may be granted. "Upon motion . . . by the person from whom discovery is sought . . .for good cause shown," a court may "may make any order which justice requires to protect a party or person from annoyance, embarrassment, [or] oppression . . ." Fed.R.Civ.P. Rule 26(c). As demonstrated herein, good cause exists to ensure the physical safety of Magedson, a cause that may best be described by the Rules as "oppression."

Furthermore, the court may take all reasonable steps necessary to protect the witness during discovery, at trial, and thereafter. *Carhart v. Ashcroft*, 300 F.Supp.2d 921, 922 (D. Neb. 2004). The Federal Rules of Evidence grants this Court the ability to exercise reasonable control over both the mode and order of interrogating witnesses so as to protect a witness from harassment. Federal Rule of Evidence 611(a)(3). In extraordinary circumstances, "where the safety ... of a witness ... might be jeopardized by compelling testimony to be given under normal conditions, the courts have permitted testimony to be given in camera, outside the courtroom, or under other circumstances that afford protection." 28 Charles A. Wright & Victor J. Gold, FEDERAL PRACTICE AND PROCEDURE § 6164, at 350-51 (1993) (footnotes omitted). When the life of a witness is endangered, as is here, this is one of those "extraordinary cases" wherein a protective order must be granted. *See Carhart*, supra.

**C.** **The Court Should Enter An Order to Prevent Misuse of the Transcript.**

Defendants have shown a propensity towards the dissemination of false and/or defamatory statements about Plaintiffs. Recently, an individual who publicly announced his support for Stanley's position, posted on the internet approximately 30 seconds of a much longer conversation with Magedson. This individual later admitted that he edited the audio tape to make Magedgson look bad. *See* Exhibit "C", postings from CNET website. The Defendants in this case could easily take any sound bite from the videotape

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

1 depositions and post it on the Internet out of context. They could even edit together
2 different parts of the video to make it appear that Magedson said something different.
3 Rule 30(b)(2) provides with respect to a deposition that "**[u]nless the court orders**
4 **otherwise**, it may be recorded by sound, sound-and-visual, or stenographic means, and
5 the party taking the deposition shall bear the cost of the recording." Thus the Rule
6 contemplates the discretion of this Court to order than only stenographic means will be
7 used. Under the circumstances and facts of this case, the Court should order that
8 Magedson's testimony can not be videotaped. Defendants will not be prejudiced by such
9 order because they have the court reporter's transcription.

If the deposition is videotaped, Plaintiff seeks restrictions on the use of the tape.

In order to be effective in preventing the distribution or misuse of the video transcript, Plaintiffs respectfully propose that the Court's protective order should include terms in addition to the terms of the previous order. Specifically, Plaintiffs request a limit on the copies of deposition transcripts to one under seal with the Court, one for Plaintiffs' Counsel, and one for QED Defendants' Counsel. At the close of litigation, all copies will be given to Plaintiffs' counsel. Also, Plaintiffs specifically request limiting the viewing or hearing of the video deposition transcript to the counsel for the parties except at trial and hearing as specifically authorized by the Court.

### III. CONCLUSION

Plaintiffs therefore respectfully request that the Court enter a protective order pursuant to the terms described above and reflected in the Proposed Order, including not allowing the depositions to be videotaped or limiting disclosure of videotaped deposition to the attorneys representing the parties in this litigation, solely for use in connection with this litigation, and prohibiting the disclosure or publication of the videotaped deposition or its contents to third persons; and reasonable precautions for the safety and security of the deposition witnesses called by QED Defendants which allow Plaintiffs to keep information about the exact time and location of deposition proceedings secret and prevent disclosure of that information outside of this litigation.

7

**JABURG & WILK, P.C.**
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

DATED this 27th day of July, 2007.

                                     **JABURG & WILK, P.C.**

                                     s/ Maria Crimi Speth
                                     Maria Crimi Speth
                                     Laura Rogal
                                     Attorneys for Plaintiffs

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

**Certificate of Service**

I hereby certify that on July 27th 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Teresa Kay Anderson
Snell & Wilmer LLP
One Arizona Center
400 E Van Buren
Phoenix, AZ 85004

Michael Kent Dana
Snell & Wilmer LLP
400 E Van Buren
Phoenix, AZ 85004-0001

Attorneys for Defendants Robert Russo,
QED Media Group, LLC and Internet
Defamation League

With a COPY of the foregoing emailed on the 27th day of July, 2007, to:

William "Bill" Stanley
defamationaction@gmail.com
geographicalseo@gmail.com

With a COPY of the foregoing hand delivered on the 27th day of July, 2007, to:

Honorable Neil V Wake
United States District Court
District of Arizona

s/ L. Matlack

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012