# EXHIBIT A

**From:** Dana, Mike [mdana@swlaw.com]
**Sent:** Tuesday, July 17, 2007 4:15 PM
**To:** Maria Crimi Speth
**Cc:** Szafranski, Elizabeth; Anderson, Teresa
**Subject:** RE: Depo notices

Maria,

In my eight years of practice, I have only had two requests that depositions be taken at a secret location - and both requests were made by your client. You know Mr. Russo has absolutely nothing to do with these purported threats against your client's life. Mr. Magedson has been making these types of death-threat claims in legal proceedings for years, beginning long before my first case against him. He even recently made the same type of claim about City of Mesa police officers. Moreover, even if Mr. Russo were to have "intentionally interfered" with Mr. Magedson's business relationships (as you know, the current ruling was for preliminary injunction purposes only. The evidence will prove that Mr. Russo is not liable for these claims), such interference would never justify a secret deposition. I assure you that Snell & Wilmer is a safe location for a deposition.

For someone who claims to be such a marketplace-of-ideas proponent, suggesting that the "beauty of freedom of speech" is that we "get to hear it all," including "some truth" and "some fiction" Mr. Magedson sure goes to great lengths to conceal his own words and actions. It is quite ironic that your client would be concerned about his own statements "taken out of context" on the internet when his life's work is operating a website that encourages others to post disparaging statements about people and businesses without verifying whether those statements are true, and without removing statements proved to be false. The potential that someone could post portions of Mr. Magedson's deposition on the internet is the exact same potential faced by every deponent in every lawsuit in this country. That potential does not justify a protective order. But again, the QED Defendants will certainly stipulate to a protective order that contains reasonable provisions assuring the confidentiality of information that has a *legitimate* basis for warranting such protection. I am currently preparing a draft of such an order now and will send it to you this week for your review.

Mike


**From:** Maria Crimi Speth [mailto:mcs@jaburgwilk.com]
**Sent:** Tuesday, July 17, 2007 3:20 PM
**To:** Dana, Mike
**Subject:** RE: Depo notices

Mike:

You are correct about not needing my consent. I did not mean to infer that you did need it, just that I would move for a protective order if we could not reach an agreement.

I ask that you reconsider my requests. The court has already found that Stanely threatened my client's life and that both Stanley and Russo intentionally intefered with my clients' business relationships. It is undisputed that Russo notified Stanley of my intent to file a lawsuit against Russo, which prompted Stanley to retaliate against my firm. It is certainly reasonable to take precautions to prevent someone who has threatened my client's life from knowing his exact location at a specific time.

In addition, there is a serious potential that the Defendants in this case will misuse the videotape by posting on the internet statements by my client taken out of context. Even if Russo assures you that he will not do it, he claims to have no control over Stanley's actions.

I do not understand your refusal to put protections in order to prevent that sort of abuse. Please let me know if

you will reconsider.

Maria Crimi Speth, Esq.
Jaburg & Wilk, P.C.
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

602-248-1089
602-248-0522 (fax)

www.jaburgwilk.com

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

**From:** Dana, Mike [mailto:mdana@swlaw.com]
**Sent:** Tuesday, July 17, 2007 11:38 AM
**To:** Maria Crimi Speth
**Cc:** Adam S. Kunz; Szafranski, Elizabeth
**Subject:** RE: Depo notices

Maria,

A videotaped deposition does not require your "consent," and the QED Parties do not agree to your requested restrictions. Of course, if portions of the deposition contain information requiring a legitimate protective order, the QED Parties will certain stipulate to the entry of such. However, the QED Parties will not stipulate to blanket restrictions on the disclosure or use of the entire videotape. As we discussed at the Rule 26f conference, I will put together a draft stipulated protective order and send it to you for your review. You may suggest any changes that you believe are necessary.

We also do not agree to switch locations for the depositions, or to keep those depositions confidential, unless you can provide legitimate reasons for doing so. We have a right to take depositions in our office, and depositions are public records (except of course for any portions that deserve legitimate protection under a protective order).

Mike

**From:** Maria Crimi Speth [mailto:mcs@jaburgwilk.com]
**Sent:** Monday, July 16, 2007 7:56 PM
**To:** Dana, Mike
**Cc:** Adam S. Kunz
**Subject:** RE: Depo notices

Mike:

I will not consent to videotaping unless you consent to

(1) not turning the videotape over to your client;

(2) not posting the videotape on the Internet

I would also like to switch the location of the depositions to a new location that I pick and that you agree to keep confidential.

Please let me know, so that I can file a motion for a protective order if necessary.

Maria Crimi Speth, Esq.
Jaburg & Wilk, P.C.
3200 N. Central Ave., Suite 2000
Phoenix, AZ 85012

602-248-1089
602-248-0522 (fax)

www.jaburgwilk.com

This communication is intended only for the individual or entity to whom it is directed. It may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. Dissemination, distribution, or copying of this communication by anyone other than the intended recipient, or a duly designated employee or agent of such recipient, is prohibited. If you have received this communication in error, please notify us immediately by telephone at (602) 248-1000, or via e-mail, and delete this message and all attachments thereto.

**From:** Dana, Mike [mailto:mdana@swlaw.com]
**Sent:** Wednesday, July 11, 2007 11:39 AM
**To:** Maria Crimi Speth
**Cc:** Szafranski, Elizabeth
**Subject:** Depo notices

Maria,

Attached are two revised deposition notices. When I prepared the originals, I neglected to state that the depositions would be videotaped. I will get back with you soon on Mr. Russo's availability.


MICHAEL K. DANA
Snell & Wilmer
_____ L.L.P. _____
One Arizona Center
Phoenix, AZ 85004-2202
Direct 602-382-6570
Fax 602-382-6070
mdana@swlaw.com