JABURG & WILK, P.C.<br>ATTORNEYS AT LAW<br>3200 NORTH CENTRAL AVENUE<br>SUITE 2000<br>PHOENIX, ARIZONA 85012

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>Defendants. | Case No: 2:07-cv-00954-NVW<br><br>**PROPOSED PROTECTIVE ORDER REGARDING DEPOSITIONS OF MAGEDSON** |

10297-1/MCS/MCS/601479_v1

| | |
|---|---|
| 1 | ROBERT RUSSO, an individual; QED MEDIA GROUP, L.L.C., a Maine limited liability corporation, |
| 2 | |
| 3 | Counterclaimants, |
| 4 | v. |
| 5 | ED MAGEDSON, an individual, |
| 6 | Counterdefendant. |

The Court, having received Plaintiffs' Motion for Protective Order Regarding Depositions and the QED Defendants' Response thereto, and there being good cause shown, ORDERS as follows:

1. These orders apply to the deposition of Edward Magedson and the 30(b)(6) deposition of a corporate representative of Xcentric Ventures, LLC (the "Magedson Depositions.").

2. At the time and date agreed to between counsel, QED Defendants' counsel, QED Defendants, and a stenographer will meet at Plaintiffs' counsel's Phoenix offices for the purposes of conducting the Magedson Depositions. Within an hour, a car and driver provided by Plaintiffs' counsel (at Plaintiffs' expense) will transport those participants to a secure and appropriate location for the deposition, which location will be chosen by Plaintiffs.

3. The date and time of the Magedson Depositions will be kept confidential. The only individuals who will be apprised of the date and time will be Plaintiffs' attorneys, staff working for Plaintiffs' attorneys, Defendants' attorneys, staff working for

2

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

Defendants' attorneys, and the certified individual(s) responsible for recording the testimony.

4. The location of the Magedson Depositions will be kept confidential before, during, and after the deposition. The only individuals who will be apprised of the location of the Magedson Depositions will be Plaintiffs' attorneys, Defendants' attorneys, and the certified individual(s) responsible for recording the testimony.

5. As an alternative to paragraphs 2 and 3 above, at the election of counsel for the QED Defendants, the Magedson Depositions may be taken by telephone with the location of the deponents undisclosed.

6. During discovery in this case, neither Magedson nor any other participant will be compelled to provide Magedson's home address, work address or other information regarding Magedson's whereabouts at any given time.

7. The Magedson Depositions shall be recorded only by stenographic means. There shall not be any sound and/or visual recording(s) made of the Magedson Depositions.

8. The transcripts of the Magedson Depositions will be considered confidential information that can only be used for purposes of this lawsuit and for no other purpose. The Magedson Depositions transcripts can only be provided to the following Authorized Persons:

(a) Counsel of record for the parties to this civil action;

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of the counsel of record for the parties to this civil action; and

(c) Outside experts and consultants retained by the counsel of record to this civil action who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms.

Further access may be agreed to by the parties documented in writing or requested by any party by motion filed with this Court and approved by this Court.

9. If any subpoenas, request for production, or other forms of discovery in connection with other litigation are served on any party to this litigation calling for the production of the Magedson Depositions transcripts, that party will immediately notify the Plaintiffs' counsel of record, and provide a copy of the subpoena or any other discovery request to Plaintiffs' counsel before producing the transcript.

10. Within twenty (20) days of the final termination of this action, counsel of record for the QED Media Defendants shall assemble and return to counsel for the Plaintiffs any and all copies of the Magedson Depositions transcripts.

11. All obligations and duties arising under this Protective Order shall survive the termination of this action and, in addition, shall be binding upon the parties to this action, their successors and assigns (whether in whole or in part), affiliates, subsidiaries, their officers, attorneys, agents, representatives and employees.

12. This Court shall retain jurisdiction indefinitely with respect to enforcement of and/or any dispute regarding the improper use of confidential material, to modify the

terms of this Order, or to enter further Orders regarding confidential material, as may be necessary.

DATED this _____ day of July, 2007.

_____
NEIL V. WAKE
UNITED STATES DISTRICT JUDGE

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

EXHIBIT A

PROMISE OF CONFIDENTIALITY

STATE OF _____

COUNTY OF _____

1. My name is _____. I live at _____ _____. I am employed as _____ _____ by _____ _____.

2. I am aware that a document and information protective order has been entered in _____ and a copy of that Protective Order has been given to me.

3. I promise that I will use the **confidential materials** as defined under that Protective Order only in connection with assisting counsel for the Plaintiffs or Defendants in preparing for litigation of this matter.

4. I promise that I will not disclose or discuss such **confidential material** with any person other than the parties, and counsel for the parties or members of their staff who are actively engaged in the preparation of this case.

5. I understand that any use of the confidential material I obtain, in any manner contrary to the provisions of the Protective Order may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

6. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

7. I promise to promptly return to Ed Magedson's Counsel of Record, through delivery to counsel representing Plaintiffs or Defendant, all **confidential materials** or any portion or summary thereof, upon notice mailed to me at the address provided hereinabove, and I promise that under no circumstance will I retain any duplicate of any such **confidential material**. I assume all responsibility for returning this material to Ed Magedson's Counsel of Record as set forth herein, and I bear all risks associated with the

6

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

10297-1/MCS/MCS/601479_v1
Case 2:07-cv-00954-NVW    Document 52    Filed 07/27/2007    Page 6 of 9

purported loss, destruction or inadvertent disclosure of such **confidential material** that has been entrusted to my care. My failure to return all such **confidential material** will be deemed a disclosure in violation of the Protective Order and this agreement, which may subject me to sanctions. I expressly agree to pay all reasonable attorneys' fees, costs and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to my sanctions the Court may impose.

_____
Signature                                                                                              Date

    Witness my hand seal this _____ day of _____, 200___.

(SEAL)

State of _____

_____ County

    I, _____, a notary public for this county and state, certify that _____, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, the above named individual executed the same voluntarily on the date the same bears date.

_____
Notary Public

My Commission Expires: _____

7

10297-1/MCS/MCS/601479_v1
Case 2:07-cv-00954-NVW    Document 52    Filed 07/27/2007    Page 7 of 9

1 EXHIBIT B

STATE OF _____

COUNTY OF _____

          Plaintiffs,

v.                           CIVIL ACTION NO.: _____

          Defendants.

_____

DEPOSITION OF _____

THIS _____ DAY OF _____, 200___

DESIGNATION OF CONFIDENTIAL MATERIAL

Pursuant to the Court Order dated _____, the following parts of this deposition are designated as confidential.

This _____ day of _____, 200_____.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

Counsel of Record

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

9