Maria Crimi Speth, #012574
Laura Rogal, #025159
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>Defendants. | Case No: 2:07-cv-00954-NVW<br><br>**ANSWER TO ROBERT RUSSO AND QED MEDIA GROUP, LLC'S SECOND AMENDED COUNTERCLAIM** |

| | |
|---|---|
| 1 | ROBERT RUSSO, an individual; QED MEDIA GROUP, L.L.C., a Maine limited liability corporation, |
| 2 | |
| 3 | Counterclaimants, |
| 4 | v. |
| 5 | XCENTRIC VENTURES, LLC, an Arizona corporation d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual, |
| 6 | |
| 7 | Counterdefendant. |

Counterdefendants Xcentric Ventures, LLC ("Xcentric") and Ed Magedson ("Magedson") (collectively, "Counterdefendants") hereby submit the following Answer to Defendant/Counterclaimants' Robert Russo ("Russo") and QED Media Group, LLC ("QED Media") (collectively, "Counterclaimants") Second Amended Counterclaim as filed on June 26, 2007 (the "Counterclaim").

1. Counterdefendants lack sufficient lack sufficient knowledge to admit or deny the allegations contained in Paragraphs 1 and 2 of the Counterclaim, and therefore, deny them.

2. Counterdefendants admit that Xcentric is an Arizona limited liability company. Counterdefendants admit that Magedson is a single man residing in Maricopa County, Arizona and that Magedson is a Manager of Xcentric. Counterdefendants deny all remaining allegations contained in Paragraph 3 of the Counterclaim.

3. Counterdefendants affirmatively allege that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) over any valid claim. Counterdefendants deny all remaining allegations contained in Paragraph 4 of the Counterclaim.

4. Counterdefendants affirmatively allege that this Court has subject matter jurisdiction under 28 U.S.C. § 1367 for any valid claim. Counterdefendants deny all remaining allegations contained in Paragraph 5 of the Counterclaim.

5. Counterdefendants admit that venue is proper. Counterdefendants deny all remaining allegations contained in Paragraph 6 of the Counterclaim.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

6. Counterdefendants lack sufficient knowledge to admit or deny the allegations contained in Paragraphs 7-13 of the Counterclaim and therefore deny the same.

7. Counterdefendants admit that a business relationship exists between Defendant William Stanley ("Stanley") and Counterclaimants. Counterdefendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 14 of the Counterclaim and therefore deny the same.

8. Counterdefendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 15 of the Counterclaim and therefore deny the same. Counterdefendants affirmatively allege QED Media and its "affiliates" target companies who are the subject of content on ripoffreport.com. Counterdefendants also affirmatively allege that individuals and businesses who post content on the Rip-Off Report website (the "ROR Site") are required to agree to the ROR Site *Terms of Service*, where the user must agree that they are not posting any information that is defamatory, inaccurate, abusive, obscene, profane, offensive, threatening, harassing, racially offensive, or illegal material, or any material that infringes or violates another party's rights (including, but not limited to, intellectual property rights, and rights of privacy and publicity).

9. Counterdefendants admit that Xcentric operates the website known as "The Rip-Off Report" that can be accessed at www.ripoffreport.com and www.badbusinessbureau.com. Counterdefendants deny all remaining allegations contained in Paragraph 16 of the Counterclaim.

10. Counterdefendants deny the allegations contained in Paragraph 17 of the Counterclaim.

11. Counterdefendants affirmatively allege that results from various search engines such as Google.com and Yahoo.com may provide links to the ROR Site. Counterdefendants deny all remaining allegations contained in Paragraph 18 of the Counterclaim.

3

10297-1/LAR/LAR/605250_v1
Case 2:07-cv-00954-NVW   Document 61   Filed 08/16/2007   Page 3 of 11

1  12. Counterdefendants deny the allegations contained in Paragraph 19 of the Counterclaim.

13. Counterdefendants affirmatively allege that pursuant to the ROR Site *Terms of Service*, Xcentric will keep confidential all information supplied by any user of the ROR Site to Xcentric, and shall use or disclose such information only for the purposes for which such information was collected, or as required by law. Counterdefendants affirmatively allege that the ROR Site "editors" and "content monitors" review reports and rebuttals before they are published on the ROR Site to ensure the report or rebuttal does not contain any pornography, social security numbers, credit card numbers, or physical threats. Counterdefendants affirmatively allege that any report that contains such material may be deleted or redacted at the discretion of Xcentric. Counterdefendants deny all remaining allegations contained in Paragraph 20 of the Counterclaim.

