|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | **IN THE UNITED STATES DISTRICT COURT** | |
| 7 | **DISTRICT OF ARIZONA** | |
| 8 | | |
| 9 | XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual | Case No: CV 07-00954-PHX-NVW |
| 10 | | |
| 11 | Plaintiffs, | **PROTECTIVE ORDER REGARDING DEPOSITIONS OF MAGEDSON** |
| 12 | v. | |
| 13 | WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association; | |
| 24 | Defendants. | |
| 25 | | |
| 26 | ROBERT RUSSO, an individual; QED MEDIA GROUP, L.L.C., a Maine limited liability corporation, | |
| 27 | | |
| 28 | Counterclaimants, | |

v.

ED MAGEDSON, an individual,

        Counterdefendant.

By Motion (doc. # 51) of Plaintiffs and further stipulation of Plaintiffs and Defendants Robert Russo, QED Media Group, L.L.C., and Internet Defamation League, L.L.C., and pursuant to the court's August 22, 2007 and September 4, 2007 Orders (docs. # 63 and 65), and there being good cause shown,

IT IS ORDERED as follows:

1. These orders apply to the deposition of Edward Magedson and the 30(b)(6) deposition of a corporate representative of Xcentric Ventures, LLC (the "Magedson Depositions.").

2. At the time and date agreed to between counsel, QED parties' counsel (hereinafter the "QED Parties' Counsel" or "QED Parties' attorneys"), QED Parties, a stenographer, and a videographer will meet at Plaintiffs' Counsel's Phoenix offices for the purposes of conducting the Magedson Depositions. Within an hour, a car and driver provided by Plaintiffs' counsel (at Plaintiffs' expense) will transport those participants to a secure and appropriate location for the deposition, which location will be chosen by Plaintiffs.

3. The date and time of the Magedson Depositions will be kept confidential. The only individuals who will be apprised of the date and time will be Plaintiffs' attorneys, staff working for Plaintiffs' attorneys, the QED parties' attorneys, staff working

for QED parties' attorneys, and the certified individual(s) responsible for recording the testimony.

4. The location of the Magedson Depositions will be kept confidential before, during, and after the deposition. The only individuals who will be apprised of the location of the Magedson Depositions will be Plaintiffs' attorneys, QED parties' attorneys, and the certified individual(s) responsible for recording the testimony.

5. As an alternative to paragraphs 2 and 3 above, at the election of counsel for the QED Defendants, the Magedson Depositions may be taken by telephone with the location of the deponents undisclosed.

6. During discovery in this case, neither Magedson nor any other participant will be compelled to provide Magedson's home address, work address, or other information that could be used to locate Magedson at any particular place and time. If, in deposition, counsel requests such information, and it is relevant to the claims in the case, counsel will briefly discuss whether appropriate protective measures can be taken to allow the information to be disclosed in deposition. If counsel is unable to agree on reasonable protections, the question and answer will be deferred until the parties can seek a ruling from the Court, and the deposition will not be delayed.

7. The Magedson Depositions shall be recorded by stenographic means even if counsel also elects video or audio transcription.

    **a.** Video or audio transcripts will be afforded the following protections:

        **i.** Only three copies of Video or Audio transcripts will be produced, and no additional copies will be made by anyone. The Court, Xcentric

3

Ventures, and Counsel for the QED Parties will keep one copy until the conclusion of the action by dismissal with prejudice, judgment and expiration of time to appeal, or final resolution of all appeals. Counsel for Xcentric Ventures may keep one copy until the action is resolved by dismissal or final judgment. Counsel for Robert Russo may keep one copy until the action is resolved by dismissal or final judgment.

        **ii.** Until the conclusion of the action, Counsel may not remove the copies of video or audio transcript from their offices, nor make any duplicates, complete or partial. Counsel may not transmit copies of video or audio transcript, complete or partial, by telephone, email, file transfer protocol, or by any method whatsoever. If counsel determines that duplication of a video or audio transcript, in whole or in part, is necessary for the purposes of this litigation, including but not limited to use at trial or other court proceeding, counsel for both sides shall confer regarding that purpose and attempt to agree upon the scope of such duplication, if any. If an agreement cannot be reached, the party seeking permission to duplicate may file a motion with the Court seeking an order granting such permission.

        **iii.** At the conclusion of the action, the three copies of video transcript mentioned in (7)(a.)(i.) will be destroyed. If any portions of video transcript have become part of the official record of proceedings, those portions of video will not be destroyed but will remain part of the official record. Any disputes about whether portions of video transcript should be allowed to become part of the official record of proceedings will be resolved at a later time.

8. Subject to Section 9 below, no portion of the written Magedson Depositions transcripts may be disseminated beyond the following Authorized Persons:

   (a) Counsel of record for the Plaintiff, the Plaintiff, Counsel for the QED Parties; and Defendant Russo;

   (b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of the Plaintiffs' counsel of record and QED parties' attorneys in this civil action; and

   (c) Outside experts and consultants retained by the Plaintiffs' Counsel or QED parties' counsel in this civil action who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms. Further access may be agreed to by the parties documented in writing or requested by any party by motion filed with this Court and approved by this Court.

