Michael K. Dana (State Bar No. 019047)
Teresa K. Anderson (State Bar No. 024919)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Attorneys for Robert Russo, QED Media Group, L.L.C., and
Internet Defamation League, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association,<br><br>Defendants. | Case No. CV07-00954 PHX NVW<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT** |

| | |
|---|---|
| 1 | ROBERT RUSSO, an individual; and QED MEDIA GROUP, L.L.C., |
| 2 | |
| 3 | Counterclaimants, |
| 4 | v. |
| 5 | XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual, |
| 6 | |
| 7 | Counterdefendants. |

Defendants Robert Russo, QED Media Group, and Internet Defamation League (the "QED Parties") oppose Plaintiffs' Motion for Order to Show Cause re: Contempt.

Plaintiffs' Motion goes beyond the scope of the Court's June 21, 2007 Preliminary Injunction and Findings of Fact by attempting to hold Defendant Robert Russo ("Russo") in contempt for actions (1) for which Russo was not held accountable by the Court in its Preliminary Injunction and (2) that Russo has not committed or participated in committing. All of the concerns raised by Plaintiffs in their Motion are directed at activities involving content on websites purportedly operated by Defendant William Stanley ("Stanley"). The Court's June 21, 2007 Preliminary Injunction specifically ordered Stanley to remove certain content from his websites and other websites where such content was posted. (*See* June 21, 2007 Order at 6-9.) Because Russo played no role establishing those websites or posting the prohibited content, that portion of the Court's Preliminary Injunction does not apply to Russo or any of the QED Parties. (*See id.*)

Defendant Stanley has apparently evaded the jurisdiction of this Court and has failed to comply with the Court's Orders. Plaintiffs and their counsel have therefore made another desperate attempt to conflate the actions of Stanley with those of Russo, a Maine Resident who voluntarily submitted to the jurisdiction of this Court when this lawsuit was initiated, in order to hold at least somebody responsible for the content posted about Plaintiffs, Jaburg & Wilk, and its lawyers.

Plaintiffs offer no testimony, affidavit or otherwise, to establish the foundation and purported significance of the new batch of documents attached to Plaintiffs' latest Motion. Accordingly, that Motion, as it pertains to Russo, should be denied.

In the alternative, the QED Parties request a hearing to address the allegations in Plaintiffs' Motion. In addition, because Russo would travel to Arizona from Maine to participate in that hearing anyway, the QED Parties further request the opportunity to submit evidence at that same hearing in support of modifying the Court's June 21, 2007 Preliminary Injunction to remove all orders as they pertain to Russo. Russo did not participate in the May 17, 2007 hearing on which the June 21, 2007 Injunction was based because the QED Parties were not aware that Plaintiffs would unexpectedly arrive at that hearing with a batch of exhibits that were not previously disclosed, including a several transcripts of telephone conversations secretly recorded by Plaintiff Magedson. Accordingly, the QED Parties request the opportunity to address all relevant preliminary issues at any hearing set by the Court, including the evidence on which the June 21, 2007 Injunction was based. Because counsel for the QED Parties are currently preparing for a four-day jury trial scheduled for next week, the QED Parties request that this hearing be scheduled no earlier than the second week in October.

DATED this 17th day of September 2007.

SNELL & WILMER L.L.P.

By  /s/ Michael K. Dana
    Michael K. Dana
    Teresa K. Anderson
    One Arizona Center
    400 E. Van Buren
    Phoenix, AZ 85004-2202
Attorneys for Robert Russo, QED Media Group, L.L.C. and Internet Defamation League, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2007 I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing to the following CM/ECF participant:

> Maria Crimi Speth
> Jaburg & Wilk
> 3200 North Central Avenue, Suite 2000
> Phoenix, Arizona 85012
> Attorneys for Plaintiffs
> mcs@jaburgwilk.com

I further certify that on September 17, 2007, I served a courtesy copy of the aforementioned document and transmittal of a Notice of Electronic Filing by mail on the following:

> The Honorable Neil V. Wake
> United States District Court
> 401 West Washington Street,
> Phoenix, Arizona 85003

/s/ Donna Razo
2047917.1