Kraig J. Marton, #003816
kjm@jaburgwilk.com
Maria Crimi Speth, #012574
mcs@jaburgwilk.com
Adam S. Kunz, #018827
ask@jaburgwilk.com
Laura A. Rogal, #025159
lar@jaburgwilk.com
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>Defendants. | Case No: 2:07-cv-00954-NVW<br><br>**MEMORANDUM OF LAW ADDRESSING SERVICE OF ORDER TO SHOW CAUSE** |

| | |
|---|---|
| 1 | ROBERT RUSSO, an individual; QED MEDIA GROUP, L.L.C., a Maine limited |
| 2 | liability corporation, |
| 3 | Counterclaimants, |
| 4 | v. |
| 5 | ED MAGEDSON, an individual, |
| 6 | Counterdefendant. |

Plaintiffs Xcentric Ventures, LLC ("Xcentric") and Ed Magedson ("Magedson") (collectively, "Plaintiffs") submit their Memorandum of Law addressing what is a sufficient form of service of the order to show cause upon an addressee of the preliminary injunction who has not been serviced with process in this case.

Plaintiffs have also filed a separate Motion for Alternative Service on Stanley which addresses service of the summons and complaint. Plaintiffs incorporate by reference the factual recitations in that motion which set forth the efforts that have been made to serve Stanley with process.

In light of the inability to personally serve Stanley, Plaintiffs propose to serve the Order to Show Cause by email to geographicalseo@gmail.com and defamationaction@gmail.com which are known addresses at which Stanley receives and responds to communications.

Service of the Order to Show Cause by email is sufficient service because the Ninth Circuit has recognized that service by email can be a reliable and acceptable form of service and because the rules and case law require only actual notice of a Preliminary Injunction and not personal service of the injunction for a finding of contempt. Indeed, the Ninth Circuit has recognized that a person need not even be named as a party to a lawsuit in order to be held in contempt of court for failure to comply with an injunction.

**A.  Email is a Reliable Means of Service**

Recognizing that, in today's technological world, handing papers to a party is not the only reliable way to inform the party of proceedings, the Ninth Circuit concluded that

2

service by e-mail can be allowed under certain conditions. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002).

The court in *Rio Properties* found that "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Id.* at 1018. (emphasis added) The Ninth Circuit acknowledged that:

> [c]onsidering the facts presented by this case, we conclude not only that service of process by email was proper-that is, reasonably calculated to apprise [defendant] of the pendency of the action and afford it an opportunity to respond - but in this case, it was the method of service most likely to reach [defendant]."

*Id.* at 1017. In *Rio Properties,* the defendant resided outside of the United States and service was effected under Fed.R.Civ.P. 4(f) allowing for service upon individuals in a foreign country by any means not prohibited by international agreement as may be directed by the court. There is no similar provision for serving process on individuals within the United States, and, thus, Plaintiffs have not sought to serve process on Stanley by email. However, the Ninth's Circuit's recognition of email as a reliable method that may be the method most likely to reach defendant is persuasive on the reliability of providing actual notice of the Order to Show Cause via email.

**B.     Only Actual Notice Is Required For A Finding Of Contempt**

Fed.R.Civ.P. 65 provides that "[n]o preliminary injunction shall be issued without notice to the adverse party and that an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive <u>actual notice</u> of the order by personal service <u>or otherwise</u>."

"In civil contempt proceedings, formal or personal service is not required." *United States v. Baker,* 641 F.2d 1311, 1316 (9th Cir. 1981). Knowledge or notice of the court order in question and a willful disobedience of that order are the essential elements of contempt. *United States of America v. Rylander,* 714 F.2d 996 (9th Cir. 1983).

3

1 (rejecting the defendant's assertion that he could not be held in contempt because he was
2 not personally served with the order).

3 Indeed, the Ninth Circuit has affirmed findings of contempt against persons who were non-parties to the action underlying the injunction. *Portland Feminist Women's Health Center v. Advocates for Life, Inc.,* 877 F.2d 787 (9th Cir. 1989). The Court in *Portland Feminist* held that the District Court did not err in finding non parties to the case in contempt because the injunction was binding on persons who received actual notice of the injunction order and acted in concert or participated with the parties named in the injunction.

### C. Conclusion

There can be no question that only actual notice is required to bind someone to an injunction. It follows that only actual notice is required to conduct the contempt hearing and to find a violator in contempt. Accordingly, serving the Order to Show Cause to Stanley by email is sufficient and appropriate notice even though Stanley has not yet been served with process in this case.

DATED this 28th day of September, 2007

**JABURG & WILK, P.C.**

s/ Maria Crimi Speth
Maria Crimi Speth
Attorneys for Plaintiffs

**Certificate of Service**

I hereby certify that on September 28, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Teresa Kay Anderson
Snell & Wilmer LLP
One Arizona Center
400 E Van Buren
Phoenix, AZ 85004

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

Michael Kent Dana
Snell & Wilmer LLP
400 E Van Buren
Phoenix, AZ 85004-0001

Attorneys for Defendants Robert Russo,
QED Media Group, LLC and Internet
Defamation League

With a COPY of the foregoing emailed this 28th day of September, 2007, to:

William "Bill" Stanley
defamationaction@gmail.com
geographicalseo@gmail.com

With a COPY of the foregoing hand delivered the 28th day of September, 2007, to:

Honorable Neil V Wake
United States District Court
District of Arizona

                                            s/Maria Crimi Speth