Kraig J. Marton, #003816
kjm@jaburgwilk.com
Maria Crimi Speth, #012574
mcs@jaburgwilk.com
Adam S. Kunz, #018827
ask@jaburgwilk.com
Laura A. Rogal, #025159
lar@jaburgwilk.com
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>Defendants. | Case No: 07-954-PHX-NVW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF A FINDING OF CRIMINAL CONTEMPT AGAINST DEFENDANT WILLIAM STANLEY** |

10297-14/LAR/LAR/620272_v1

Plaintiffs Xcentric Ventures, LLC and Edward Magedson (collectively, "Plaintiffs") hereby submit their Memorandum of Law addressing the authority of this Court to find Defendant William Stanley ("Stanley") in criminal contempt for his actions in violation of the Preliminary Injunction.

## I. INTRODUCTION

The purpose of criminal contempt is to punish or deter misconduct. *See United States v. Asay*, 614 F.2d 655, 659 (9th Cir.1980) (Criminal contempt is intended to vindicate the court's authority in the face of contumacious and disrespectful acts). The principal beneficiaries of such an order are the courts and the public interest. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (C.A.Cal.,1983); *see Ager v. Jane C. Stormont Hospital & Training School for Nurses*, 622 F.2d 496, 500 (10th Cir.1980). Defendant Stanley spat in the face of this Court by willfully and maliciously violating this Court's Preliminary Injunction dated June 21, 2007. Interestingly enough, the sole reason for Defendant Stanley's participation in the hearings on November 1-2, 2007 was his fear that he would be subject to criminal penalties. *See* Transcript of Show Cause Hearing dated November 2, 2007 ("Transcript – Day 2), p. 69 at lines 11-13 ("As far as the civil stuff, you can go ahead and find me guilty. I'm not interested in participating in the lawsuit part of the case.") The actions of Defendant Stanley rise to such a level that his conduct must be punished so that the authority of this Court may be preserved.

## II. PROCEDURE REQUIRED FOR FINDING CRIMINAL CONTEMPT

Federal Rule of Criminal Procedure 42 defines procedural requirements for criminal contempt proceedings. "Criminal contempt is established when there is a clear and definite order of the court, the contemnor knows of the order, and the contemnor willfully disobeys the order." *U.S. v. Doe*, 125 F.3d 1249, 1254 (9th Cir.1997) (quoting *United States v. Powers*, 629 F.2d 619, 627 (9th Cir.1980)). The *Young* court emphasized that this Court retains the inherent authority to initiate criminal contempt proceedings. *Young v. United States*, 481 U.S. 787, 793 (1987). Young further confirms that "the

2

10297-14/LAR/LAR/620272_v1
Case 2:07-cv-00954-NVW   Document 98   Filed 11/09/2007   Page 2 of 8

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches [of government]." *Id*. at 796.

"Criminal contempt is a crime in the ordinary sense," *Bloom v. Illinois,* 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968), and "criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings," *Hicks v. Feiock,* 485 U.S. 624, 632, 108 S.Ct. 1423, 1429-1430, 99 L.Ed.2d 721 (1988). See *In re Bradley,* 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943) (double jeopardy); *Cooke v. United States,* 267 U.S. 517, 537, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925) (rights to notice of charges, assistance of counsel, summary process, and to present a defense); *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911) (privilege against self-incrimination, right to proof beyond a reasonable doubt). For "serious" criminal contempts involving imprisonment of more than six months, these protections include the right to jury trial. *Bloom,* 391 U.S., at 199, 88 S.Ct., at 1481, see also *Taylor v. Hayes,* 418 U.S. 488, 495, 94 S.Ct. 2697, 2701-2702, 41 L.Ed.2d 897 (1974).

"[W]hen a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order." *Hicks*, 485 U.S. at 635, 108 S.Ct. at 1431. The penalty for criminal contempt is punitive in nature. *U.S. v. Rylander*, 714 F.2d 996, 1001 (C.A.Cal.,1983). Most contempt sanctions, like most criminal punishments, to some extent punish a prior offense as well as coerce an offender's future obedience. The *Hicks* Court accordingly held that conclusions about the civil or criminal nature of a contempt sanction are properly drawn, not from "the subjective intent of a State's laws and its courts," but "from an examination of the character of the relief itself," *Hicks*, 485 U.S. at 636, 108 S.Ct. at 1432.

