Kraig J. Marton, #003816
kjm@jaburgwilk.com
Maria Crimi Speth, #012574
mcs@jaburgwilk.com
Adam S. Kunz, #018827
ask@jaburgwilk.com
Laura A. Rogal, #025159
lar@jaburgwilk.com
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM "BILL" STANLEY, an individual; WILLIAM "BILL" STANLEY d/b/a DEFAMATION ACTION.COM; WILLIAM "BILL" STANLEY d/b/a COMPLAINTREMOVER.COM; WILLIAM "BILL" STANLEY aka JIM RICKSON; WILLIAM "BILL" STANLEY aka MATT JOHNSON; ROBERT RUSSO, an individual; ROBERT RUSSO d/b/a COMPLAINTREMOVER.COM; ROBERT RUSSO d/b/a DEFENDMYNAME.COM; ROBERT RUSSO d/b/a QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C.; QED MEDIA GROUP, L.L.C. d/b/a DEFENDMYNAME.COM; QED MEDIA GROUP, L.L.C. d/b/a COMPLAINTREMOVER.COM; DEFAMATION ACTION LEAGUE, an unincorporated association; and INTERNET DEFAMATION LEAGUE, an unincorporated association;<br><br>Defendants. | Case No: 2:07-CV-00954-NVW<br><br>**APPLICATION FOR WRIT OF NE EXEAT** |

10297-14/LAR/LAR/619799_v1

Plaintiffs Xcentric Ventures, LLC and Ed Magedson ("Plaintiffs"), through counsel undersigned, hereby file the present Application for Writ of Ne Exeat against Defendant William Stanley. Given Defendant Stanley's unquestionable proclivity for evading the rules of this Court and the laws of the United States, and in light of the finding of contempt against Defendant Stanley by this Court, Plaintiffs are entitled to require Defendant Stanley to submit himself to the laws of the United States through issuance of the Writ.

A Writ Ne Exeat is a restraint upon the common right of movement from place to place within the United States and upon emigration. *D. Ginsberg & Sons v. Popkin*, 285 U.S. 204, 209, 52 S.Ct. 322, 324 (U.S., 1932). As defined by Black's Law Dictionary, a ne exeat clause is defined as a "writ which forbids the person to whom it is addressed to leave the country, the state, or the jurisdiction of the court." BLACK'S LAW DICTIONARY 1031 (6th ed.1990).

The authority of the Federal Courts to issue writs of ne exeat is primarily based on the inherent jurisdiction of Federal Courts as courts of equity. *Griswold v. Hazard*, 141 U.S. 260, 11 S. Ct. 972, 35 L. Ed. 678 (1891). The power of a District Court to issue a writ of ne exeat, though seldom exercised, is not questioned. 57 Am. Jur. 2d Ne Exeat § 16 (2007); *see U. S. v. Shaheen*, 445 F.2d 6 (7th Cir. 1971); *U.S. v. Robbins*, 235 F. Supp. 353 (E.D. Ark. 1964). The specific statute authorizing Federal Courts to issue the writ of ne exeat has been repealed; however, the subject matter is now covered by the statute authorizing Federal Courts to issue "all necessary writs." *Jackson v. Jackson*, 15 Md. App. 615, 292 A.2d 145 (1972) (citing 28 U.S.C.A. § 1651).

Fed. R. Civ. P. Rule 64 provides that at the commencement of, and during, an action brought in federal district court, all remedies providing for the seizure of a person or property in order to satisfy the judgment ultimately obtained are available and may be utilized in the manner provided by the laws of the state in which the district court is located, as such law exists at the time the remedy is sought. 8 Fed. Proc., L. Ed. § 21:1; *see also* Fed.R.Civ.P. Rule 64. Among other things, this Rule authorizes the use of a writ

2

1 ne exeat for the purpose of restraining a person from going beyond the limits of the
2 jurisdiction of the court until he has satisfied the plaintiff's claim, given bond for his
3 appearance, or satisfied the decree of the court.

4 The purpose of a writ of ne exeat is to secure to the plaintiff the presence of the
5 defendant within the limits of the court's jurisdiction until the satisfaction of the plaintiff's
6 equitable claim or until a bond, or equitable bail, is given for that purpose. 57 Am. Jur. 2d
7 Ne Exeat § 2 (2007). Ne exeat is not in itself a remedy. It is a means to effectuate a
8 remedy by keeping a party within the jurisdiction of the court. *Id*. It should serve merely
9 to aid the court in the effective exercise of its equitable jurisdiction. *Id*.

10 By Order of this Court, Defendant Stanley has been found in contempt for his
11 actions, and has been found, at a minimum, to be liable to Plaintiffs for the costs incurred
12 in preparing and bringing their request for contempt to the Court, as well as for those costs
13 incurred by Plaintiffs in attempting to enforce the Preliminary Injunction. Defendant
14 Stanley may be further liable to Plaintiffs for punitive amounts in connection with his
15 contempt finding, and, if Defendant Stanley chooses to continue his pattern of non-
16 compliance with this Court's orders, Defendant Stanley will be liable to Plaintiffs in the
17 continuing amount of $1,000.00 per day for failure to comply with this Court's
18 Preliminary Injunction.

19 As appears more fully from the affidavit of Edward Magedson, attached to this
20 Application, marked Exhibit "1" and incorporated by reference, Defendant Stanley
21 intends, and has declared an intention to Plaintiffs, to leave the State of Texas with the
22 express purpose of going beyond the jurisdiction of the courts of the United States, which
23 would permit Stanley to evade any obligation that Defendant Stanley has to Plaintiffs that
24 may be imposed by order of this court.

25 Defendant Stanley testified before this Court that his country of residence is
26 Austria, even though he is a citizen of the United States. Defendant Stanley further
27 testified that he would not participate further in any proceedings stemming from this
28 lawsuit.

3

10297-14/LAR/LAR/619799_v1

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

As appears more fully in the attached affidavit of Edward Magedson, Defendant Stanley's departure from the United States will seriously impair Plaintiffs' ability to recover on this action in that Defendant Stanley refuses to acknowledge the purview of this Court over his actions.

WHEREFORE Plaintiffs respectfully request that:

A. A Writ of Ne Exeat be entered against Defendant William Stanley, requiring him to surrender his passport to the United States Marshal for the Southern District of Texas, and that he shall be enjoined from leaving the United States of America until further order of this Court;

B. Defendant Stanley be compelled to give such security as the court may deem proper;

C. Defendant William Stanley be ordered to keep the Court apprised of his whereabouts on a weekly basis; and

D. Such other and further relief that this Court deems proper and just.

DATED this 9th day of November, 2007.

**JABURG & WILK, P.C.**

/s/ Laura Rogal
Kraig J. Marton
Maria Crimi Speth
Adam S. Kunz
Laura Rogal
Attorneys for Plaintiffs

**Certificate of Service**

I hereby certify that on November 9, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Teresa Kay Anderson
Snell & Wilmer LLP
One Arizona Center
400 E Van Buren
Phoenix, AZ 85004

Michael Kent Dana
Snell & Wilmer LLP
One Arizona Center
400 E Van Buren
Phoenix, AZ 85004-0001

With a COPY of the foregoing emailed on this 9th day of November, 2007, to:

William "Bill" Stanley
videowebsites@yahoo.com
jorybernhard@yahoo.com

With a COPY of the foregoing hand delivered on the 9th day of November, 2007, to:

Honorable Neil V Wake
United States District Court
District of Arizona

s/Debra Gower

5

10297-14/LAR/LAR/619799_v1