1  Kraig J. Marton (003816)
   Maria Crimi Speth (012574)
2  Laura A. Rogal (025159)
   **JABURG & WILK, P.C.**
3  3200 N. Central Avenue, Suite 2000
   Phoenix, Arizona 85012
4  kjm@jaburgwilk.com
   mcs@jaburgwilk.com
5  lar@jaburgwilk.com
   (602) 248-1000
6
   Attorneys for Plaintiffs
7

8

9
                    **UNITED STATES DISTRICT COURT**
10
                         **DISTRICT OF ARIZONA**
11

12  XCENTRIC VENTURES, LLC, an
    Arizona corporation, d/b/a              Case No. 2:07-CV-00954-GMS
13  "RIPOFFREPORT.COM"; ED
    MAGEDSON, an individual,                **MOTION TO DISQUALIFY KENTON
14                                           HUTCHERSON AND MAIZIN
                    Plaintiffs,              SBAITIA AS PRO HAC VICE
15                                           COUNSEL FOR DEFENDANTS
    v.                                       ROBERT RUSSO, QED MEDIA
16                                           GROUP, LLC, AND INTERNET
    WILLIAM "BILL" STANLEY, an               DEFAMATION LEAGUE, LLC**
17  individual; et al.,

18                  Defendants.

19
            Plaintiffs Xcentric Ventures, LLC and Edward Magedson (collectively,
20
    "Plaintiffs") move for Order disqualifying Kenton J. Hutcherson and Mazin A. Sbaiti, and
21
    the law firm Hutcherson Sbaiti LLP f/k/a The Hutcherson Law Firm (collectively,
22
    "Hutcherson Law"), from further participation as counsel for Defendants Robert Russo,
23
    QED Media Group, LLC, and Internet Defamation League, LLC (collectively, "the QED
24
    Defendants").  There exists a potential conflict of interest, which cannot be waived by the
25
    parties.  In addition, the inclusion of counsel at this late juncture is untimely and therefore
26
    inappropriate.  Finally, Hutcherson Law has engaged in unethical activities that should
27

28

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

1   prevent them from being granted *pro hac vice* status.  Each of these forms a basis for why

2   Hutcherson Law should have their *pro hac vice* status revoked by the Court.

3   **I.      PREFATORY STATEMENT**

4           On January 29, 2009, Hutcherson Law was admitted as counsel for the QED

5   Defendants by motion *Pro Hac Vice*.  The QED Defendants are residents of Maine.

6   Hutcherson Law is a firm located in Dallas, Texas.  This case was brought in the State of

7   Arizona.   Neither the QED Defendants nor Hutcherson Law have presented or ever

8   indicated there is any type of pre-existing relationship between them.  It is curious why, at

9   this late occasion, Hutcherson Law would wish to step in as co-counsel.  The only evident

10  relationship between Hutcherson Law and the QED Defendants is the pre-existing co-

11  counsel relationship between the QED Defendants' current counsel (Michael Dana) and

12  Hutcherson Law in a separate lawsuit.    That relationship and the separate lawsuit is a

13  critical reason for the requested disqualification.

14  **II.     PROCEDURE REQUIRED FOR DISQUALIFICATION**

15          This Court's authority to disqualify an attorney arises from the Court's inherent

16  power to preserve the integrity of the adversarial process.  *Chambers v. NASCO, Inc*., 501

17  U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Erickson v. Newmar Corp*., 87 F.3d

18  298, 300 (9th Cir.1996). Thus, the Court must balance "the defendant's interest in

19  retaining counsel of his choice against the public's interest in the prompt, fair and ethical

20  administration of justice."  *United States v. Panzardi Alvarez*, 816 F.2d 813, 817 (1st

21  Cir.1987).

22          Ninth Circuit law does not permit a summary disqualification of counsel; for the

23  court to sanction an attorney, procedural due process requires notice and an opportunity to

24  be heard.  See *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc*., 210 F.3d 1112, 1118

25  (9th Cir.2000) ("[A]n attorney subject to discipline is entitled to procedural due process,

26  including notice and an opportunity to be heard.") (quoting *Weissman v. Quail Lodge Inc*.,

27  179 F.3d 1194, 1198 (9th Cir.1999)); see also *Martens v. Thomann*, 273 F.3d 159, 175 (2d

28  Cir.2001) ("We have held that due process requires that courts provide notice and an

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

2

1   opportunity to be heard before imposing any kind of sanctions.") (internal quotation

2   marks omitted).  The disqualification of Hutcherson Law and revocation of their *pro hac*

3   *vice* status is technically considered to be a sanction. See also *Martens*, 273 F.3d at 175

4   ("[R]evocation of pro hac vice status is a form of sanction that cannot be imposed without

5   notice and an opportunity to be heard.").

