**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona corporation, d/b/a "RIPOFFREPORT.COM"; ED MAGEDSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM "BILL" STANLEY, an individual; et al.,<br><br>Defendants. | No. CV-07-0954-PHX-GMS<br><br>**ORDER** |

The Court is in receipt of Plaintiffs' Motion to Compel (Dkt. # 254) filed on January 9, 2009, the Summary of Discovery Issues (Dkt. # 259) filed by Defendants/Crossclaimants Robert Russo, QED Media Group, L.L.C., and Internet Defamation league L.L.C. (hereafter Defendants) filed on January 14, 2009, and Plaintiffs' Motion to Strike that Summary as well as Defendants Rule 26(A)(3) Disclosure (Dkt. #276). The Court is also in receipt of the Defendants' Motion to File Their Response to Plaintiffs' Motion to Compel Under Seal (Dkt. # 270) . This order resolves those motions.

**Background**

On December 30, 2008, the parties filed a Stipulation To Extend Deadline For Resolution of Discovery Disputes and Submission of Disclosures Pursuant to Fed. R. Civ. P. Rule 26(A)(3). In the February 15, 2008, Case Management Order (Dkt. # 175), the Court

specifically ordered that "Absent extraordinary circumstances, the court will not entertain fact discovery disputes after the deadline for completion of fact discovery . . . . Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines." Case Management Order at ¶ 6.b. Because the parties in their stipulated motion did not offer any extraordinary circumstances that would justify an extension of discovery deadlines to accommodate their delay in resolving their potential discovery disputes , the Court declined to extend the deadlines (Dkt. # 246).

On January 9, the discovery deadline, Plaintiffs subsequently filed their Motion to Compel Discovery (Dkt. # 254), Witness List (Dkt. # 256), and Exhibit List (Dkt. # 255). Defendants filed their Second Supplemental Disclosure Statement (Dkt. # 252) on that same date, but did not file their final Pretrial Disclosure Statement (Dkt. # 257) until four days later--after the ensuing weekend. The following day the same Defendants filed a "Summary Of Discovery Issues In Dispute" (Dkt. No. 259), which in essence amounts to their own Motion to Compel.

Two weeks later Plaintiffs filed a Motion to Strike both the Defendants' Disclosure Statement and its "Summary of Discovery Issues In Dispute." (Dkt. # 276). Plaintiffs' made the motion based upon the late filing of the two documents, and upon the failure of the "Summary of Discovery Issues" to comply with ¶ 6.a of the Case Management Order. Plaintiffs are correct that the filings were both filed a few days past the deadline, and that Defendants' Summary of Discovery Issues is an attempt to bring a motion to compel after the discovery deadline. Plaintiffs are also correct that Defendants' "Summary of Discovery Issues" is not in compliance with ¶ 6.a of the Case Management Order.

The Court is disinclined to grant Plaintiffs' Motion To Strike as it pertains to the Defendants Rule 26 (A)(3) Disclosures (Dkt. # 276). Although the disclosure was filed several days late, trial has not yet been set. Further, Defendants avow, and Plaintiffs do not contest, that the disclosure did not contain information not previously disclosed to Plaintiffs. Therefore, there is no prejudice to either party in allowing the disclosure to stand. This

1 determination, however, does not preclude other challenges to the adequacy of the disclosure
2 should Defendants attempt to rely thereon.

3 The Court would be more inclined to grant Plaintiffs' Motion to Strike as it pertains
4 to the Summary of Discovery Issues (Dkt. # 259) were it not for the fact that, as Defendants
5 quite correctly note in their response, Plaintiffs' Motion to Compel also failed to comply with
6 ¶ 6.a of the Case Management Order. That Order specifies "parties shall not file written
7 discovery motions without leave of court." Plaintiffs had no such leave. The Case
8 Management Order further specifies that:

> If any . . . discovery dispute arises, the parties shall submit (1) a brief written summary of the dispute, not to exceed one page, with explanation of the position taken by each party and (2) a written certification that the counsel or the parties have attempted to resolve the matter through <u>personal</u> consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. . . . Counsel for the parties may then telephone the court to obtain a time for a telephone conference, and the court may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. Any briefing ordered by the court shall also comply with LRCiv 7.2(j).

16 Plaintiffs not only failed to obtain leave of Court before filing their motion, they also failed
17 to follow the procedures set forth in the Case Management Order for seeking to compel
18 discovery.