14. Counterdefendants deny the allegations contained in Paragraph 21 of the Counterclaim.

15. Counterdefendants admit that Xcentric does not verify the reports or rebuttals posted on the ROR Site for accuracy. Counterdefendants admit that the ROR Site's *Terms of Service* state that any material submitted for publication on the ROR Site will not be removed even at the user's request. Counterdefendants deny all remaining allegations contained in Paragraph 22 of the Counterclaim.

16. Counterdefendants admit that the Communications Decency Act, 47 U.S.C. § 230, provides that when a defendant is the provider of an interactive website, the defendant is not liable for material posted on the website by another "content provider"; i.e, a third party. Counterdefendants deny all remaining allegations contained in Paragraph 23 of the Counterclaim.

17. Counterdefendants deny all allegations contained in Paragraphs 24-25 of the Counterclaim.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

18. Counterdefendants admit that Russo contacted Magedson in February of 2007. Counterdefendants deny the remaining allegations contained in Paragraph 26 of the Counterclaim.

19. Counterdefendants admit the allegations of Paragraph 27 of the Counterclaim.

20. Counterdefendants deny the allegations of Paragraph 28-33 of the Counterclaim.

21. Counterdefendants admit that Magedson sent an email identifying Russo's affiliation with QED Media. Counterdefendants deny all remaining allegations of Paragraph 34 of the Counterclaim.

22. Counterdefendants admit that Magedson's email suggests that Russo participated in sending two threatening letters to Magedson, and that the two threat letters to Magedson were included in the email. Counterdefendants deny all remaining allegations of Paragraph 35 of the Counterclaim.

23. Counterdefendants deny all allegations contained in Paragraph 36 of the Counterclaim.

24. Counterdefendants admit the allegations contained in Paragraphs 37 and 38 of the Counterclaim.

25. Counterdefendants deny the allegations contained in Paragraph 39 of the Counterclaim.

26. Counterdefendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 40 of the Counterclaim as to the actions taken by the Mesa Police Department, and therefore deny the same. Counterdefendants deny all remaining allegations contained in Paragraph 40 of the Counterclaim.

27. Counterdefendants admit the allegations contained in Paragraph 41 of the Counterclaim.

28. Counterdefendants deny the allegations contained in Paragraphs 42 and 43 of the Counterclaim.

5

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

29. Counterdefendants admit that Magedson spoke with "Devon" from Prosper Learning by telephone and that Magedson recorded his conversation with Devon. Counterdefendants deny all remaining allegations contained in Paragraph 44 of the Counterclaim.

30. Counterdefendants deny all allegations contained in Paragraphs 45-49 of the Counterclaim.

31. Counterdefendants admit that Magedson had the recording of his conversation with "Devon" from Prosper Learning transcribed, and that portions of the transcription of his conversation were used as an exhibit at the Preliminary Injunction hearing held before this Court. Counterdefendants deny all remaining allegations contained in Paragraph 50 of the Counterclaim.

32. Counterdefendants deny all allegations contained in Paragraphs 51 and 52 of the Counterclaim.

33. Counterdefendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 of the Counterclaim, and therefore deny the same.

34. Counterdefendants deny that Counterdefendants or any agent of Counterdefendants have posted any statements about Counterclaimants. Counterdefendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 54 of the Counterclaim and therefore deny the same.

35. Counterdefendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 55 of the Counterclaim and therefore deny the same.

36. The document speaks for itself. Counterdefendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 56 of the Counterclaim and therefore denies the same.

37. The document speaks for itself. Counterdefendants deny all remaining allegations contained in Paragraph 57 of the Counterclaim.

38. The document speaks for itself. Counterdefendants admit that an article about QED Media was published in the Wall Street Journal. Counterdefendants deny all remaining allegations contained in Paragraph 58 of the Counterclaim.

39. Counterdefendants affirmatively allege that neither Counterdefendants nor any agent of Counterdefendants have posted any reports or rebuttals about Counterclaimants on the ROR Site. Counterdefendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 59 of the Counterclaim and therefore deny the same.

40. The document speaks for itself. Counterdefendants deny all remaining allegations contained in Paragraph 60 of the Counterclaim.

41. Counterdefendants affirmatively allege that neither Counterdefendants nor any agent of Counterdefendants have posted any reports or rebuttals about Counterclaimants on the ROR Site. Counterdefendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 61 of the Counterclaim and therefore deny the same.

42. Counterdefendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 62 and 63 of the Counterclaim and therefore deny the same.

43. Counterdefendants admit that reports exist on the ROR Site about Counterclaimants. Counterdefendants deny all remaining allegations contained in Paragraph 64 of the Counterclaim.