9. If any subpoenas, request for production, or other forms of discovery in connection with other litigation are served on any party to this litigation calling for the production of the Magedson Deposition transcripts, that party will immediately notify the Plaintiffs' counsel of record, and provide a copy of the subpoena or any other discovery request to Plaintiffs' counsel before producing the transcript, and will allow a reasonable time for Plaintiff to move to quash the subpoena or to obtain a protective order before disclosing the Magedson Depositions transcripts.

10. In order to facilitate use of the written Magedson Depositions transcripts in this litigation, the parties stipulate that any draft of the transcript and any final copy of the transcript will be confidential material subject to the same limitations as those imposed on

the video transcript in Section 7 above until five Court days after the final draft of the transcript is published to counsel for the parties. Plaintiffs' counsel and QED parties' counsel will review the written transcript and designate the portions of the transcript that are to remain Confidential (i.e. subject to the same limitations as limitations imposed on video transcript in Section 7) within five court days using Joint Designation of Confidential Material form attached as Exhibit B, which is to be filed by the designating party. Portions designated Confidential cannot be disclosed in public pleadings but must be submitted under seal for in camera review, and must otherwise remain under protections as set out in Section 7. Either party may challenge the designations made by the other party. Portions of the Magedson Deposition transcripts not designated Confidential pursuant to this section will remain subject to Sections 8 and 9 of this Order.

11. If counsel determines that disclosing information designated as confidential is necessary for any legitimate litigation purpose, counsel for both sided shall confer regarding that purpose and attempt to agree upon appropriate scope, limitation, and protections upon disclosure of that information. If an agreement cannot be reached, the party seeking permission to disclose may file a motion with the court seeking an order to allow the disclosure.

12. Within twenty (20) days of the conclusion of this action as contemplated in Section 7 above, counsel of record for the QED Media Defendants shall assemble and return to counsel for the Plaintiffs any and all copies of the portions of the Magedson Depositions transcripts designated as confidential under Section 10.

13.     All obligations and duties arising under this Protective Order shall survive the termination of this action and, in addition, shall be binding upon the parties to this action, their successors and assigns (whether in whole or in part), affiliates, subsidiaries, their officers, attorneys, agents, representatives and employees.

14.     This Court shall retain jurisdiction indefinitely with respect to enforcement of and/or any dispute regarding the improper use of confidential material,to modify the terms of this Order, or to enter further Orders regarding confidential material, as may be necessary.

Dated this 12th day of September 2007.

_____
Neil V. Wake
United States District Judge

# EXHIBIT A

## PROMISE OF CONFIDENTIALITY

STATE OF _____

COUNTY OF _____

1. My name is _____. I live at _____ _____. I am employed as _____ _____ by _____ _____.

I am aware that a document and information protective order has been entered in Case No: 2:07-cv-00954-NVW entitled **PROTECTIVE ORDER REGARDING DEPOSITIONS OF MAGEDSON** and a copy of that Protective Order has been given to me.

2. I promise that I will use the **confidential materials** as defined under that Protective Order only in connection with assisting counsel for the Plaintiffs or Defendants in preparing for litigation of this matter.

3. I promise that I will not disclose or discuss such **confidential material** with any person other than the parties, and counsel for the parties or members of their staff who are actively engaged in the preparation of this case.

4. I understand that any use of the confidential material I obtain, in any manner contrary to the provisions of the Protective Order may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

5. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

6. I promise to promptly return to Ed Magedson's Counsel of Record, through delivery to counsel representing Plaintiffs or Defendant, all **confidential materials** or any portion or summary thereof, upon notice mailed to me at the address provided hereinabove, and I promise that under no circumstance will I retain any duplicate of any such **confidential material**. I assume all responsibility for returning this material to Ed Magedson's Counsel of Record as set forth herein, and I bear all risks associated with the purported loss, destruction or inadvertent disclosure of such **confidential material** that

8

has been entrusted to my care.  My failure to return all such **confidential material** will be deemed a disclosure in violation of the Protective Order and this agreement, which may subject me to sanctions.  I expressly agree to pay all reasonable attorneys' fees, costs and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to my sanctions the Court may impose.

_____
Signature                                                                                                  Date

  Witness my hand seal this _____ day of _____,
200___.


(SEAL)


State of _____

_____ County

  I, _____, a notary public for this county and state, certify that _____, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, the above named individual executed the same voluntarily on the date the same bears date.

_____
Notary Public

My Commission Expires: _____

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>Defendants.<br><br>ROBERT RUSSO, an individual; QED MEDIA GROUP, L.L.C., a Maine limited liability corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ED MAGEDSON, an individual,<br><br>Counterdefendant. | Case No: 2:07-cv-00954-NVW<br><br>**JOINT DESIGNATION OF CONFIDENTIAL MATERIAL** |

<u>DEPOSITION OF EDWARD MAGEDSON</u>

<u>THIS            DAY OF                    , 200  </u>

<u>DESIGNATION OF CONFIDENTIAL MATERIAL</u>

Pursuant to the Court Order dated _____, the following parts of this deposition are designated as confidential pursuant to Section 10 of the **PROTECTIVE ORDER REGARDING DEPOSITIONS OF MAGEDSON**:

This _____ day of _____, 200_____.

_____
Counsel of Record

_____
Counsel of Record