A fixed sentence of imprisonment is punitive and criminal if it is imposed retrospectively for a "completed act of disobedience," *Gompers*, 221 U.S., at 443, 31

3

S.Ct., at 498, such that the contemnor cannot avoid or abbreviate the confinement through later compliance. Thus, the *Gompers* Court concluded that a 12-month sentence imposed on Samuel Gompers for violating an anti-boycott injunction was criminal. When a contempt involves the prior conduct of an isolated, prohibited act, the resulting sanction has no coercive effect. "[T]he defendant is furnished no key, and he cannot shorten the term by promising not to repeat the offense." *Id*., at 442, 31 S.Ct., at 498.

The key distinguishing factor between civil and criminal contempt is whether the threatened sanction is avoidable by subsequent compliance with the Court's order:

> A contempt proceeding is civil if the purpose is remedial and intended to coerce the person into doing what he is supposed to do. If the purpose is to vindicate the authority of the court by punishing the wrongdoer, the proceeding is one for criminal contempt. Criminal contempt cannot be purged by future compliance with the order.

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, "Federal Criminal Procedure, Distinction Between Criminal Contempt And Civil Contempt", 3A Fed. Prac. & Proc. Crim.3d § 704. In other words, in the case of a civil contempt, "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus '"carries the keys of his prison in his own pocket."'" *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 114 S.Ct. 2552 (1994) (quoting *Gompers*, 221 U.S. at 442). By contrast, an unavoidable fine or term of incarceration, "is punitive and criminal if it is imposed retrospectively for a 'completed act of disobedience[].'" *Id*. (emphasis added).

There is a fundamental proposition that criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings, including the requirement that the offense be proved beyond a reasonable doubt. *Hicks*, 485 U.S. at 632, 108 S.Ct. at 1429 - 1430 (U.S.,1988); see, *e.g., Gompers,* 221 U.S. at 444, 31 S.Ct., at 499; *Michaelson v. United States ex rel. Chicago, St. P., M. & O.R. Co.,* 266 U.S. 42, 66, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924).

"It is of course, a familiar doctrine that proof of the elements of criminal contempt may be established by circumstantial evidence." *Walker v. City of Birmingham*, 388 U.S. 307, 313, 87 S.Ct. 1824, 1828 (1967); *see Bullock v. United States*, 6 Cir., 265 F.2d 683, cert. denied sub nom. *Kasper v. United States*, 360 U.S. 932, 79 S.Ct. 1452, 3 L.Ed.2d 1546.

A defendant charged with criminal contempt of court is not entitled to indictment. *U. S. v. Marthaler*, 571 F.2d 1104, (9th Cir. 1978). Thus, Defendant Stanley may be found guilty of contempt based on the hearing held before this Court. Furthermore, although notice of criminal contempt charge need not contain the word "criminal," there must be some indication that defendant is aware that criminal contempt is charged. *U.S. v. Rylander*, 714 F.2d 996, (9th Cir. 1983), certiorari denied 104 S.Ct. 2398, 467 U.S. 1209, 81 L.Ed.2d 355. Based on the statements made by Defendant Stanley to the Court, including the statement that he was only participating in the hearing on November 1, 2007 because he "did not commit any crime", Defendant Stanley was unquestionably aware that a finding of criminal contempt had been requested against him.

### III. CRIMINAL CONTEMPT IS APPROPRIATE AGAINST DEFENDANT STANLEY

The record is clear that Defendant Stanley acted in violation of the Preliminary Injunction. This Court has already made such a determination, albeit based on a "clear and convincing" standard of evidence. The facts, however, remain the same. "The same conduct may result in both civil and criminal contempt charges." *U.S. v. Laurins*, 857 F.2d 529, 534 (9th Cir.1988) (quoting *United States v. Rose*, 806 F.2d 931, 933 (9th Cir.1986) (per curiam)).