6         That Hutcherson Law is admitted *pro hac vice* is of no relevance to the standards

7   to which the attorneys must be held.  *Cole v. U.S. Dist. Court For Dist. of Idaho*, 366 F.3d

8   813, 821 -822 (9th Cir.2004); see, e.g., *United States v. Collins*, 920 F.2d 619, 626 (10th

9   Cir.1990) ("Attorneys admitted *pro hac vice* are held to the same professional

10   responsibilities and ethical standards as regular counsel. Once admitted, *pro hac vice*

11   counsel cannot be disqualified under standards and procedures any different or more

12   stringent than those imposed upon regular members of the district court bar."); *Martens*,

13   273 F.3d at 175-76 (citing *Collins* to hold that *pro hac vice* counsel are entitled to notice

14   and an opportunity to be heard before the sanction of disqualification is imposed);

15   *Kirkland v. Nat'l Mortgage Network*, 884 F.2d 1367, 1371 (11th Cir.1989); *Koller v.*

16   *Richardson-Merrell, Inc.*, 737 F.2d 1038, 1054(D.C.Cir.1984), *vacated on other grounds*,

17   472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985).  The Ninth Circuit has adopted this

18   rule.  *Cole*, 366 F.3d at 822; see *United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir.1996)

19   ("Pro hac vice counsel, '[o]nce admitted, ... cannot be disqualified under standards and

20   procedures any ... more stringent than those imposed upon [members of the local bar].' ")

21   (quoting *Collins*, 920 F.2d at 626) (alteration by brackets in original).

22         By letter dated February 4, 2009, counsel for Plaintiffs placed all current counsel

23   for the QED Defendants, including Hutcherson Law, on notice of their intent to file the

24   present Motion.  *See* Letter from Maria Speth dated February 4, 2009, attached hereto as

25   **Exhibit "A"**.  In filing this Motion, Plaintiffs are affording the QED Defendants, and their

26   counsel, the requisite opportunity to be heard.

27   //

28   //

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

3

10297-14/JMH/LAR/701470_v2

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

### III.    LEGAL BASIS FOR DISQUALIFICATION OF COUNSEL

In *Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322 (9th Cir.1976), *cert. denied sub nom. Shell Oil Co. v. Gas-A-Tron of Ariz.*, 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976), the Ninth Circuit stated:

> Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised. It is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession. This means that a court may disqualify an attorney for not only acting improperly but also for failing to avoid the appearance of impropriety.

*Gas-A-Tron*, 534 F.2d 1322, 1324-25 (quoting *Richardson v. Hamilton Int'l Corp.*, 469 F.2d 1382,1385-86 (3rd Cir.1972), *cert. denied*, 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973) (quoted in *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir.1996).

With no Arizona rules directly on point, the Court may look to the Model Code. Canon 9 of the Model Code holds that a "lawyer should avoid even the appearance of professional impropriety." The Ninth Circuit has considered and decided that Canon 9 alone is a sufficient ground for disqualification.

> The first issue the court must decide is whether Canon 9 alone can be the basis for a disqualification motion. Strong policy reasons support an affirmative answer. The court is instructed to safeguard the integrity of the judicial process in the eyes of the public....

*In re Coordinated Proc. Petroleum Products Antitrust Lit.*, 658 F.2d 1355, 1360 (9th Cir.1981), *cert. denied*, 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 850 (1982).  Even in a district where the local rules no longer cite to the Model Code, the Ninth Circuit recently ruled:

> Although the ABA Code has been replaced by the ABA Rules of Professional Conduct, which expressly eliminates the 'appearance of impropriety' standard . . . the Code and case law illustrates that federal courts have the inherent power to apply it.