19 Neither of the parties then are in compliance with the Court's orders. The Court
20 suspects that, as Plaintiffs have indicated, they went to no small effort to timely file their
21 Motion to Compel together with their Witness and Exhibit Lists in a timely fashion. The
22 Court appreciates as much. Nevertheless, at least as to the Motion to Compel, Plaintiffs did
23 not do so in compliance with the Court's order. Neither Plaintiffs in their Motion to Compel,
24 nor Defendants in their Summary of Discovery Issues indicate what "extraordinary
25 circumstances" would justify the Court's extension of the discovery deadline to consider
26 their discovery motions that have not been timely or correctly brought. If the Court decides
27 to extend a small measure of understanding to Plaintiffs, so as not to completely preclude
28

- 3 -

1  consideration of their Motion to Compel, it cannot very well deny the same small measure
2  of understanding to Defendants.

3  Therefore, while the Court also denies Plaintiff's Motion to Strike with respect to
4  Defendants' "Summary of Discovery Issues," it will not take independent action with respect
5  to either Plaintiffs' Motion to Compel, or Defendants' "Summary of Discovery Issues."
6  Rather, with respect only to the matters raised in the Motion to Compel and the Summary of
7  Discovery Issues,  the Court will allow and directs the parties, prior to March 6, 2009 to
8  follow the procedures set forth in ¶ 6 of the Case Management Order.  The Parties should
9  seek to resolve the matters on their own.  If they successfully do so then the Court authorizes
10 an exchange of documents and other discovery to accommodate the Parties' resolution of
11 their current disagreements.  If the parties cannot resolve and document between themselves
12 the basis of such resolution prior to March 6, they are then authorized to telephone the Court
13 and obtain a time for a telephonic conference at which the disputes will be resolved.  The
14 parties need file no additional documents with the Court beyond those already filed to assist
15 in resolving such disputes.

16 Defendants Motion to File Their Response To The Motion To Compel Under Seal
17 (Dkt. # 270) is granted.  However, the motion apparently fails to take into account Ninth
18 Circuit law restricting the circumstances under which documents in the Court's file may be
19 sealed.

20 Two standards are relevant.  "First, a 'compelling reasons' standard applies to [the
21 sealing of] most judicial records."  *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 (9th
22 Cir. 2007) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.
23 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)).
24 "This standard derives from the common law right 'to inspect and copy public records and
25 documents, including judicial records and documents.'  To limit this common law right of
26 access, a party seeking to seal judicial records must show that 'compelling reasons supported
27 by specific factual findings outweigh the general history of access and the public policies
28

1  favoring disclosure.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178) (alteration and internal
2  citations omitted).

3        The second standard applies to discovery materials. "'Private materials unearthed
4  during discovery' are not part of the judicial record." *Id.* (quoting *Kamakana*, 447 F.3d at
5  1180) (alteration omitted). The "good cause" standard set forth in Rule 26(c) of the Federal
6  Rules of Civil Procedure applies to orders rendering this category of documents confidential.
7  *See id.*; *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)
8  ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order
9  to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this
10 presumption where 'good cause' is shown.") (citations omitted).

11       The good cause standard also applies to the sealed filing of documents attached to
12 non-dispositive motions because those documents are often "'unrelated, or only tangentially
13 related, to the underlying cause of action.'" *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213
14 (9th Cir. 2002); *see Pintos*, 504 F.3d at 802. Documents attached to dispositive motions such
15 as motions for summary judgment, however, are governed by the compelling reasons
16 standard. *See San Jose Mercury News*, 187 F.3d at 1102; *Foltz*, 331 F.3d at 1136. The
17 parties are advised that the Court will insist on adherence to these standards in the future.
18 Accordingly,

19       **IT IS HEREBY ORDERED** taking no action on Plaintiffs' Motion to Compel (Dkt.
20 # 254) and Defendants' Summary of Discovery Issues (Dkt. # 259).

21       **IT IS FURTHER ORDERED** denying Plaintiffs' Motion to Strike (Dkt. # 276).

22       **IT IS FURTHER ORDERED** granting Defendants' Motion To File Under Seal
23 (Dkt. # 270).

24 / / /
25 / / /
26 / / /
27 / / /
28

- 5 -

1   **IT IS FURTHER ORDERED** directing the Clerk of the Court to file under seal the
2   Lodged Proposed Opposition Brief (Dkt. # 271).
3   DATED this 19th day of February, 2009.

                                  _____
                                           G. Murray Snow
                                       United States District Judge