44. Counterdefendants admit that a user of the ROR Site may not remove a report that the user authored from the ROR Site. Counterdefendants deny all remaining allegations contained in Paragraph 65 of the Counterclaim.

45. In response to Paragraph 66 of the Counterclaim, Counterdefendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

46. Counterdefendants deny all allegations contained in Paragraphs 67-73 of the Counterclaim.

47. In response to Paragraph 74 of the Counterclaim, Counterdefendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

48. Counterdefendants deny all allegations contained in Paragraphs 75-79 of the Counterclaim.

49. In response to Paragraph 80 of the Counterclaim, Counterdefendants repeat and reallege all Paragraphs of this Answer as if set forth fully herein.

50. Counterdefendants lack sufficient knowledge to admit the allegations contained in Paragraph 81 of the Counterclaim and therefore deny the same.

51. Counterdefendants deny all allegations contained in Paragraphs 82-87 of the Counterclaim.

## GENERAL DENIAL

Pursuant to Fed.R.Civ.P. 8(d), Counterdefendants generally deny any and all allegations set forth in the Complaint *except* as to those matters which are expressly admitted herein. All other allegations are denied.

## RESERVATION OF DEFENSES

Counterdefendants expressly reserve the right to assert any and all applicable defenses as may become known to them during the course of this action, including all such defenses as may be applicable pursuant to Fed. R. Civ. P. 8(c).

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Claim)

The Complaint fails to state any claim upon which relief may be granted because Counterdefendants are not the publishers of any of the statements at issue in this matter.

8

## SECOND AFFIRMATIVE DEFENSE

(Unclean hands)

The Complaint and each cause of action set forth therein is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

(Truth)

Any defamation-based claims set forth in the Complaint are barred to the extent that the statements which form the basis for such claims are, in fact, true.

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Intent; Actual Malice)

Notwithstanding the fact that Counterdefendants did not publish any of the alleged defamatory or unlawful statements at issue in this case, any defamation-based claims set forth in the Complaint are barred to the extent that Plaintiff is a public figure and Counterdefendants lacked actual malice and/or negligence sufficient to support any defamation-based claims.

## FIFTH AFFIRMATIVE DEFENSE

(Communications Decency Act Immunity)

All claims set forth in the Complaint are barred to the extent that the content of the statements which form the basis for such claims was provided by third parties. As such, pursuant to 47 U.S.C. § 230(c)(1), Counterdefendants are absolutely immune from civil liability for any such statements posted by third parties. *See* 47 U.S.C. § 230(c)(1); *Carafano v. Metrosplash.com, Inc. 339 F.3d 1119* (9th Cir. 2003)*; Batzel v. Smith,* 333

F.3d 1018 (9th Cir. 2003); *Doe v. America Online, Inc.*, 783 So.2d 1010 (Fl. 2001); *Schneider v. Amazon.com, Inc.*, 31 P.3d 37 (Wash.App 2001); *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997).

WHEREFORE, having fully answered Counterclaimants' Second Amended Counterclaim, Counterdefendants request that this Honorable Court grant the following relief:

A. Dismiss Counterclaimants' Second Amended Counterclaim with prejudice and order that Counterclaimants take nothing thereby;

B. Deny, with prejudice, all equitable, injunctive, and/or declaratory relief in any form requested by Counterclaimants;

C. Award judgment for all reasonable attorney's fees incurred in favor of Counterdefendants and against Counterclaimants pursuant to 15 U.S.C. § 1117(a); Fed. R. Civ. P. 11(c) and/or under any other applicable authority; and costs pursuant to any other applicable authority;

D. Any other relief deemed appropriate by the Court.

DATED this 16th day of August, 2007

**JABURG & WILK, P.C.**

s/ Maria Crimi Speth
Maria Crimi Speth
Attorneys for Plaintiffs

### Certificate of Service

I hereby certify that on August 16, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

10

Teresa Kay Anderson
Snell & Wilmer LLP
One Arizona Center
400 E Van Buren
Phoenix, AZ 85004

Michael Kent Dana
Snell & Wilmer LLP
400 E Van Buren
Phoenix, AZ 85004-0001

Attorneys for Defendants Robert Russo,
QED Media Group, LLC and Internet
Defamation League

With a COPY of the foregoing emailed on the 16th day of August, 2007, to:

William "Bill" Stanley
defamationaction@gmail.com
geographicalseo@gmail.com

With a COPY of the foregoing hand delivered on the 17th day of August, 2007, to:

Honorable Neil V Wake
United States District Court
District of Arizona

s/Debra Gower