The very essence of an order adjudging a person guilty of contempt in a case such as this is that the person adjudged guilty thereof must have willfully committed some overt act in violation of the writ of injunction (or he must have aided and abetted in its commission). *Prince Development Corp. v. Beal*, 85 Ariz. 74, 76-77, 331 P.2d 1091,1092 (Ariz.1958); 17 C.J.S. Contempt § 2, P. 4. "Willfulness" is defined as "a

5

10297-14/LAR/LAR/620272_v1
Case 2:07-cv-00954-NVW    Document 98    Filed 11/09/2007    Page 5 of 8

volitional act done by one who knows or should reasonably be aware that his conduct is wrongful." *U.S. v. Armstrong*, 781 F.2d 700, 706 (9th Cir.1986) (quoting *United States v. Baker*, 641 F.2d 1311, 1317 (9th Cir.1981); *United States v. Greyhound Corporation*, 508 F.2d 529, 531-32 (7th Cir.1974)). It implies a "deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir.1983).

Defendant Stanley willfully violated the Preliminary Injunction. Exhibit "3" presented to the Court is an email to Attorney Maria Crimi Speth, in which Defendant Stanley stated "I offered to end this and I suggest you give it a fair effort because the -- what is being posted now cannot be removed." *See* Transcript of Show Cause Hearing dated November 1, 2007 ("Transcript – Day 1"), p. 63 at lines 2-4. Immediately following this email, dozens of postings appeared on various web boards and blogs across the Internet, all containing the *exact* same defamatory content about Jaburg & Wilk and Ed Magedson that Stanley had previously posted on the website www.jaburgwilksucks.com and others. This was not a coincidence; this was a willful act by Defendant Stanley in direct violation of the Preliminary Injunction.

In addition to publishing false and defamatory statements in violation of the Preliminary Injunction, Defendant Stanley also willfully violated the Preliminary Injunction by failing to remove the website www.jaburgwilksucks.com in its entirety, as well as by failing to promptly remove all other false and defamatory content and websites as directed by the Preliminary Injunction.

It is true that an inability to comply with the court's order would be a complete defense. *Ryland*, 714 F.2d at 1002; s*ee United States v. Joyce*, 498 F.2d 592, 596 (7th Cir.1974). A similar defense would be a good faith effort to comply with the Court's order, although delaying tactics or indifference to the order are not viable defenses. *Baker*, 641 F.2d 1317, *Richmond Black Police Officers Association v. Richmond*, 548 F.2d 123, 129 (4th Cir. 1977); *United States v. Greyhound Corp*., 508 F.2d 529, 532 (7th Cir. 1974). However, Defendant Stanley presented no evidence to the Court that he was

6

10297-14/LAR/LAR/620272_v1
Case 2:07-cv-00954-NVW   Document 98   Filed 11/09/2007   Page 6 of 8

unable to comply with the Court's order, or that he made any efforts to do so. Indeed, the evidence presented to the Court shows that Defendant Stanley deliberately chose <u>not</u> to comply with the Court's order. In the email presented to the Court as Exhibit "2", Defendant Stanley, in response to the Preliminary Injunction, stated:

> Maria, I have made myself clear on this issue. In my country, we truly have free speech. You have escalated things with making ripoff reports about me and I plan to return fire. You can deceive the Court with your bullshit all you want. It changes nothing for me.

Transcript – Day 1, p. 17 at lines 23-24. Defendant Stanley expressed his intention to contemn any order of this Court, and then willfully acted in the same manner he had previously described.

## IV. **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that this Court enter an Order finding that Defendant William Stanley acted in knowing, willful, and repeated violation of the Preliminary Injunction dated June 21, 2007. Plaintiffs further request that the Court enter an Order that an arrest warrant be issued for Defendant William Stanley's conviction for criminal contempt.

DATED this 9th day of November, 2007.

**JABURG & WILK, P.C.**

/Laura Rogal/
Kraig J. Marton
Maria Crimi Speth
Adam S. Kunz
Laura Rogal
Attorneys for Plaintiffs

**Certificate of Service**

I hereby certify that on November 9, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Teresa Kay Anderson
Snell & Wilmer LLP
One Arizona Center
400 E Van Buren
Phoenix, AZ 85004

Michael Kent Dana
Snell & Wilmer LLP
400 E Van Buren
Phoenix, AZ 85004-0001

With a COPY of the foregoing emailed on the 9th day of November, 2007, to:

William "Bill" Stanley
videowebsites@yahoo.com
jorybernhard@yahoo.com

With a COPY of the foregoing hand-delivered on the 9th day of November, 2007, to:

Honorable Neil V Wake
United States District Court
District of Arizona

/s/ Debra Gower

8

10297-14/LAR/LAR/620272_v1