*In re AFI Holding, Inc.*, 355 B.R. 139, 153 n. 15 (B.A.P. 9th Cir.2006) (internal citations omitted). Therefore, this Court may use Canon 9 of the Model Code as a basis for qualification in this case.

10297-14/JMH/LAR/701470_v2

IV.   **CONFLICTS OF INTEREST BAR HUTCHERSON LAW FROM ACTING AS COUNSEL IN THIS LITIGATION**

The Counterclaim filed by the QED Defendants in this case claims defamation, false light, and tortious interference with contract and business expectancies against Xcentric Ventures. In addition, Xcentric is a defendant  in *Certain Approval Programs, et al. v. Xcentric Ventures, LLC,* et al., CV 08-1608-PHX-NVW (the "Sternberg Case"). Counsel for the plaintiffs in the Sternberg Case is Hutcherson Law, with Michael Dana of Holden Willits Murphy PLC ("Holden Willits") as local counsel.  In the Sternberg Case, Xcentric is being sued under the same legal theories as were asserted in the counterclaim in this case.   However, the case at bar additionally includes a whole host of claims filed by Xcentric against the QED Defendants and William Stanley.

It is the duty of this Court, to "guard against the inadvertent use of confidential information." *Ceramco, Inc. v. Lee Pharmaceuticals*, 510 F.2d 268, 271 (2d Cir.1975). There is an Agreed Protective Order in place that governs the disclosure of the vast majority of documents and testimony in this case.  (Dkt. # 190).  In the present case, Plaintiff has disclosed a great deal of highly confidential documents that were produced because they are relevant to the claims in the Complaint.   Those highly confidential documents are relevant to the claims in this case but in some cases are not relevant to the claims brought against Xcentric in the Sternberg case and in other cases would not have been produced in that case.  If Hutcherson Law were allowed to participate as counsel for the QED Defendants in the present case, they would unavoidably gain knowledge of otherwise non-disclosed information during such representation.

Upon information and belief, Hutcherson Sbaiti LLP only employs two attorneys. Thus, it would clearly be impossible to build a wall in this case that could keep Hutcherson Law from learning information from this litigation and avoid applying it in the Sternberg Case.

"The courts have not only the supervisory power but also the duty and responsibility to disqualify counsel for unethical conduct prejudicial to his adversaries."

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

5

10297-14/JMH/LAR/701470_v2

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

1  *Chronometrics, Inc. v. Sysgen, Inc.*, 110 Cal.App.3d 597, 604, 168 Cal.Rptr. 196 (1980)

2  (discussing and quoting *Ceramco*, 510 F.2d at 270-71).   Under similar circumstances,

3  courts have explained that "[w]here it can be reasonably said that in the course of the

4  former representation the attorney might have acquired information related to the subject

5  matter of his subsequent representation, it is the court's duty to order the attorney

6  disqualified. The breach of confidence would not have to be proved; it is presumed in

7  order to preserve the spirit of Code [of Professional Conduct, Canon 9]." *Hull v. Celanese

8  Corp.*, 513 F.2d 568, 572 (2d Cir.1975) (internal citations omitted).   Further, "[c]ase law

9  interpreting what is 'confidential information' initially asks whether the former

10  representation is substantially related to the current representation. Where the substantial

11  relationship exists, especially where the relationship is such that confidential information

12  normally would have been imparted to the attorney, a 'rule of necessity' causes a

13  presumption of conflict." *Elliott v. McFarland Unified School Dist.*, 165 Cal.App.3d 562,

14  568-69, 211 Cal.Rptr. 802 (Cal.App. 5 Dist.,1985).   As the court noted in *Chronometrics*,

15  110 Cal.App.3d 597, 607, 168 Cal.Rptr. 196, "[S]uch information as [the attorney] may

16  have learned ... cannot be unlearned ... As counsel, [the attorney] would have the

17  improperly obtained facts instantly available in his mind in questioning witnesses, making

18  and responding to objections and addressing the court and jury."   In the interest of

19  fairness, Hutcherson Law should be disqualified as counsel for the QED Defendants and

20  excluded from any further proceedings wherein Hutcherson Law could access confidential

21  information subject to the Agreed Protective Order.

22  **V.     THE INCLUSION OF PRO HAC VICE COUNSEL IS UNTIMELY**

23       This case is in its final stages.   The discovery deadline passed nearly one month

24  ago, disallowing any further discovery or pleadings related to discovery issues.   The

25  dispositive motion deadline has also passed.   All participating parties have submitted their

26  Rule 26(A)(3) Disclosure Statements.   The only substantive pleading pending is Plaintiffs'

27  Motion for Summary Judgment.   If Plaintiffs' Motion for Summary Judgment is denied in

28  whole or in part, the only substantive aspect remaining in this litigation is the trial itself.

6

10297-14/JMH/LAR/701470_v2

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

1    To date, Hutcherson Law has not been involved in the QED Defendants'

2 representation.  The QED Defendants cannot reasonably assert that the disqualification of

3 Hutcherson Law as their trial counsel will impose an undue hardship on the QED

4 Defendants.  Indeed, the QED Defendants have other counsel available, specifically

5 Holden Willits, which has been involved in this lawsuit from its inception nearly two

6 years ago.  In all aspects of this case to date, including discovery and disclosure, as well as

7 the nearly two hundred and eighty filed documents, Holden Willits has been the sole

8 counsel involved in the representation of the QED Defendants.  Even if there were any

9 hardship at all, it cannot be seen as "substantial" as required by E.R. 3.7, particularly

10 when the purported hardship is weighed against the reasons for disqualification.  The

11 lateness in the admission of Hutcherson Law as counsel for the QED Defendants, after all

12 work in the case has essentially been done, demonstrates that Hutcherson Law is not

13 essential to the presentation of the QED Defendants case.  The QED Defendants will not

14 be prejudiced if Hutcherson Law is disqualified as their counsel.

15 **VI.    HUTCHERSON LAW IS IN VIOLATION OF ARIZONA ETHICAL RULES**

16    Arizona Ethical Rule 3.6(a) states:

17    A lawyer who is participating or has participated in the investigation or
litigation of a matter shall not make an extrajudicial statement that the

18    lawyer knows or reasonably should know will be disseminated by means
of public communication and will have a substantial likelihood of

19    materially prejudicing an adjudicative proceeding in the matter.

20 E.R. 3.6.  In a news article published on January 30, 2009, Mr. Hutcherson and Mr. Sbaiti

21 were quoted speaking about the Rip-Off Report website and the Sternberg lawsuit.  *See*

22 article from WFAA.com, attached hereto as **Exhibit "B"**; also available at

23 http://www.wfaa.com/sharedcontent/dws/wfaa/latestnews/stories/wfaa090129_mo_ripoffr

24 eport.1822a12e.html#.    Mr. Hutcherson and Mr. Sbaiti were extensively quoted in the

25 story in a manner that they should have known would create a substantial likelihood of

26 prejudicing the fact finders in this matter, which is currently the subject of a dispositive

27 motion and is getting close to trial.  Those quotes included their statements to the reporter

28 that that they are involved in a lawsuit that challenges the shield the Ripoff Report

10297-14/JMH/LAR/701470_v2

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

1   receives under the CDA and their contention that due to the Ripoff Report's structure, it is

2   more than a neutral purveyor of information, which the Communications Decency Act

3   was meant to protect.   Mr. Hutcherson and Mr. Sbaiti provided detailed information to

4   the reporter intending for it to be published, including their contention that the site

5   permanently links its title "Ripoff Report" with the name of the company being

6   complained about and that consumers are prompted to frame their comments about

7   companies in an inflammatory way, using "big bombastic language to make (the

8   complaint) more interesting so that people will read it."   Mr. Sbaiti and Mr. Hutcherson

9   also told the reporter that they "take issue with the Ripoff Report's 'Corporate Advocacy

10  Program,' which claims to help companies whose images are tarnished on the Report to

11  rehabilitate themselves on the site," and that "there have been arguments made in court

12  that the Corporate Advocacy Program amounts to extortion."

13          These statements made to a television news reporter were made in violation of E.R.

14  3.6 because Mr. Sbaiti and Mr. Hutcherson should have known that they can cause

15  prejudice in this case.   The statements were made while Mr. Hutcherson and Mr. Sbaiti

16  were admitted *pro hac vice* in both this case and the Sternberg Case, meaning they are

17  subject to and required to adhere to the Arizona Ethical Rules.   Ignorance of these rules is

18  no defense; when an attorney is admitted *pro hac vice*, he must apprise himself of the

19  local rules, including those rules pertaining to ethics.   Allowing Hutcherson Law to

20  continue to appear in this action, when they have acted in clear violation of the Ethical

21  Rules to the direct detriment of Plaintiffs, is inappropriate.

22  **VII.   CONCLUSION**

23          It is undisputed that the QED Defendants' right to counsel of their choice is

24  important.   However, in similar situations, that right has yielded to considerations of

25  ethics and the integrity of the judicial process.  See *Hull v. Celanese Corp.*, 513 F.2d 568

26  (2d Cir.1975).   The "potential for unfair discovery of information through private

27  consultation rather than through normal discovery procedures threatens the integrity of the

28  trial process."   *Williams*, 588 F.Supp. 1037, 1045 (citing *NKC Org. Ltd. v. Bregman*, 542

10297-14/JMH/LAR/701470_v2

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

1   F.2d 128, 132 (2d Cir.1976) (holding that Appellant's interest must yield in the balance

2   and doubts be resolved in favor of disqualification for the adequate protection of these

3   other interests under Canon 9 of the Model Code).  The Court generally will defer to a

4   party's choice of counsel.  "In this case, however, the policy concerns raised by

5   participation of [the law firm] outweigh[s] this right; namely, the appearance of

6   impropriety and the threat to the integrity of the trial process, because of the confidential

7   and privileged information involved, and the risk of unfair advantage. The arrangement

8   impugns the integrity of these judicial proceedings, the integrity of this Court, and the

9   administration of justice." *Cargill Inc. v. Budine*, 2007 WL 1813762, 14 (E.D.Cal.,2007).

10          The requested Order is necessary and appropriate.  The continued participation in

11   this case by Hutcherson law will unavoidably, unfairly and irreparably harm Plaintiff in

12   the Sternberg Case due to the acquisition by Hutcherson Law of information in this case

13   subject to the protective order.  Furthermore, Defendants will not be prejudiced if the

14   present Motion is granted, as it has other counsel of record, Holden Willits, who has

15   handled every aspect of Defendants representation to date.   Under the circumstances

16   presented, disqualification is the only answer.

17          For these reasons, Plaintiff respectfully requests this Court to issue its Order

18   disqualifying Hutcherson Law as counsel for Defendant.

19          DATED this 5th day of February, 2009.

20                                           **JABURG & WILK, P.C.**

21

22                                           s/Maria Crimi Speth
                                             Kraig J. Marton
23                                           Maria Crimi Speth
                                             Laura A. Rogal
24                                           Attorneys for Plaintiffs

25

26

27

28

9

1

**Certificate of Service**

2

3

I hereby certify that on February 5, 2009   I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4

5
6
7
8
9

Michael Kent Dana
Holden Willits Murphy
Two North Central Avenue, Suite 1700
Phoenix, Arizona  85004
Email:  mdana@holdenwillits.com
*Attorneys for Defendants Robert Russo,*
*QED Media Group, LLC and Internet*
*Defamation League*

10
11
12
13
14
15
16

Kenton J Hutcherson
Mazin A. Sbaiti
(Admitted *Pro Hac Vice*)
Hutcherson Sbaiti LLP
f/k/a The Hutcherson Law Firm
3102 Oak Lawn Avenue, Suite 700
Dallas , Texas 75219
Email: kjh@hutchersonlaw.com
       mas@hutchersonlaw.com

17

I have also caused to be delivered a courtesy copy of the foregoing to:

18
19
20
21

Honorable G. Murray Snow
United States District Court
District of Arizona
Sandra Day O'Connor Courthouse
401 West Washington Street
Phoenix, Arizona 85003

22

23

s/Debra Gower

24
25
26
27
28

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

10

10297-14/JMH/LAR/701470_v2